SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
---------------------------------------------------------------X

VERA GORFINKEL

                Plaintiff                    Index# 34172/2011

             - Against -

                                                     Verified Complaint

RALF VAYNTRUB, INVAR CONSULTING LTD.
GENOMETRICA LTD and
GENOMETRICA RESEARCH, INC.,

                Defendants
---------------------------------------------------------------X

        Plaintiff Vera Gorfinkel appearing by her counsel Arthur Morrison, William V. Rapp, and Robert L. Greenberg, Esqs. allege as follows:

### PARTIES

1.     Plaintiff Vera Gorfinkel ("Vera") is a natural person a resident of the County of Suffolk, Town of East Setauket, State of New York further is, and at all relevant times was an Associate Professor, Department of Electrical & Computer Engineering, State University of New York, Stony Brook, County of Suffolk, State of New York.

2.     Defendant Ralf Vayntrub ("Ralf") is a natural person residing at Pokrovssky Blvd. 4/17 Building 6, apt.82, City of Moscow, Russia 101000 Founder and President of the defendant Invar Consulting Ltd and Genometrica Ltd and upon information and belief the President of Genometrica Research, Inc.

3.     Invar Consulting Ltd upon information and belief is a corporation formed by Defendant Ralf Vayntrub in 2005 in Vaduz, Lichtenstein, which thereafter transacted business under the name and style as Invar Pharmaceuticals.

1

4. Genometrica Ltd. upon information and belief is a foreign corporation founded in 2008, in Vaduz, Lichtenstein, now located at via Cantu 8 CP 5991 Lugano CH 6901, Switzerland for development and commercialization of technology platforms capable of performing all major tests of molecular biology however, upon information and belief, regarding any patent owned by Stony Brook Foundation Inc. regarding which any of the defendants alleges it holds a license, no commercialization of a product in commerce has occurred at any time to date.

5. Defendant Genometrica Research, Inc. is a domestic corporation duly organized and existing under the laws of the State of New York.

## INTRODUCTION

6. This is an action for intentional interference with contractual relations; intentional interference with advantageous business relations; and violations of New York law prohibiting unfair and deceptive trade acts and practices stemming from defendants' anticompetitive conduct and its bad faith, knowing and intentional interference with plaintiff's employment and contractual and business relations with State University of New York at Stony Brook as a University Associate Professor in its Department of Electrical & Computer Engineering, State University of New York, Stony Brook, County of Suffolk, State of New York.

7. On or about June 2011, Defendants terminated a business relationship with Plaintiff's Husband, Boris Gorbovitski ("Gorbovitski").

8. Upon Gorbovitski's termination and also on or about June 2011, Defendant Ralf approached Plaintiff and did make threats to Plaintiff including (*see, infra*, paragraph 59) but not limited to: initiate a lawsuit against Gorbovitski for breach of fiduciary duties, initiating criminal proceedings against Gorbovitski for larceny, initiating suit against Plaintiff for patent infringement, unfair competition, *etc.*, ruining Plaintiff's reputation with SUNY, and ruining

2

Plaintiff's professional career.

9. Defendant offered, as a *quid pro quo*, (*see*, *infra*, paragraph 59) that he would not take the above actions if and only if Plaintiff would take funding from the National Institutes of Health ("NIH") issued to RF SUNY and apply it to the research and development of his products, instead of to the projects for which the funding was issued. Such actions are in violation of federal law, and would also violate Plaintiff's contract with SUNY Stony Brook and RF SUNY (collectively "SUNY"). Such actions are also in violation of New York State Penal Law.

10. Plaintiff refused Defendant's illegal and unethical *quid pro quo*.

11. On or about June 2011 Defendants approached SUNY and filed complaints about Plaintiff, accusing her, *inter alia*, of patent infringement.

12. From June 2011 to on or about December 2011, SUNY shut down Plaintiff's laboratory, depriving her of summer income and halting her research.

13. On or about December 2011, SUNY cleared Plaintiff of all of Defendants' charges. SUNY concluded that, in the absence of any product, Plaintiff cannot infringe on a patent nor be in competition as understood under US or NY law. Defendants' claims against Plaintiff were and are without merit.

14. From June 2011 to on or about December 2011, Defendants and their agents went to Plaintiff's laboratory, employees of the laboratory, and Plaintiff's colleagues, and spread rumors and innuendo about Plaintiff, including but not limited to: that Plaintiff was to be terminated from SUNY for her actions, that the Defendants were to file suit against Plaintiff, that the Plaintiff was engaged in illegal activities, and that there were better opportunities for work with Defendants.

15. Defendants' actions were calculated to interfere with Plaintiff's business relationships and defame her character.

16. As a direct result of defendants' actions, Plaintiff has suffered actual damages that exceed Three Million Dollars. Further, in order to prevent serious and irreparable harm to plaintiff, who is an employee of New York, defendants must be enjoined from persisting in these wrongful acts to terminate plaintiff's employment from SUNY Stony Brook at the pay rate of $125,053 per annum Academic Year (9 months) and $41,000 from the Research Foundation of SUNY for 3 summer months.

17. Further as a direct result of defendants' actions, Plaintiff's laboratory was shut down for an extended period, causing her to lose the $41,000 from the RF for the summer months.

18. Further as a direct result of defendants' actions, Plaintiff has been denied the opportunity for a promotion to a full professorship with SUNY Stony Brook at the pay rate of $210,000, a 25% increase in pay per annum.

19. Further as a direct result of defendants' actions, Plaintiff has been denied the opportunity to create, research, develop, and/or reduce to practice, any new intellectual property ("IP"). The denial of opportunities denies Plaintiff the commercialization of IP, which provides a source of significant income to the Plaintiff and to SUNY, in excess of two million dollars over five or more years. As an inventor of new IP, Plaintiff is entitled to forty (40%) per cent of the royalties received by SUNY on any IP.

20. Further as a direct result of defendants' actions, Plaintiff's research suffered, perhaps irreparably, and no IP was developed based on that research.

## THE NATURE OF THIS ACTION

21. Defendant Ralf Vayntrub, asserting to be one of the richest men in Russia claimed to plaintiff to be worth over one-hundred (100) million of dollars, believes himself to be so wealthy and powerful that he can threaten to file false charges against the plaintiff with her employer unless she continued to undertake research projects on his behalf and on behalf of the other named defendants herein, and when plaintiff refused Ralf Vayntrub's blackmail and extortion threats, he unilaterally decided to formally assert false charges against her with her employer, Stony Brook University in order to serve his own ego and self-interest, and force compliance of his wishes by the plaintiff.

22. Defendant Ralf Vayntrub assertions of patent infringement made to the Stony Brook Foundation, Inc. which generates substantial income for the University after years of dedicated service to the University, was humiliating, harassing, and disparaging to her career.

23. Defendant Ralf Vayntrub—when notified plaintiff would not accede to his extortion and blackmail demands—used his economic resources to retain expensive attorneys in the commercial and intellectual property field to create and pursue a false claim of patent infringement against her with the Research Foundation of SUNY, which conduct wrongly named plaintiff.

24. This action by Ralf Vayntrub described above charging plaintiff with patent infringement ("Claim" and/or "False Claim of Patent Infringement") and seeking a determination against her on that claim by Research Foundation of SUNY was a wrongful interference with plaintiff's right to continue to serve as an Associate Professor at Stony Brook University and receive compensation to which she is contractually entitled.

25. The conduct of Ralf Vayntrub described above was intentional and done with malicious intent, as defendant Ralf Vayntrub was the principal and controlling officer and

5

director of defendants Invar Consulting Ltd. and Genometrica which held licenses to certain patents owned by the Research Foundation of SUNY ("RF"), which he believed provided him with financial leverage over both Stony Brook University and RF.

26. In fact that plaintiff was in compliance with her contract with Sony Brook University, and defendants knew no grounds existed for alleging a patent infringement. Nonetheless defendants went ahead with the false claim against her, making real Ralf Vayntrub's threat to invent a false claim with Research Foundation of SUNY would jeopardize plaintiffs $166,000 annual employment contract therefore defendants collective actions under the circumstances stated herein constituted intentional interference with contractual relations and unlawful retaliation in violation of New York law.

27. To justify Ralf Vayntrub's extortion conduct, the remaining defendants conspired to conjure up a pretext of patent infringement and as part of those proceedings made a written request written consent in November, 2011 to add RF as a party plaintiff to a patent infringement lawsuit against plaintiff, which the RF declined to do.

28. No finding of patent infringement occurred yet plaintiff was subject at her employment with a harassment and disparagement campaign from other faculty members.

29. Plaintiff is informed and believes that Ralf Vayntrub commenced this false contractual and/or disciplinary action against her in order to have Research Foundation of SUNY ("RF") interfere with and provide grounds to the University to terminate Plaintiffs' rights under her annual employment agreement with Stony Brook University, Inc. because of the lucrative business relationship existing between Ralf Vayntrub and the defendants and RF.

6

30. The possible loss of employment by plaintiff with the university unless she accepted the threats of extortion by the defendants, led by Ralf Vayntrub tortiously interfered with Plaintiffs' rights.

31. Plaintiff is entitled to recover significant compensatory and punitive damages, as well as costs and attorney's fees incurred in enforcing their rights as recoverable under the contract and other amounts as a result of this conduct.

## FIRST CAUSE OF ACTION

### (Intentional Interference with Contractual Relations against Defendants)

32. Plaintiffs incorporate herein by reference each and every allegation contained in Paragraphs "1" through "31", inclusive, of this Complaint as if fully set forth herein.

33. At all relevant times, all defendants knew of the existence of the employment agreement between Plaintiff and Stony Brook University Inc., as described above where she is an Associate Professor Department of Electrical & Computer Engineering, State University of New York, Stony Brook, County of Suffolk, and State of New York with an annual salary of $166,000.

34. All defendants knowingly induced Research Foundation of SUNY ("RF") to (i) commence patent infringement proceedings against plaintiff and (ii) provided a copy of a complaint in the United State District Court, Eastern District of New York naming plaintiff as a defendant which conduct was humiliating, harassing, and disparaging to her career at Stony Brook University.

35. Among other things, Ralf Vayntrub threatened to file false patent infringement charges against the plaintiff with the Foundation unless she continued to undertake research projects on his behalf and on behalf of the other named defendants herein, and when plaintiff

refused Ralf Vayntrub's blackmail and extortion threats, he unilaterally decided to formally assert false charges against her with her employer, Stony Brook University in order and force compliance of his wishes by the plaintiff.

36. Ralf Vayntrub, acting for the defendants, instructed their counsel to commence false patent infringement proceedings against the plaintiff with Foundation; and (ii) forcing University to conduct a formal hearing to determine if plaintiff was in violation of her employment Contract and had a conflict of interest.

37. Defendants' interference, in addition to being intentional, was improper in motive and/or means.

38. Defendants' continued interference will irreparably harm her unless they are enjoined by the Court from the actions complained of herein.

39. Plaintiff has suffered substantial damages, in an amount in excess of Three Million Dollars as a result of defendants' improper and unlawful actions.

## SECOND CAUSE OF ACTION
### (Intentional Interference with Advantageous Business Relations)

40. Plaintiff hereby realleges and incorporates by reference the foregoing paragraphs "1" through "39", inclusive, of the Complaint as if fully set forth herein.

41. Plaintiff had an existing business relationship with Stony Brook University, Inc., being a long term Associate Professor in the Department of Electrical & Computer Engineering, State University of New York, Stony Brook, County of Suffolk, and State of New York.

42. Prior to engaging in the aforementioned conduct of commencing a false patent infringement with the Research Foundation of SUNY ("RF") defendants were fully aware that plaintiff had a business relationship with the University as an Associate Professor which was economically-advantageous to her, further defendants knew plaintiff's business relationship

with Stony Brook University, Inc., included the fact her annual salary was $166,000 per annum and derived from funds and income provided the University by Research Foundation of SUNY with whom defendants' had contracts in the form of licenses.

43. Defendants contacted employees at Stony Brook University working in the laboratory supervised by Plaintiff and did, *inter alia*, spread rumors, lies, and innuendo about Plaintiff, display documents relating to the aforementioned Federal proceedings, and insinuate that the laboratory would be under different management, with the purpose of causing these employees to leave the laboratory, leave SUNY, and/or take employment with Defendants.

44. Defendants' knowingly, intentionally, wrongfully, and maliciously interfered with plaintiff's advantageous relationships.

45. Defendants' actions have harmed plaintiff's business relationships with both Stony Brook University Inc. and Research Foundation of SUNY and in her profession as Professor in the field of Electrical & Computer Engineering and plaintiff's loss of these advantageous business relations resulted directly from defendants' improper and unlawful actions

46. Plaintiff is without an adequate remedy at law, because defendants, continued interference will irreparably harm her unless defendants' are enjoined by the Court from the actions complained of herein.

47. Plaintiff has suffered substantial damages, in an amount to be determined at trial, as a result of defendants' improper and unlawful actions.

48. The conduct of Defendants as alleged herein was purposeful and intentional and was engaged in for the purpose of depriving plaintiff of property or legal rights or otherwise causing injury, and was despicable conduct that subjected plaintiffs to cruel and unjust hardship

in conscious disregard of her rights, and was performed with fraud, oppression or malice so as to justify an award of exemplary or punitive damages against such defendants in an amount according to proof at trial.

## THIRD CAUSE OF ACTION

### (Defamation of Character)

49. Plaintiff Vera Gorfinkel hereby realleges and incorporates by reference the foregoing paragraphs "1" through "48" of the Complaint as if fully set forth herein.

50. Plaintiff Vera Gorfinkel was and is, at all relevant times, a natural person

51. Upon information and belief, defendant Ralf Vayntrub and is, at all relevant times, a shareholder, officer, director, and employee of defendants Invar Consulting Ltd.("Invar") and Genometrica Ltd. ("Genomerica Ltd.").

52. Upon information and belief, at all relevant times, defendant Ralf Vayntrub acted not only in his individual capacity but also in his capacity as a shareholder, officer, director, employee, and agent of defendants Invar Consulting Ltd.("Invar") and Genometrica Ltd. ("Genomerica Ltd.").

53. Plaintiff is employed and has contractual and business relations with Stony Brook as a University Associate Professor in its Department of Electrical & Computer Engineering, State University of New York, Stony Brook, County of Suffolk, State of New York.

54. Plaintiff's employment at SUNY Stony Brook is at the pay rate of $125,053. per annum for the Academic Year (9 months) and additional sum of $41,000 from the Research Foundation of SUNY for 3 summer months. The plaintiff remains so employed.

55. Upon information and belief, all of the actions and conduct of the defendant

56. Ralf Vayntrub and the shareholders, officers, directors, employees, and agents of defendants.

57. Invar and Genometrica Ltd., as set forth in this complaint were in furtherance of the interests of all defendants and within the scope of their employment.

58. The amount of damages sought in this action exceeds the jurisdictional limits of all lower courts which would otherwise have jurisdiction.

59. At the beginning of September 2011 at a Holiday Inn, located in Stony Brook, New York plaintiff Vera Gorfinkel was requested by Ralf Vayntrub to attend a meeting in his hotel room, where his son Alexander was also present, and at that time and place defendant Ralf Vayntrub threatened plaintiff with economic blackmail, informing her he had extensive influence with Stony Brook Foundation (RF) and was able to remove her as PI in her laboratory further he would immediately take steps to insure she would not continue to work on Genometrica's existing research at her laboratory or utilizing her laboratory personnel unless she agreed to his demands, to continue the existing Genometrica research after Invar Consulting's last payment for Genometrica's to Stony Brook Foundation (RF) made earlier in June, 2011 by means of a deception and subterfuge against RF SUNY by covertly using funds from another ongoing STTR grant for the benefit of Genometrica and if plaintiff did not agree to these conditions Ralf Vayntrub acting for himself and for his corporations including Genometrica would create and invent a lawsuit against her husband Boris Gorbovitski.

60. Simultaneously plaintiff Vera Gorfinkel rejected this September 2011 economic blackmail, and informed defendant Ralf Vayntrub that his proposal was not only inappropriate to make to a tenured Professor, a full time employee of SUNY Stony Brook but also illegal as

she would never under any circumstances continue to work on Genometrica's project using funds from ongoing STTR grant.

61. The Final Report for defendant Ralf Vayntrub was in the process of being issued as all research contracted for had been completed for Invar Consulting with Stony Brook Foundation (RF).

62. That defendant Ralf Vayntrub immediately followed up which his threat to plaintiff of economic blackmail, as during the second week of September 2011 at SUNY located in Stony Brook, New York plaintiff was required to attend at the offices of Department of ECE, for a meeting with her Department Chair, Prof. Serge Luryi.

63. Prof. Luryi is Director of Center for Advanced Technologies (Sensor CAT), CAT matching and support (~15% of external funding) is very important for getting SBIR grants).

64. At this meeting Prof. Serge Luryi told her," ... you robbed Ralf" and upon information and belief the source of the false information directly told to her Department Chair, Prof. Serge Luryi was Ralf Vayntrub

65. Because of Ralf Vayntrub's false and defamatory statement made to Prof. Serge Luryi, " ... you robbed Ralf" tending to expose the plaintiff to public hatred, contempt, ridicule, and disgrace and such statement discredits the plaintiff in her profession as a teacher and scientist, that plaintiff Vera Gorfinkel did not apply for Full Professor in Fall 2011 as she planned before, as well as did not received matching funds from Sensor CAT where Serge Luryi is a Director.

66. Upon information and belief, the defendant Ralf Vayntrub made such statement with deliberate intent to injure the plaintiff or out of hatred, ill will, or spite.

67. Upon information and belief, the defendant Ralf Vayntrub made such statement with willful, wanton, and reckless disregard of the plaintiffs rights.

68. The damage to plaintiff Vera Gorfinkel's reputation and standing in he scientific community reduces her chances of receiving further and future research grants under SBIR program (~ $750,000/year) as a researcher and Principal Investigator.

69. Shortly thereafter on or about October 5, 2011 plaintiff Vera Gorfinkel provided final report to RF SUNY on all research results and all information obtained by Dr. Gorfinkel's laboratory from 2009 through 2011.

70. In December 2012 plaintiff Vera Gorfinkel received an E-mail from Nancy Daneau, Deputy to the Vice President for Research, based upon a complaint of patent infringement by the defendant Ralf Vayntrub or agents acting on his behalf, RF SUNY intended to terminate her STTR project in 30 days.

71. That on January 17th the ongoing STTR project was terminated by the RF SUNY on the basis of Genometrica's false and defamatory allegations that plaintiff Vera Gorfinkel had infringed Genometrica's intellectual property.

72. Upon information and belief, the defendant Ralf Vayntrub knew or should have known that such false and defamatory statement of patent infringement against plaintiff Vera Gorfinekl would lead to suspension of the project, the Research Agreement between ABMM and the RF SUNY

73. Upon information and belief, the defendant Ralf Vayntrub made such false and defamatory statement of patent infringement so as to cause the suspension of the project, the Research Agreement between ABMM and the RF SUNY and/or subject her to disgrace and ridicule.

74. The false and defamatory information, that plaintiff Vera Gorfinkel had infringed Genometrica's intellectual property which was ultimately rejected by RF SUNY as baseless and without foundation in law or fact was to fulfill the threats of economic blackmail made by defendant Ralf Vayntrub to plaintiff Vera Gorfinkel at the beginning of September 2011 at a Holiday Inn, located in Stony Brook, New York when he stated at that time unless she agreed to his conditions which she deemed illegal and improper, he would take steps to terminate her ongoing STTR grant. Project and leave the Lab staff without salary.

75. However, the RF SUNY after conducting its own investigation found that (i) ABMM did have rights to receive the grant from the NIH (while BioPhotonics (Genometrica) did not), and that (ii) that neither V. Gorfinkel nor ABMM infringed Genometrica's intellectual property.

76. Thus, the Research Agreement between ABMM and the RF SUNY was reinstated in June 3012 with the start date of January 28, 2012.

77. Because of the above events, research in the Lab of Dr. Gorfinkel was willfully and intentionally interfered with and necessary research work delayed.

78. The plaintiff has suffered injury to her reputation and has suffered mental anguish in her public and private life as a result of defendant Ralf Vayntrub's statements and conduct enumerated herein,, and all of their foreseeable results, including the injury to her reputation, mental anguish, and emotional distress relating to the false and defamatory statements of patent infringement so as to cause the suspension of the project, the Research Agreement between ABMM and the RF SUNY and/or subject her to disgrace and ridicule.

79. The statements made in the patent infringement complaint to RF SUNY against plaintiff Vera Gorfinkel are libelous in that the statements are reasonably susceptible of a

defamatory meaning because they all tend to disparage plaintiff in her profession as a tenured professor by alleging illegal conduct.

80. The statements made in the patent infringement complaint to RF SUNY against plaintiff Vera Gorfinkel are asserted as specific facts, not protected opinion, and would lead a reasonable reader to believe that facts, not opinions, were being conveyed.

81. The statements made in the patent infringement complaint to RF SUNY against plaintiff Vera Gorfinkel were made with actual malice as defendants knew the statements were false when they were made or made the statements with reckless disregard of whether the statements were false or not.

## PRAYER FOR RELIEF

Wherefore, Plaintiff requests that the Court grant the following relief:

A. A temporary restraining order, preliminary injunction, and permanent injunction enjoining defendants and its officers, directors, employees, attorneys, agents, representatives, and servants, and all persons acting under, in concert with or for them, from taking any action that interferes with defendants employment at Stony Brook University Inc. and Research Foundation of SUNY and in her profession as Professor in the field of Electrical & Computer Engineering at the University;

B. Money damages against defendants in an amount in excess of Three Million Dollars as a result of defendants' improper and unlawful actions, plus interest, for Causes of Action First, Second, and Third, and Plaintiff's costs and attorneys' fees; and

C. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues triable by a jury.

VERA GORFINKEL

By her attorneys,

Dated: Hawthorne, New York
April 22, 2013

Arthur Morrison, Esq.,
Attorney for Plaintiff
11 Skyline Drive
Hawthorne, New York 10532
(T) 914-592-8282
(F) 914-592-3482

16

04/26/2013 04:35 2129492540 FEDEX OFFICE:09?? PAGE 19/21
Case 2:13-cv-03093-PKC-AKT Document 1-11 Filed 05/28/13 Page 17 of 20 PageID #: 243

## VERIFICATION

VERA GORFINKEL, being duly sworn, deposes and says:

I am the plaintiff in the above-entitled action. I have read the foregoing complaint and know the contents thereof. The same are true to my knowledge, except as to matters therein stated to be alleged on information and belief and as to those matters I believe them to be true.

_____
VERA GORFINKEL

Sworn to before me this
22nd day of April, 2012

_____
Arthur Morrison
Notary Public
State of New York
#02MO5029969
Qualified in Westchester County
Commisison Expires 10/11/2014



Robert L. Greenberg <rgreenberg@greenberg.co>

## Complaint - Gorfinkel v. Vayntraub

1 message

**Robert L. Greenberg** <rgreenberg@robertlgreenberg.com>  Fri, Apr 26, 2013 at 4:29 PM
To: 24yellow@optonline.net, nmalito@hgg.com
Cc: arthur morrison <lawnyu63@gmail.com>, "William V. Rapp" <william.v.rapp@njit.edu>

Betty,

As agreed to, we enclose plaintiff's verified complaint.

Please advise language to remove the state court proceeding to federal court.

Thanks,

Robert Greenberg

--
Robert L. Greenberg
President
Robert L. Greenberg, P.C.
Member of the Bar of New York & New Jersey
Registered Patent Attorney
Phone: +1 646 360-0077
Toll-Free (USA): (800) 3-RLG-LAW
Fax: +1 646 328-4518
skype: greenberg



ROBERT L. GREENBERG
ATTORNEY AT LAW

228 Park Avenue South
Suite 1776
New York, NY 10003

http://RobertLGreenberg.com
Facebook: http://facebook.com/rlglaw
LinkedIn: http://www.linkedin.com/in/rgreenberg
Twitter: http://twitter.com/robgreenberg

This e-mail message and any documents accompanying it contain information that belongs to Robert L. Greenberg, P.C., and which might be confidential and/or legally privileged. The information is intended for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this message and/or accompanying documents is strictly prohibited. If you have received this e-mail message in error, please immediately notify us by telephone in the United States at +1 646 360 0077.

📎 scan.pdf
   747K

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------X

VERA GORFINKEL

        Plaintiff             Index# 34172/2011

- Against -

RALF VAYNTRUB, INVAR CONSULTING LTD.
GENOMETRICA LTD and
GENOMETRICA RESEARCH, INC.,

        Defendants
----------------------------------------------------------------X

## VERIFIED COMPLAINT

I certify compliance with Rule 130.1 of the Rules of the Chief Administrator

Dated: Hawthorne, New York
April 19, 2013

Arthur Morrison, Esq.,
Attorney for Plaintiff
11 Skyline Drive
Hawthorne, New York 10532
(T) 914-592-8282
(F) 914-592-3482
E-mail Akatz@xand.com

William V. Rapp, Esq.
Attorney for Plaintiff
85 River Road
Scarborough New York 10510
(T) 914-945-0630
(F) 914-923-1416
E-mail rappw.@njit.edu

VIA FACSIMILE

To:

Attorneys for Defendants

Panagiota Betty Tufariello, Esq.,
The Law Offices of P.B. Tufariello, P.C.
25 Little Harbor Road
Mt. Sinai, NY 11766
631-476-8734
Fax: 631-476-8737
Email: 24yellow@optonline.net

FROM:

ROBERT GREENBERG, ESQ.