brochure prepared under the auspices of Gorbovitski as Genometrica's sole executive officer.
(Am. Complt. at ¶¶ 143–51.)

As for false designation of origin under Section 43(a)(1)(A), the Plaintiffs claim that their allegations also constitute federal unfair competition because there is a likelihood of confusion, mistake and/or deception as to the affiliation, connection, and association between Defendants' ABMM Sequencer and Genometrica's Medical Device. The Plaintiffs claim that the Defendants have reverse passed off for sale the Medical Device on their website. It is alleged that the goods at issue originated with Genometrica; that the origins of the device were falsely designated by the Defendants; and that Genometrica has been harmed by the likely confusion this has caused. As for false advertising under Section 43(a)(1)(B), the Plaintiffs assert that the conduct of the Defendants, including their current use, marketing, offer to sell, and sale of the ABMM Sequencer, constitutes federal unfair competition because it misrepresents the nature, characteristics, qualities or origin of Defendants' ABMM Sequencer in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B). The Plaintiffs further allege that they were harmed by this conduct because they have suffered damages through various means, but not limited to: (i) the loss of potential customers and/or entities that work with or have an interest in purchasing and/or investing in Genometrica's Medical Device, (ii) the loss of NIH grants, (iii) harm to Genometrica's reputation, (iv) waste of Genometrica's investment in time, effort, and money, (v) the loss of further development of Genometrica's Medical Device and second generation technology, and (vi) the loss of Genometrica's goodwill.

First, with regard to the Defendants' assertion that the Plaintiffs cannot maintain federal causes of action for unfair competition along with state causes of action for the same, this contention is without merit. Unfair competition claims under New York common law are

18

governed generally by the same standards as Section 43(a) of the Lanham Act, except the common law requires a showing of bad faith or intent. Regardless, there is nothing to prevent a plaintiff from asserting both types of claims. See, e.g., Estate of Ellington ex rel. Ellington v. Harbrew Imports Ltd., 812 F. Supp. 2d 186, 192 (E.D.N.Y. 2011) ("In this case, Plaintiff has alleged sufficient facts in the complaint to establish liability for unfair competition, both under federal and state law.").

Second, it appears that the Plaintiffs have adequately alleged the elements that they are required to plead for both false designation of origin and false advertising. For false designation of origin or false endorsement, the Plaintiffs have alleged that the work at issue originated with Genometrica or the Foundation; (ii) that the origin of the work was falsely designated by the Defendants as their product; (iii) that the false designation of origin was likely to cause consumer confusion; and (iv) that the Plaintiffs were harmed by the Defendant's false designation of origin.

For false advertising, the Plaintiffs have alleged that on the ABMM website, the Defendants made a false or misleading representation regarding the ABMM Sequencer; (2) the representations were used in commerce; (3) the representations were made in the context of commercial advertising or promotion; and (4) the Defendants' actions made the Plaintiffs believe they would be damaged by the representations. Therefore, at first glance, it appears that the Plaintiffs have adequately stated clams for federal unfair competition both under Section 43(a)(1)(A) and 43(a)(1)(B).

Although the Defendants do not provide the Court with any legal authority to support their positions, they appear to raise two main arguments with regard to the substantive merits of the Plaintiffs' claims. First, they claim that the Plaintiffs must allege that the Defendants made

19

or sold the device at issue in order to be liable under 15 U.S.C. §§ 1125(a)(1)(A) or (a)(1)(B),
Second, they assert that the Plaintiffs have not alleged that they own a distinctive and registered
trademark, so that they may not bring certain causes of action under the Lanham Act.

With regard to the making or selling of the device at issue, the Plaintiffs have alleged that
the Defendants' current and former use, marketing, offer to sell and sale of the ABMM
Sequencer, constitutes federal unfair competition because: (1) it falsely designates the origin as
to the affiliation, connection, and association between such device and Genometrica's Medical
Device, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); (2) it causes
the likelihood of confusion, mistake and/or deception as to the affiliation, connection, and
association between Defendants' ABMM Sequencer and Genometrica's Medical Device, in
violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A); and (3) it
misrepresents the nature, characteristics, qualities or origin of Defendants' ABMM Sequencer in
violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

In order to be liable under § 1125, an alleged infringer must "in connection with any
goods or services, or any container for goods, *use[] in commerce* any word, term, name, symbol,
or device, or any combination thereof, or any false designation of origin, false or misleading
description of fact, or false or misleading representation of fact . . ." 15 U.S.C. § 1125. The
Plaintiffs have plainly alleged that the Defendants have used, marketed, offered to sell, and sold
the Medical Device at issue. (See Am. Compl. at ¶ 147 ("For a period of at least February 2,
2011 through July 4, 2011, ABMM and Gorbovitski used the website
www.advancedbiomedicalmachines.com to promote, market, offer to sell and sell an ABMM
Single Capillary Automated Sequencer.").) What specifically qualifies under § 1125—namely,
what it means to "use in commerce"—need not be answered for purposes of the present motion.

20

It is sufficient at this point that the Plaintiffs have alleged that the Defendants have sold the product. Whether the Plaintiffs will ultimately be able to prove this and whether something less may suffice is for another day. Therefore, the Defendants' motion to dismiss the Plaintiffs' federal unfair competition claims on this ground is denied.

With regard to the trademark argument, the Defendants are not correct in asserting that the Plaintiffs need to have a registered trademark in order to prevail on their claims under 15 U.S.C. §§ 1125(a)(1)(A) or (a)(1)(B), or Section 43(a) of the Lanham Act. In fact, one purpose behind Section 43(a) is to protect *unregistered* trademarks. "Section 43(a) is a broad federal unfair competition provision which protects unregistered trademarks similar to the way that section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), protects registered marks." Chambers v. Time Warner, Inc., 282 F.3d 147, 155 (2d Cir. 2002). "Its purpose is to prevent consumer confusion regarding a product's source or sponsorship." Id.

However, whether the Plaintiffs need to have a non-registered yet protectable mark in order to assert their various federal unfair competition claims, is not easily answered. As somewhat explored above, there are various permutations of the federal unfair competition law under Section 43 of the Lanham Act. Despite these multiple avenues for relief and its expansive language, this statute is not just a federal "codification" of the overall law of unfair competition. It is essentially limited to a prohibition against some form of false designation or misleading representation. As the Second Circuit has observed, § 43(a) "does not have boundless application as a remedy for unfair trade practices." Alfred Dunhill, Ltd. v. Interstate Cigar Co., 499 F.2d 232 (2d Cir. 1974).

Section 43(a) has developed into the federal vehicle for two major and distinct types of "unfair competition": (1) infringement of unregistered marks, names, and trade dress; and (2)

21

false advertising. Empresa Cubana del Tabaco v. Culbro Corp., 399 F.3d 462, 478 (2d Cir. 2005). Some courts have referred to these two categories as the two "prongs" of 43(a). There is no question that if the Plaintiffs were utilizing Section 43(a) as a method to bring an infringement claim for an unregistered mark, then the Plaintiffs would be required to allege that they have a protectable mark. This is why several courts have found that to prevail on a claim under Section 43(a), a plaintiff must show that "(1) it has a valid trademark entitled to protection, and (2) the defendant's mark infringes on the plaintiff's mark by causing a likelihood of confusion among consumers as to the origin or sponsorship of its product." Jewish Sephardic Yellow Pages. Ltd. v. DAG Media, Inc., 478 F. Supp. 2d 340, 356 (E.D.N.Y. 2006) (citing Time, Inc. v. Petersen Publ'g Co., 173 F.3d 113, 117 (2d Cir. 1999)); see Arrow Fastener Co., Inc. v. Stanley Works, 59 F.3d 384, 390 (2d Cir. 1995) (noting that to prevail under 15 U.S.C. § 1114 or 15 U.S.C. § 1125(a) [Section 43(a)], a plaintiff must show it has a valid mark entitled to protection and defendant's use of it is likely to cause confusion).

For an unregistered mark to be protectable under Section 43(a), the mark must be either "inherently distinctive, *i.e.*, intrinsically capable of identifying its source, or . . . ha[ve] acquired secondary meaning." Louis Vuitton Malletier v. Dooney & Bourke, Inc., 454 F.3d 108, 115–16 (2d Cir. 2006) (quotation omitted). However, the Plaintiffs are not expressly utilizing Section 43(a) as a method to bring an infringement claim for an unregistered mark. Therefore, the Court must look to the main claims that the Plaintiffs are asserting under the umbrella of Section 43(a) to determine if either claim requires the existence of a protectable mark.

With regard to Plaintiffs' false advertising claim which is asserted under Section 43(a)(1)(B), it does not appear that a plaintiff is required to allege that it has a protectable mark. Under 43(a)(1)(B), a plaintiff is only required to plead that the defendant (1) used a false or

22

misleading description or representation of fact; (2) in interstate commerce; (3) in connection with goods or services; (4) in commercial advertising or promotion; (5) where the description or representation misrepresented the nature, qualities, or geographic origin of the defendants' goods; and (6) the plaintiff is likely damaged by those acts. The Court's understanding is that a claim under this section does not require the existence of a valid trademark. Therefore, this cause of action is adequately pled and the Defendants' motion to dismiss this claim is denied.

On the other hand, the Plaintiffs' claim for false designation of origin under Section 43(a)(1)(A) does appear to require a plaintiff to allege that it has a protectable mark in the first instance. This type of claim requires a plaintiff to plead that the defendant (1) uses a false designation of origin; (2) in interstate commerce; (3) in connection with goods and services; (4) which is likely to cause confusion, mistake or deception; and (5) the plaintiff is likely to be damaged by these acts. The Lanham Act §43(a)(1)(A) does not explicitly require that the plaintiff be the owner of a protectable mark. However, "the vast majority of plaintiffs suing under this subsection do own a valid mark." McCarthy on Trademarks, § 27:14. Indeed, it appears that when §43(a) is used to allege false designation of origin, it is being used as a vehicle for assertion of traditional claims of infringement of trademarks as discussed above, where courts have applied the traditional rules of trademarks so that a protectable mark is required.

Under this reasoning, the Plaintiffs here must allege that they have a protectable mark in order to bring a claim under 43(a) for false designation of origin. See EMI Catalogue Partnership v. Hill, Holliday, Connors, Cosmopulos, Inc., 228 F.3d 56, 61 (2d Cir. 2000) ("To establish a claim for trademark infringement based on false representation of origin, a plaintiff must allege that its trademark is valid and eligible for protection, and that as a result of a defendant's use of the mark there is the likelihood that an appreciable number of ordinarily

23

prudent purchasers are likely to be misled, or indeed simply confused, as to the source of the goods in question."); Yurman Design, Inc. v. PAJ, Inc., 262 F.3d 101, 115 (2d Cir. 2001) (holding that in order to establish a claim for false designation of origin under the Lanham Act, a plaintiff must prove: (1) that the mark is distinctive as to the source of the good, and (2) that there is a likelihood of confusion between the plaintiff's good and the defendant's good); Energy Intelligence Group, Inc. v. UBS Fin. Servs., Inc., No. 08 Civ. 1497, 2009 WL 1490603, at *3 (S.D.N.Y. May 22, 2009) ("Like a plaintiff alleging trademark infringement, a plaintiff bringing a false designation of origin claim must show both that its mark is a protectable trademark and that defendants' use of the mark is likely to confuse consumers as to the source or sponsorship of plaintiff's product.") (internal quotations omitted).

The Plaintiffs have not alleged in the Amended Complaint that they have a protectable mark for BioPhotonics or any other mark in connection with the Medical Device. Therefore, although the Plaintiffs allege that through ABMM's website, the Defendants are falsely designating the origin as to the affiliation, connection, and association between the ABMM Sequencer and Genometrica's Medical Device, and this purposefully trades on the goodwill associated with Genometrica, this is insufficient to state a claim for false designation of origin. The Plaintiffs have failed to allege that Genometrica's or the Foundation's mark, trade dress, or trade name, is valid and eligible for protection. Although the Plaintiffs are asserting a specific type of false designation of origin claim, specifically a "reverse passing off" claim, this does not appear to alleviate this requirement. See Lyons P'ship, L.P. v. D & L Amusement & Entm't, Inc., 702 F. Supp. 2d 104, 113 (E.D.N.Y. 2010) (finding that to prevail on a claim for false designation of origin, including "reverse passing off", a plaintiff first must prove that its mark merits protection).

24

Therefore, the Defendants' motion to dismiss the Plaintiffs' claims for false designation of origin—namely its Third and Fourth Claims for Relief—is granted. The causes of action asserted pursuant to 15 U.S.C. § 1125(a)(1)(A), Section 43(a)(1)(A) of the Lanham Act, are dismissed without prejudice.

## 2. Count Eighteen

Finally, the Defendants point out that Count Eighteen is blank in the Amended Complaint. The Amended Complaint contains a Seventeenth Claim for Relief and a Nineteenth Claim for Relief, but does not include an Eighteenth Claim for Relief. It appears that the Plaintiffs may have misnumbered their causes of action. In order to avoid confusion in future proceedings, the Court will not renumber the causes of action but rather will keep them consistent with the Amended Complaint. However, to the extent that there is an eighteenth cause of action, such a claim is hereby dismissed.

## III. CONCLUSION

For the foregoing reasons, it is hereby:

**ORDERED**, that the Plaintiffs' request for oral argument is denied; and it is further

**ORDERED**, that the Defendants' motion to dismiss for lack of standing is denied; and it is further

**ORDERED**, that the Defendants' motion to dismiss the Plaintiffs' federal unfair competition claims pursuant to 15 U.S.C. § 1125(a)(1)(A), Counts Three and Four in the Amended Complaint, is granted; and it is further

**ORDERED**, that the Plaintiffs' Eighteenth Claim for Relief is dismissed; and it is further

**ORDERED**, that the Defendants' motion to dismiss the Plaintiffs' other causes of action is denied; and it is further

25

**ORDERED**, that the Plaintiffs may file and serve amended complaint consistent with the

Court's findings above, within 20 days of the date of this Order.

**SO ORDERED.**
Dated: Central Islip, New York
January 31, 2013

_/s/ Arthur D. Spatt_
ARTHUR D. SPATT
United States District Judge

# EXHIBIT 11

**Melanie Martinez**

| | |
|---|---|
| **From:** | Betty Tufariello |
| **Sent:** | Thursday, January 31, 2013 4:58 PM |
| **To:** | Jessica Mastrogiovanni |
| **Cc:** | Sharon Brown; Terri Carman; Ionut Crivac; Rob Kenney; Nicholas Malito |
| **Subject:** | RE: GORFINKEL, VERA vs. VAYNTRUB, RALPH (034172/2011) |
| **Attachments:** | https___ecf.nyed.uscourts.gov_cgi-bin_show_temp.pl_file=7520915-0--32440; Judge's Decision issued on January 31, 2013 keeping the case in Fed. Court.pdf |

Jessica:

I don't know if anyone let you know, but Judge Spatt issued his Decision and Order today in connection with Mr. Morrison's Motion to Dismiss of the Federal sister case between our clients. A copy of said Decision and Order is annexed hereto for your reference.

As you can see from the decision, the motion was granted in part (two of the three federal unfair competition claims were dismissed without prejudice) and denied in part (Genometrica's Second Claim for Patent Infringement and 5th Claim for Unfair Competition survived scrutiny), with the practical consequence of the case remaining in Federal Court.

Accordingly, we respectfully request that your client immediately take the necessary steps, in accordance with your own personal and sworn representations, to withdraw and terminate the matter in the Supreme Court of the State of New York, County of Suffok, in Riverhead, and to so inform Judge Gazillo, so that they can remove the case from their calendar.

We look forward to receiving confirmation of your client's compliance with the foregoing.

Your professional courtesies are appreciated.

Betty

P. Betty Tufariello
**Intellectulaw™**
**The Law Offices of P.B. Tufariello, P.C.**
25 Little Harbor Road
Mount Sinai, NY 11766
Telephone: 631-476-8734
Fax: 631-476-8737
E-mail: betty@intellectulaw.com

On the web at:
**www.intellectulaw.com**
**www.intellectulawlitigation.com**

This message originates from Intellectulaw™, The Law Offices of P.B. Tufariello, P.C.. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Intellectulaw™, The Law Offices of P.B. Tufariello, P.C..

**From:** Jessica Mastrogiovanni [mailto:jmastrogiovanni@meltzerlippe.com]
**Sent:** Monday, January 28, 2013 11:26 AM
**To:** Betty Tufariello

# EXHIBIT 12

## Melanie Martinez

| | |
|---|---|
| **From:** | Betty Tufariello |
| **Sent:** | Thursday, May 02, 2013 9:46 AM |
| **To:** | Melanie Martinez |
| **Subject:** | FW: VERA GORFINKEL V. RALF VAYNTRUB, et. al.; Index No. 34172/2011 |

P. Betty Tufariello
**Intellectulaw™**
**The Law Offices of P.B. Tufariello, P.C.**
25 Little Harbor Road
Mount Sinai, NY 11766
Telephone: 631-476-8734
Fax: 631-476-8737
E-mail: betty@intellectulaw.com

On the web at:
**www.intellectulaw.com**
**www.intellectulawlitigation.com**

This message originates from Intellectulaw™, The Law Offices of P.B. Tufariello, P.C.. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Intellectulaw™, The Law Offices of P.B. Tufariello, P.C..

---

**From:** Betty Tufariello
**Sent:** Friday, April 26, 2013 6:02 PM
**To:** 'Robert L. Greenberg'
**Cc:** 'Rob Kenney'; Richard G. Klein; 'rkenney09@gmail.com'; rklein.HGG_PO.HGG_DOM@hgg.com; rkenney.HGG_PO.HGG_DOM@hgg.com; Nicholas Malito; nmalito.HGG_PO.HGG_DOM@hgg.com; 'Arthur Michaelson'
**Subject:** RE: VERA GORFINKEL V. RALF VAYNTRUB, et. al.; Index No. 34172/2011

Mr. Greenberg:

I am writing to confirm the sum and substance of our telephone conversation and thereby correct some of your misunderstandings (set forth in the e-mail herein below) regarding the State matter referenced herein above ( "State Matter").

We OBJECT to the service of any Complaint and to your client's insistence at continuing the state matter as being contrary to the representations your client made to the Court by and through her counsel, Ms. Jessica Mastrogiovanni, both verbally in open court during the conferences we held with both Judge Whelan and Judge Gazillo, and in Ms. Mastrogiovanni's written affirmation to the court in support of your client's Order to show Cause of February 2, 2012. To wit:

> Should Judge Spatt decide to retain jurisdiction and deny the Motion to Dismiss the Federal Court Action, however, Dr. **Gorfinkel will bring the claims she intends to bring before this Court as counterclaims (and/or a third party complaint) in the Federal court Action** (Mastrogiovanni Feb. 2, 2012 Aff. ¶ 10).

Accordingly, and notwithstanding what Judge Whelan's order says, it was and is our expectation on the basis of Ms. Mastrogiovanni's total representations that your client would dismiss the state case, if Judge Spatt decided to keep the Federal case, and assert her claims as counterclaims or otherwise in the Federal Case. Your client is ESTOPPED from doing anything else. Incidentally, so doing as for example when Mr. Morrison filed his Answer in response to our Amended Complaint , would have rendered the Court's Order in the State matter moot. Thus, neither you nor Mr. Morrison would have had any problems with the 90-days deadline set forth in the Order.

Dismissing the case and asserting the Gorfinkel claims as counterclaims in the Federal Case is the most cost effective way to deal with this, is consistent with your own client's representations and arguments in the State Matter and will obviate the need for Genometrica to bring a Motion to Dismiss or alternately remove your client's claims under 28 U.S.C. § 1441(a). Incidentally, we are unable to send you copies of any documents at this time in connection with your client's Order to Show cause. However, you have been retained for over a month as counsel on the case. That has been ample time for you to not only draft the Complaint with the Gorfinkel claims, as proven by the document you sent to us, but it has also been ample time for you to secure your client's files from MELTZER LIPPE, a very reputable firm who we are certain have kept very current files on the matter, including records of all the documents supporting your client's February 2012 Order to Show Cause.

For these reasons, your client must dismiss the whole entire state case immediately. In exchange, as we told you, we will agree to stipulate to the assertion of your client's claims as counterclaims in the Federal case and the two cases will be merged. On the other hand, if your client fails to agree to dismiss the case, then we will bring a Motion to dismiss your client's claims with prejudice, we will vigorously oppose any attempt to assert counterclaims in the Federal case and will seek sanctions against your client for putting us in the position of bringing a motion, which will include the payment of all of our fees in connection with the Motion. We doubt it very seriously that your client will be happy about paying our fees in connection with this issue.

Please get back to us no later than Monday at noon, on your position in connection with the foregoing.

We wish you a good weekend.

Very Truly Yours,


P. Betty Tufariello
**Intellectulaw™**
**The Law Offices of P.B. Tufariello, P.C.**
25 Little Harbor Road
Mount Sinai, NY 11766
Telephone: 631-476-8734
Fax: 631-476-8737
E-mail: betty@intellectulaw.com

On the web at:
**www.intellectulaw.com**
**www.intellectulawlitigation.com**

This message originates from Intellectulaw™, The Law Offices of P.B. Tufariello, P.C.. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Intellectulaw™, The Law Offices of P.B. Tufariello, P.C..

**From:** rgreenberg@greenberg.co [mailto:rgreenberg@greenberg.co] **On Behalf Of** Robert L. Greenberg
**Sent:** Friday, April 26, 2013 4:54 PM
**To:** 24yellow@optonline.net
**Cc:** arthur morrison; William V. Rapp
**Subject:** Phone Call and Complaint Follow-Up

Betty,

Just to briefly follow up on our discussion:

We've now served you the complaint by overnight mail, fax, and e-mail on 4/26/13; which is within the 90 days from 1/28/13, consistent with the "so ordered" court stipulation.

Please provide documentation of your position by return e-mail. I'm referring to the dismissal of the state action. I don't see anything to that effect in my file.

My reading of the court stipulation is different than yours, but I'm willing to concede that I may be looking at the wrong document. If you have something from Jessica (e-mails?) or minutes which also fits the narrative, I'd like to have a look at it.

Thanks and have a good weekend.

Robert Greenberg


--
Robert L. Greenberg
President
Robert L. Greenberg, P.C.
Member of the Bar of New York & New Jersey
Registered Patent Attorney
Phone: +1 646 360-0077
Toll-Free (USA): (800) 3-RLG-LAW
Fax: +1 646 328-4518
skype: greenberg

228 Park Avenue South
Suite 1776
New York, NY 10003

http://RobertLGreenberg.com
Facebook: http://facebook.com/rlglaw
LinkedIn: http://www.linkedin.com/in/rgreenberg
Twitter: http://twitter.com/robgreenberg

This e-mail message and any documents accompanying it contain information that belongs to Robert L. Greenberg, P.C., and which might be confidential and/or legally privileged. The information is intended for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this

3

message and/or accompanying documents is strictly prohibited. If you have received this e-mail message in error, please immediately notify us by telephone in the United States at +1 646 360 0077.

# EXHIBIT 13

## Melanie Martinez

**From:**      Betty Tufariello
**Sent:**      Thursday, May 02, 2013 9:46 AM
**To:**      Melanie Martinez
**Subject:**     FW: VERA GORFINKEL V. RALF VAYNTRUB, et. al.; Index No. 34172/2011


P. Betty Tufariello
**Intellectulaw™**
**The Law Offices of P.B. Tufariello, P.C.**
25 Little Harbor Road
Mount Sinai, NY 11766
Telephone: 631-476-8734
Fax: 631-476-8737
E-mail: betty@intellectulaw.com

On the web at:
**www.intellectulaw.com**
**www.intellectulawlitigation.com**

This message originates from Intellectulaw™, The Law Offices of P.B. Tufariello, P.C.. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Intellectulaw™, The Law Offices of P.B. Tufariello, P.C..

---

**From:** Betty Tufariello
**Sent:** Monday, April 29, 2013 4:04 PM
**To:** 'Robert L. Greenberg'
**Cc:** Rob Kenney; Richard G. Klein; rkenney09@gmail.com; rklein.HGG_PO.HGG_DOM@hgg.com; rkenney.HGG_PO.HGG_DOM@hgg.com; Nicholas Malito; nmalito.HGG_PO.HGG_DOM@hgg.com; Arthur Michaelson; Arthur Morrison; arthur morrison; William V. Rapp; 'William V Rapp'
**Subject:** RE: VERA GORFINKEL V. RALF VAYNTRUB, et. al.; Index No. 34172/2011

Robert:

**I have never said that there is a stipulation**. I said there was an affirmation in which Ms. Mastrogiovanni made the statement I sent to you on Friday. I will send you the affirmation under a separate cover, since it will be making part of my ORDER TO SHOW CAUSE, and my motion for Sanctions.


P. Betty Tufariello
**Intellectulaw™**
**The Law Offices of P.B. Tufariello, P.C.**
25 Little Harbor Road
Mount Sinai, NY 11766
Telephone: 631-476-8734
Fax: 631-476-8737
E-mail: betty@intellectulaw.com

On the web at:

1

**www.intellectulaw.com**
**www.intellectulawlitigation.com**

This message originates from Intellectulaw™, The Law Offices of P.B. Tufariello, P.C.. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Intellectulaw™, The Law Offices of P.B. Tufariello, P.C..

**From:** rgreenberg@greenberg.co [mailto:rgreenberg@greenberg.co] **On Behalf Of** Robert L. Greenberg
**Sent:** Monday, April 29, 2013 3:53 PM
**To:** Betty Tufariello
**Cc:** Rob Kenney; Richard G. Klein; rkenney09@gmail.com; rklein.HGG_PO.HGG_DOM@hgg.com; rkenney.HGG_PO.HGG_DOM@hgg.com; Nicholas Malito; nmalito.HGG_PO.HGG_DOM@hgg.com; Arthur Michaelson; Arthur Morrison; arthur morrison; William V. Rapp
**Subject:** Re: VERA GORFINKEL V. RALF VAYNTRUB, et. al.; Index No. 34172/2011

Betty,

Could you please send me that complete affirmation? I have paperwork from March which reads that we have 90 days to respond after the decision by Judge Spatt.

My reading of what I have and my discussions with our client and her former counsel are inconsistent with your above quote.

I don't have it anywhere where either Ms. Mastrogiovanni nor Ms. Gorfinkel agreed to such a stipulation. It's not that I don't believe you, it's that I can't and won't do anything to prejudice my client in the absence of proof.

Should this be a simple misunderstanding (which is my guess), we'll respond accordingly.

Thanks.

Robert Greenberg

--
Robert L. Greenberg
President
Robert L. Greenberg, P.C.
Member of the Bar of New York & New Jersey
Registered Patent Attorney
Phone: +1 646 360-0077
Toll-Free (USA): (800) 3-RLG-LAW
Fax: +1 646 328-4518
skype: greenberg

228 Park Avenue South

Suite 1776
New York, NY 10003

http://RobertLGreenberg.com
Facebook: http://facebook.com/rlglaw
LinkedIn: http://www.linkedin.com/in/rgreenberg
Twitter: http://twitter.com/robgreenberg

This e-mail message and any documents accompanying it contain information that belongs to Robert L. Greenberg, P.C., and which might be confidential and/or legally privileged. The information is intended for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this message and/or accompanying documents is strictly prohibited. If you have received this e-mail message in error, please immediately notify us by telephone in the United States at +1 646 360 0077.

On Fri, Apr 26, 2013 at 6:01 PM, Betty Tufariello <PBTufariello@intellectulaw.com> wrote:

Mr. Greenberg:

I am writing to confirm the sum and substance of our telephone conversation and thereby correct some of your misunderstandings (set forth in the e-mail herein below) regarding the State matter referenced herein above ( "State Matter").

We OBJECT to the service of any Complaint and to your client's insistence at continuing the state matter as being contrary to the representations your client made to the Court by and through her counsel, Ms. Jessica Mastrogiovanni, both verbally in open court during the conferences we held with both Judge Whelan and Judge Gazillo, and in Ms. Mastrogiovanni's written affirmation to the court in support of your client's Order to show Cause of February 2, 2012. To wit:

> Should Judge Spatt decide to retain jurisdiction and deny the Motion to Dismiss the Federal Court Action, however, Dr. **Gorfinkel will bring the claims she intends to bring before this Court as counterclaims (and/or a third party complaint) in the Federal court Action** (Mastrogiovanni Feb. 2, 2012 Aff. ¶ 10).

Accordingly, and notwithstanding what Judge Whelan's order says, it was and is our expectation on the basis of Ms. Mastrogiovanni's total representations that your client would dismiss the state case, if Judge Spatt decided to keep the Federal case, and assert her claims as counterclaims or otherwise in the Federal Case. Your client is ESTOPPED from doing anything else. Incidentally, so doing as for example when Mr. Morrison filed his Answer in response to our Amended Complaint , would have rendered the Court's Order in the State matter moot. Thus, neither you nor Mr. Morrison would have had any problems with the 90-days deadline set forth in the Order.

3

Dismissing the case and asserting the Gorfinkel claims as counterclaims in the Federal Case is the most cost effective way to deal with this, is consistent with your own client's representations and arguments in the State Matter and will obviate the need for Genometrica to bring a Motion to Dismiss or alternately remove your client's claims under 28 U.S.C. § 1441(a). Incidentally, we are unable to send you copies of any documents at this time in connection with your client's Order to Show cause. However, you have been retained for over a month as counsel on the case. That has been ample time for you to not only draft the Complaint with the Gorfinkel claims, as proven by the document you sent to us, but it has also been ample time for you to secure your client's files from MELTZER LIPPE, a very reputable firm who we are certain have kept very current files on the matter, including records of all the documents supporting your client's February 2012 Order to Show Cause.

For these reasons, your client must dismiss the whole entire state case immediately. In exchange, as we told you, we will agree to stipulate to the assertion of your client's claims as counterclaims in the Federal case and the two cases will be merged. On the other hand, if your client fails to agree to dismiss the case, then we will bring a Motion to dismiss your client's claims with prejudice, we will vigorously oppose any attempt to assert counterclaims in the Federal case and will seek sanctions against your client for putting us in the position of bringing a motion, which will include the payment of all of our fees in connection with the Motion. We doubt it very seriously that your client will be happy about paying our fees in connection with this issue.

Please get back to us no later than Monday at noon, on your position in connection with the foregoing.

We wish you a good weekend.

Very Truly Yours,

P. Betty Tufariello

**Intellectulaw™**

**The Law Offices of P.B. Tufariello, P.C.**

25 Little Harbor Road

Mount Sinai, NY 11766

Telephone: 631-476-8734

Fax: 631-476-8737

E-mail: betty@intellectulaw.com

On the web at:

**www.intellectulaw.com**

**www.intellectulawlitigation.com**

This message originates from Intellectulaw™, The Law Offices of P.B. Tufariello, P.C.. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Intellectulaw™, The Law Offices of P.B. Tufariello, P.C..

**From:** rgreenberg@greenberg.co [mailto:rgreenberg@greenberg.co] **On Behalf Of** Robert L. Greenberg
**Sent:** Friday, April 26, 2013 4:54 PM
**To:** 24yellow@optonline.net
**Cc:** arthur morrison; William V. Rapp
**Subject:** Phone Call and Complaint Follow-Up

Betty,

Just to briefly follow up on our discussion:

We've now served you the complaint by overnight mail, fax, and e-mail on 4/26/13; which is within the 90 days from 1/28/13, consistent with the "so ordered" court stipulation.

Please provide documentation of your position by return e-mail. I'm referring to the dismissal of the state action. I don't see anything to that effect in my file.

My reading of the court stipulation is different than yours, but I'm willing to concede that I may be looking at the wrong document. If you have something from Jessica (e-mails?) or minutes which also fits the narrative, I'd like to have a look at it.

Thanks and have a good weekend.

Robert Greenberg

--
Robert L. Greenberg
President
Robert L. Greenberg, P.C.
Member of the Bar of New York & New Jersey
Registered Patent Attorney
Phone: +1 646 360-0077

Toll-Free (USA): (800) 3-RLG-LAW
Fax: +1 646 328-4518
skype: greenberg



228 Park Avenue South
Suite 1776
New York, NY 10003

http://RobertLGreenberg.com
Facebook: http://facebook.com/rlglaw
LinkedIn: http://www.linkedin.com/in/rgreenberg
Twitter: http://twitter.com/robgreenberg

This e-mail message and any documents accompanying it contain information that belongs to Robert L. Greenberg, P.C., and which might be confidential and/or legally privileged. The information is intended for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this message and/or accompanying documents is strictly prohibited. If you have received this e-mail message in error, please immediately notify us by telephone in the United States at +1 646 360 0077.

# EXHIBIT 14

## Melanie Martinez

**From:** Betty Tufariello
**Sent:** Thursday, May 02, 2013 9:47 AM
**To:** Melanie Martinez
**Subject:** FW: VERA GORFINKEL V. RALF VAYNTRUB, et. al.; Index No. 34172/2011
**Attachments:** iManage_569604_1 (2)-ORDER TO SHOW CAUSE.pdf


P. Betty Tufariello
**Intellectulaw™**
**The Law Offices of P.B. Tufariello, P.C.**
25 Little Harbor Road
Mount Sinai, NY 11766
Telephone: 631-476-8734
Fax: 631-476-8737
E-mail: betty@intellectulaw.com

On the web at:
**www.intellectulaw.com**
**www.intellectulawlitigation.com**


This message originates from Intellectulaw™, The Law Offices of P.B. Tufariello, P.C.. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Intellectulaw™, The Law Offices of P.B. Tufariello, P.C..

**From:** Betty Tufariello
**Sent:** Monday, April 29, 2013 4:24 PM
**To:** 'Robert L. Greenberg'
**Cc:** Rob Kenney; Richard G. Klein; rkenney09@gmail.com; rklein.HGG_PO.HGG_DOM@hgg.com; rkenney.HGG_PO.HGG_DOM@hgg.com; Nicholas Malito; nmalito.HGG_PO.HGG_DOM@hgg.com; Arthur Michaelson; Arthur Morrison; arthur morrison; William V. Rapp; 'William V Rapp'
**Subject:** RE: VERA GORFINKEL V. RALF VAYNTRUB, et. al.; Index No. 34172/2011

Robert:

Here you go. The affirmation is the second document in the stack.


P. Betty Tufariello
**Intellectulaw™**
**The Law Offices of P.B. Tufariello, P.C.**
25 Little Harbor Road
Mount Sinai, NY 11766
Telephone: 631-476-8734
Fax: 631-476-8737
E-mail: betty@intellectulaw.com

On the web at:
**www.intellectulaw.com**
**www.intellectulawlitigation.com**

This message originates from Intellectulaw™, The Law Offices of P.B. Tufariello, P.C.. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Intellectulaw™, The Law Offices of P.B. Tufariello, P.C..

**From:** rgreenberg@greenberg.co [mailto:rgreenberg@greenberg.co] **On Behalf Of** Robert L. Greenberg
**Sent:** Monday, April 29, 2013 3:53 PM
**To:** Betty Tufariello
**Cc:** Rob Kenney; Richard G. Klein; rkenney09@gmail.com; rklein.HGG_PO.HGG_DOM@hgg.com; rkenney.HGG_PO.HGG_DOM@hgg.com; Nicholas Malito; nmalito.HGG_PO.HGG_DOM@hgg.com; Arthur Michaelson; Arthur Morrison; arthur morrison; William V. Rapp
**Subject:** Re: VERA GORFINKEL V. RALF VAYNTRUB, et. al.; Index No. 34172/2011

Betty,

Could you please send me that complete affirmation? I have paperwork from March which reads that we have 90 days to respond after the decision by Judge Spatt.

My reading of what I have and my discussions with our client and her former counsel are inconsistent with your above quote.

I don't have it anywhere where either Ms. Mastrogiovanni nor Ms. Gorfinkel agreed to such a stipulation. It's not that I don't believe you, it's that I can't and won't do anything to prejudice my client in the absence of proof.

Should this be a simple misunderstanding (which is my guess), we'll respond accordingly.

Thanks.

Robert Greenberg


--
Robert L. Greenberg
President
Robert L. Greenberg, P.C.
Member of the Bar of New York & New Jersey
Registered Patent Attorney
Phone: +1 646 360-0077
Toll-Free (USA): (800) 3-RLG-LAW
Fax: +1 646 328-4518
skype: greenberg

228 Park Avenue South
Suite 1776

2

New York, NY 10003

http://RobertLGreenberg.com
Facebook: http://facebook.com/rlglaw
LinkedIn: http://www.linkedin.com/in/rgreenberg
Twitter: http://twitter.com/robgreenberg

This e-mail message and any documents accompanying it contain information that belongs to Robert L. Greenberg, P.C., and which might be confidential and/or legally privileged. The information is intended for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this message and/or accompanying documents is strictly prohibited. If you have received this e-mail message in error, please immediately notify us by telephone in the United States at +1 646 360 0077.

On Fri, Apr 26, 2013 at 6:01 PM, Betty Tufariello <PBTufariello@intellectulaw.com> wrote:

Mr. Greenberg:

I am writing to confirm the sum and substance of our telephone conversation and thereby correct some of your misunderstandings (set forth in the e-mail herein below) regarding the State matter referenced herein above ( "State Matter").

We OBJECT to the service of any Complaint and to your client's insistence at continuing the state matter as being contrary to the representations your client made to the Court by and through her counsel, Ms. Jessica Mastrogiovanni, both verbally in open court during the conferences we held with both Judge Whelan and Judge Gazillo, and in Ms. Mastrogiovanni's written affirmation to the court in support of your client's Order to show Cause of February 2, 2012. To wit:

> Should Judge Spatt decide to retain jurisdiction and deny the Motion to Dismiss the Federal Court Action, however, Dr. **Gorfinkel will bring the claims she intends to bring before this Court as counterclaims (and/or a third party complaint) in the Federal court Action** (Mastrogiovanni Feb. 2, 2012 Aff. ¶ 10).

Accordingly, and notwithstanding what Judge Whelan's order says, it was and is our expectation on the basis of Ms. Mastrogiovanni's total representations that your client would dismiss the state case, if Judge Spatt decided to keep the Federal case, and assert her claims as counterclaims or otherwise in the Federal Case. Your client is ESTOPPED from doing anything else. Incidentally, so doing as for example when Mr. Morrison filed his Answer in response to our Amended Complaint , would have rendered the Court's Order in the State matter moot. Thus, neither you nor Mr. Morrison would have had any problems with the 90-days deadline set forth in the Order.

3

Dismissing the case and asserting the Gorfinkel claims as counterclaims in the Federal Case is the most cost effective way to deal with this, is consistent with your own client's representations and arguments in the State Matter and will obviate the need for Genometrica to bring a Motion to Dismiss or alternately remove your client's claims under 28 U.S.C. § 1441(a). Incidentally, we are unable to send you copies of any documents at this time in connection with your client's Order to Show cause. However, you have been retained for over a month as counsel on the case. That has been ample time for you to not only draft the Complaint with the Gorfinkel claims, as proven by the document you sent to us, but it has also been ample time for you to secure your client's files from MELTZER LIPPE, a very reputable firm who we are certain have kept very current files on the matter, including records of all the documents supporting your client's February 2012 Order to Show Cause.

For these reasons, your client must dismiss the whole entire state case immediately. In exchange, as we told you, we will agree to stipulate to the assertion of your client's claims as counterclaims in the Federal case and the two cases will be merged. On the other hand, if your client fails to agree to dismiss the case, then we will bring a Motion to dismiss your client's claims with prejudice, we will vigorously oppose any attempt to assert counterclaims in the Federal case and will seek sanctions against your client for putting us in the position of bringing a motion, which will include the payment of all of our fees in connection with the Motion. We doubt it very seriously that your client will be happy about paying our fees in connection with this issue.

Please get back to us no later than Monday at noon, on your position in connection with the foregoing.

We wish you a good weekend.

Very Truly Yours,

P. Betty Tufariello

**Intellectulaw™**

**The Law Offices of P.B. Tufariello, P.C.**

25 Little Harbor Road

Mount Sinai, NY 11766

Telephone: 631-476-8734

4

Fax: 631-476-8737

E-mail: betty@intellectulaw.com

On the web at:

**www.intellectulaw.com**

**www.intellectulawlitigation.com**

This message originates from Intellectulaw™, The Law Offices of P.B. Tufariello, P.C.. The message and any file transmitted with it contain confidential information which may be subject to the attorney-client privilege, or otherwise protected against unauthorized use. The information contained in this message and any file transmitted with it is transmitted in this form based on a reasonable expectation of privacy consistent with ABA Formal Opinion No. 99-413. Any disclosure, distribution, copying or use of the information by anyone other than the intended recipient, regardless of address or routing, is strictly prohibited. If you have received this message in error, please advise the sender by immediate reply and delete the original message. Personal messages express views solely of the sender and are not attributable to Intellectulaw™, The Law Offices of P.B. Tufariello, P.C..

**From:** rgreenberg@greenberg.co [mailto:rgreenberg@greenberg.co] **On Behalf Of** Robert L. Greenberg
**Sent:** Friday, April 26, 2013 4:54 PM
**To:** 24yellow@optonline.net
**Cc:** arthur morrison; William V. Rapp
**Subject:** Phone Call and Complaint Follow-Up

Betty,

Just to briefly follow up on our discussion:

We've now served you the complaint by overnight mail, fax, and e-mail on 4/26/13; which is within the 90 days from 1/28/13, consistent with the "so ordered" court stipulation.

Please provide documentation of your position by return e-mail. I'm referring to the dismissal of the state action. I don't see anything to that effect in my file.

My reading of the court stipulation is different than yours, but I'm willing to concede that I may be looking at the wrong document. If you have something from Jessica (e-mails?) or minutes which also fits the narrative, I'd like to have a look at it.

Thanks and have a good weekend.

Robert Greenberg

5

--
Robert L. Greenberg
President
Robert L. Greenberg, P.C.
Member of the Bar of New York & New Jersey
Registered Patent Attorney
Phone: +1 646 360-0077

Toll-Free (USA): (800) 3-RLG-LAW
Fax: +1 646 328-4518
skype: greenberg

228 Park Avenue South
Suite 1776
New York, NY 10003

http://RobertLGreenberg.com
Facebook: http://facebook.com/rlglaw
LinkedIn: http://www.linkedin.com/in/rgreenberg
Twitter: http://twitter.com/robgreenberg

This e-mail message and any documents accompanying it contain information that belongs to Robert L. Greenberg, P.C., and which might be confidential and/or legally privileged. The information is intended for the use of the individual(s) or entity(ies) named above. If you are not the intended recipient, you are hereby notified that any disclosure, copying, distribution or the taking of any action in reliance on the contents of this message and/or accompanying documents is strictly prohibited. If you have received this e-mail message in error, please immediately notify us by telephone in the United States at +1 646 360 0077.