

<u>INTELLECTULAW</u>
<u>LAW OFFICES OF P.B. TUFARIELLO, P.C.</u>
ATTORNEYS AT LAW

**P. BETTY TUFARIELLO**
betty@intellectulaw.com
24yellow@optonline.net
info@intellectulaw.com

25 LITTLE HARBOR ROAD • MT. SINAI, NEW YORK  11766
TELEPHONE 631-476-8734 • FAX 631-476-8737

SPECIALIZING IN
PATENTS, TRADEMARKS,
COPYRIGHTS, AND ALL
MATTERS RELATED
THERETO

June 4, 2013

<u>VIA ECF</u>

Honorable Joseph F. Bianco
United States District Judge
100 Federal Plaza, P.O Box 9014
Central Islip, NY 11722-9014

Re:   Vera Gorfinkel v. Ralf Vayntrub, Invar Consulting Ltd.,
      Genometrica Ltd.,and Genometrica Research, Inc.
      Case No. 13-cv-3093 (JFB) (AKT)

Dear Judge Bianco:

We represent Defendants Invar Consulting Ltd. ("Invar Consulting"), Genometrica Ltd. ("Genometrica Ltd."), and Genometrica Research, Inc. ("Genometrica Research") (collectively, "Defendants") in the above-referenced action (the "Gorfinkel Action").  On or about April 26, 2013, Plaintiff served a copy of her Complaint upon Defendants.  Plaintiff served an Amended Complaint on or about May 6, 2013.  Defendants removed the Gorfinkel Action to this Court on May 28, 2013.(<u>See</u> Doc. No. 1).

Pursuant to Your Honor's Individual Motion Practice and Rules, we request a Pre-Motion Conference in order to file a Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.  Additionally, the claims in the instant matter are related to a civil case pending before the Honorable Pamela K. Chen wherein Plaintiff is one of the defendants: *Genometrica Research Inc., and The Research Foundation of the State University of New York, pursuant to Art. VII of its July 1, 1999 Exclusive License Agreement with Genometrica Research Inc. v. Boris Gorbovitski, Vera Gorbovitski a/k/a Vera Gorfinkel, and Advanced Biomedical Machines Inc.*, Case No. 11-cv-5802 (PKC) (AKT) (the "Related Case") (<u>See</u> Doc. No. 4).  In accordance with this District's rules, Defendants will address a letter to the Clerk of the Court asking that this action be consolidated with the Related Case.

Plaintiff alleges four causes of action in the Amended Complaint: (i) intentional interference with contractual relations; (ii) intentional interference with advantageous business relations; (iii) defamation of character; and (iv) declaratory judgment that, inter alia, Plaintiff did not infringe on certain patents that are the subject of patent-infringement claims in the Related Case.  Plaintiff seeks money damages and injunctive relief on her first, second, and third causes of action, and declaratory relief on her fourth cause of action.

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Hon. Joseph F. Bianco
U.S.D.J. - E.D.N.Y.
February 20, 2013
Page 2

      According to the Amended Complaint, it appears that Plaintiff is employed in some capacity by both the State University of New York ("SUNY") as a professor and the Research Foundation of the State University of New York (the "Foundation") as a researcher, although the Amended Complaint refers to these entities by different names at different times.  Plaintiff alleges: i) that in or about September 2011, Defendants terminated a business relationship with her husband, Boris Gorbovitski ("Mr. Gorbovitski"); ii) that Mr. Vayntrub made threats to Plaintiff including, inter alia, that he would initiate a lawsuit against her husband; iii) that Mr. Vayntrub offered not to pursue said claims against Plaintiff's husband if Plaintiff agreed to continue working on research for Genometrica Inc; and iv) that Plaintiff refused to both continue working on Genometrica Inc.'s research and submit to Mr. Vayntrub's "illegal and unethical quid pro quo."

      Plaintiff further alleges: a) that in response to her refusals Mr. Vayntrub and Defendants interfered with her business and contractual relationships, and defamed her ; and b) that Mr. Vayntrub and Defendants pursued a false disciplinary action against her with her employer, and a false patent-infringement claim against her with the Foundation.  Yet the Amended Complaint does not contain the substance of either the disciplinary action or the patent-infringement claim that Defendants allegedly lodged against her.  Plaintiff also alleges further defamation activity by Defendants' personnel spreading false information about her to the people that she worked with.  The Amended Complaint does not contain any allegations about the identity of the Defendants' personnel, the people who they spoke to, or the substance of these alleged statements.

      In addition, Plaintiff alleges that in or about July 2012, a SUNY writing cleared her of all of the Defendants' claims.  The Amended Complaint contains no details of this purported finding, and Plaintiff did not attach it as an exhibit to the Amended Complaint.

      Finally, Plaintiff alleges that as a direct result of Defendants' actions she has (i) suffered actual damages that exceed $3 million, (ii) lost salary in the amount of $41,000, (iii) been denied the opportunity for a promotion to a full professorship -- even though she admits that she did not apply for full professorship, and (iv) been denied the opportunity to create research that could have resulted in significant income over a period of years.

      Plaintiff's Amended Complaint should be dismissed for multiple reasons. Plaintiff does not plead the most basic facts required to allege each element of her causes of action.  On her first and second causes of action for interference with contract and business relations, Plaintiff vaguely refers to the existence of various employment agreements or business relationships.  But she does not plead any details about the agreements or attach the agreements as exhibits.  Moreover, she does not plead that any of the agreements were actually breached, much less that they were breached as a result of Defendants' actions.  On her second cause of action, she fails to plead, inter alia, the required wrongful means of interference necessary to state that claim.

      Plaintiff's third cause of action for defamation is also deficient because she fails to plead the substance of the purported defamatory communication, who made it, when it was made, and to

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Hon. Joseph F. Bianco
U.S.D.J. - E.D.N.Y.
February 20, 2013
Page 3

whom it was communicated. She has merely claimed that Defendants' personnel made false statements of fact to people that she works with. Further, any statements Defendants may have made relaying the allegations contained in the filed Related Case pleadings are subject to absolute privilege under New York law.

      The fourth cause of action for declaratory judgment is equally unavailing. Whether Plaintiff has committed patent infringement and acted improperly under federal law is an issues that she is defending against in the Related Case. Plaintiff has filed an answer in the Related Case denying the allegations.

      Additional grounds for dismissal also exist. For example, it is well-established under New York law that a parent corporation is not liable for the acts of its subsidiaries solely based on the corporate relationship. Plaintiff has failed to plead any facts to demonstrate that Invar Consulting's or Genometrica Ltd.'s corporate identity should be disregarded, thereby allowing her to pierce the corporate veil.

      For the foregoing reasons, Defendants respectfully request a Pre-Motion Conference and permission to proceed with a motion to dismiss Plaintiff's Amended Complaint.

      Respectfully submitted,

      s/panagiotabettytufariello/s

      Panagiota Betty Tufariello

cc:    Robert Kenney (via E-Mail)
        Nicholas Malito (via E-Mail)

INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.

Hon. Joseph F. Bianco
U.S.D.J. - E.D.N.Y.
February 20, 2013
Page 4

## CERTIFICATE OF SERVICE

     I, Panagiota Betty Tufariello, hereby certify that on June 4, 2013, I caused a true and correct copy of the foregoing Letter to the Honorable Joseph F. Bianco to be served via E-Mail upon the following attorneys for Defendants:

Arthur D. Morrison
11 Skyline Drive
Hawthorne, New York  10532
akatz@xand.com

William V. Rapp
85 River Road
Scarborough, New York  10510
rappw@adm.njit.edu, wvr201@nyu.edu

                                                               S/panagiotabettytufariello/s
                                                                Panagiota Betty Tufariello, Esq.