# HOFHEIMER GARTLIR & GROSS, LLP

530 Fifth Avenue, New York, NY 10036
Tel (212) 818-9000  Fax (212) 869-4930
Web www.hgg.com

Writer's Email

rkenney@hgg.com
Direct lines
212-897-6919 (voice)
212-897-6933 (fax)

Bernard Gartlir*
Jules E. Levy
Gerald H. Morganstern
Scott R. Kipnis***
Sharon M. Zimmer
David L. Birch°
Louis D. Sherman
Douglas Gross
Richard G. Klein
Robert D. Howard***
Edwin A. Novak
Peter I. Reiter
Craig Weiner
Robert Kenney°°

Rachel N. Greenberger**
Suzanne M. Wismer
Gary N. Smith***
Nicholas B. Malito°°°
Ofer Reger
Zachary B. Grendi°°
Cynthia G. Couch△

* Admitted NY and FL
** Admitted NY and NJ
*** Admitted NY, NJ and PA
° Admitted NY and PA
°° Admitted NY, CT and PA
°°° Admitted NY, NJ and CT
△ Admitted NY and VA

1 Huntington Quadrangle
Melville, NY 11747
Tel (212) 818-9000

P.O. Box 382
105 Eisenhower Pkwy.
Roseland, NJ 07068-1640
Tel (973) 226-4788

Arthur M. Michaelson
Jerod A. Rosenthal
COUNSEL

Norman Gross
RETIRED PARTNER

June 12, 2013

**VIA ECF & FIRST CLASS MAIL**
Douglas C. Palmer
Clerk of Court
United States District Court, E.D.N.Y.
225 Cadman Plaza East
Brooklyn, N.Y. 11201

Re: Related Case Consolidation:
*Genometrica Research, Inc. v. Gorbovitsky, et al.*,
Case No. 11-cv-5802 (PKC)(AKT); and
*Gorfinkel v. Vayntrub, et al.*,
Case No. 13-cv-3093 (JFB)(AKT)

Honorable Mr. Palmer:

We represent Plaintiff Genometrica Research Inc. ("Genometrica") in the first matter referenced above, Genometrica Research Inc., et al. v. Gorbovitski, et al., Civil Case Number 11-cv-5802 (the "Genometrica Action"). We also represent Defendants Genometrica, Invar Consulting Ltd., and Genometrica Ltd. (together the "Served Defendants") in the second matter referenced above, Gorfinkel, v. Vayntrub et al., Civil Case Number 13-cv-3093, (the "Gorfinkel Action"). Ralf Vayntrub, a named Defendant in the Gorfinkel Action, has not been served or otherwise joined to that action. We ask that this Court consolidate these two related cases under Rule 42(a)(2) of the Federal Rules of Civil Procedure ("FRCP") and § 50.3 of this Court's Guidelines for the Division of Business Among District Judges, Adopted Pursuant to 28 U.S.C. § 137 (the "Guidelines"). We have conducted a meet and confer with the attorneys for the other parties in the two actions. These attorneys have not specifically disagreed that that these two cases are related. Yet, they oppose consolidation because the Served Defendants in the Gorfinkel action have advised this Court, accordance with District Court Judge Joseph F. Bianco's individual rules, that the Served Defendants intend to file a motion to dismiss under FRCP 12(b)(6).

The Served Defendants removed the Gorfinkel Action on May 28, 2013, under 28 U.S.C. §§ 1441 and 1446, FRCP 81(c), and E.D.N.Y. Local Rule 81.1. The Served Defendants based the removal upon, inter alia, 28 U.S.C. §§ 1331 and 1338, because the Gorfinkel Action contains a claim for declaratory judgment stating that Dr. Gorfinkel did not infringe upon the same patents that are the subject of the

Genometrica Action. See Notice of Removal, Case No. 13-cv-3093, Doc. 1. The Served Defendants make this request for consolidation within 30 days of that removal. Thus, the request is timely under Guideline § 50.3.1(d). In the event that the Court determines that this request is not technically timely, the Served Defendants ask that this Court still permit the requested consolidation -- for good cause -- because the Served Defendants have made this request within 30 days of the date that this Court gained jurisdiction over the Gorfinkel matter as a result of the removal. See Guideline § 50.3.1(d).

The Genometrica Action and the Gorfinkel Action are related cases. The facts, transactions, and legal issues in the two cases are, in almost all respects, exactly the same. Both cases are based, in part, on the Gorfinkel Action Plaintiff's ("Dr. Gorfinkel") employment relationship with the State University of New York ("SUNY") and her research position with the Research Foundation of the State University of New York (the "Foundation"). See e.g. Genometrica First Amended Complaint, Case No. 11-cv-5802, Doc. 1 (the "Genometrica Amended Complaint"), ¶¶ 72, 97-102; and Gorfinkel Amended Complaint, Case No. 13-cv-3093, Doc. 1, Exhibit K (the "Gorfinkel Amended Complaint"), ¶¶ 1, 2, 9, 14-15, 18, 21-27, 29. Both cases also are based, in part, on a license agreement between Genometrica and the Foundation for the license of certain patents (the "License Agreement") as well as certain research agreements between those two parties. See e.g. Genometrica Amended Complaint, ¶¶, 14-27, 80-96, 215-216; Gorfinkel Amended Complaint, ¶¶ 4-5, 12.

Through her employment with SUNY and her research position at the Foundation, Dr. Gorfinkel has conducted research and development for a DNA sequencer and analyzer on behalf of Genometrica. Dr. Gorfinkel has conducted this work at the Foundation's SUNY Stony Brook location in Stony Brook, New York. See e.g. Genometrica Amended Complaint, ¶¶ 20-25; and Gorfinkel Amended Complaint, ¶¶ 1, 9-48, 53-54, 63, 66-79. As a result of, inter alia, Dr. Gorfinkel's research and development activities, several patents were generated and licensed by the Foundation to Genometrica. See e.g. Genometrica Amended Complaint, ¶¶ 92-102.

In the Genometrica Action, Genometrica has alleged that Dr. Gorfinkel and the other defendants in that action have infringed on those patents under 35 U.S.C. § 271 et. seq, and used them and other intellectual property for the benefit of another company, Advanced Biomedical Devices Inc. ("ABMM"), a company that Dr. Gorfinkel and her husband, Dr. Boris Gorbovitski ("Dr. Gorbovitski") own. Genometria also alleges that this activity constituted unfair competition. See e.g. Genometrica Amended Complaint, ¶¶ 54-68, 138-212, 217-227, 241-248, 265-271, 280, 285. Genometrica seeks declaratory judgment regarding the rights and duties of the parties -- including those of Dr. Gorfinkel -- with respect to the patents mentioned above. See e.g. Genometrica Amended Complaint, ¶¶ 237-239. Further, Genometrica has, inter alia, brought individual claims for tortious interference with Genometrica's contract with the Foundation, tortious interference with with Genometrica's advantageous business relations with the Foundation, and usurpation of Genometrica's corporate opportunity under its license agreement and research agreements with the Foundation. See e.g. Genometrica Amended Complaint, ¶¶ 328-351. All of these claims are related to, inter alia, the inter-relationships between and the actions of Dr. Gorfinkel, Dr. Gorbovitski, ABMM, Genometrica, and the Foundation. See generally Genometrica Amended Complaint.

Under the License Agreement, and as previously determined by this Court in the Genometrica Action, Genometrica was required to notify the Foundation of any infringement of the aforementioned patents, and, 30 days after this notice, Genometrica was authorized to bring patent-infringement claims based upon the alleged infringement. See e.g. Genometrica Amended Complaint, ¶¶ 213-214; and Genometrica Research, Inc., et al., v. Gorbovitski, et al., 2013 WL 394892 at *4, 5 (E.D.N.Y. Jan. 31, 2013). Genometrica notified the Foundation of the alleged patent infringement by Dr. Gorfinkel, Dr. Gorbovitski, and ABMM, and thereafter filed the Genometrica Amended Complaint, which contains Genometrica's patent-infringement claims against, inter alia, Dr. Gorfinkel. Genometrica, 2013 WL 394892 at *4-5.

In the Gorfinkel Action, Dr. Gorfinkel alleges, inter alia, that when Genometrica notified the Foundation of the alleged patent infringement under the License Agreement, Genometrica intentionally interfered with her contractual relationships with SUNY and the Foundation, interfered with advantageous business relationships with SUNY and the Foundation, and defamed Dr. Gorfinkel's character. See e.g. Gorfinkel Amended Complaint, ¶¶ 22, 24,-79. Dr. Gorfinkel also seeks declaratory judgment stating that she did not infringe on the very same patents that are the subject of Genometrica's patent-infringement claims in the Genometrica Action. See e.g. Gorfinkel Amended Complaint, ¶¶ 11-13, 81-105. As a result, Dr. Gorfinkel's causes of action involve the exact same transactions, actions, omissions, and time lines that are also the subject of the Genometrica Action. See e.g. Gorfinkel Amended Complaint, ¶¶ 22-28, 81-105. Thus, the two cases are related and consolidation of them would save substantial judicial resources.

Moreover, in the Genometrica Action, this Court has already ruled on issues that are at the very heart of the Gorfinkel Action. As outlined above, in her her first three causes of action Plaintiff relies extensively on the fact that, pursuant to the terms of the License Agreement, Genometrica informed the Foundation of its belief that Dr. Gorfinkel and others were infringing on certain patents governed by the License Agreement. Yet, this Court has already ruled, in the Genometrica Action, that the very same actions by Genometrica -- when it notified the Foundation -- were proper. Genometrica, 2013 WL 394892 at *5. The two cases could not be more factually and legally intertwined. These are related cases and this Court should consolidate them.

Magistrate Judge A. Kathleen Tomlinson has been assigned to both of these actions for discovery purposes. The Genometrica Action was recently re-assigned to District Court Judge Pamela K. Chen. And the Gorfinkel Action was assigned to District Court Judge Joseph F. Bianco. The Genometrica Action has the lowest docket number of the two related cases. We, therefore, believe that the Gorfinkel Action should be transferred to District Court Judge Chen for consolidation, discovery, and trial, pursuant to Guideline § 50.3.1(e).

<div style="text-align: right;">
Respectfully submitted,

/s/Robert Kenney  
Robert Kenney
</div>

cc:    Panagiota Betty Tufariello

3

# CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of June 2013, I caused a true and correct copy of the foregoing *Letter to the Clerk of Court* dated June 12, 2013, to be served via the Court's electronic case filing system upon all parties who have entered an appearance and via email as set forth below.

Dated: New York, New York
       June 12, 2013

                                    /s/Robert Kenney
                                    Robert Kenney

To:    Honorable Pamela K. Chen (Courtesy copy, *via* Regular Mail)
        Honorable Joseph F. Bianco (Courtesy copy, *via* Regular Mail)
        Honorable A. Kathleen Tomlinson (Courtesy copy, *via* Regular Mail)

        Arthur Morrison (via ECF and Email)
        akatz@xand.com

        William V. Rapp (via ECF and Email)
        william.v.rapp@njit.edu