UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

VERA GORFINKEL,  Case No.: 13 cv 3093 (PKC)(AKT)

                 Plaintiff,

- against -

RALF VAYNTRUB, INVAR CONSULTING LTD,
GENOMETRICA LTD, and GENOMETRICA
RESEARCH, INC.,

                 Defendants.
-----------------------------------------------------------------------X

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Rule"), Plaintiff Vera Gorfinkel ("Vera") Opposes the Dismissal Motion by The state court defendants Ralf Vayntrub ("Ralf"), Invar Consulting Ltd, ("Invar") Genometrica Ltd. ("Ltd') Genometrica **Research, Inc.,**

**("Genometrica")**

State of New York   )

                      ) ss:

County of Westchester )

ARTHUR MORRISON Attorney at Law, admitted to practice before this Honorable Court since 1964 declares the following to be true under the penalties of perjury:

Introduction

1. Your honor has granted permission to oppose a Rule 12(b)(6) motion on the part of the Defendants Ralf Vayntraub, Invar Consultiong, Genometrical Ltd., and Genometrica Research. Firstly, the case is in state court and federal court are not related.

2. The facts, transaction, and legal issues are not all the same.

3. There are no research agreements between Vera Gorfinkel and Defendants named above; all research agreements are between SUNY (RF) and Invar.

4. At all times Vera Gorfinkel did research as a principal investigator ("PI") only for SUNY (RF).

5. At no time did SUNY (RF) at Stony Brook contract to develop a product.

6. The SUNY (RF) contract was for research only, not development; all patents are in the name of SUNY (RF); the defendants own no patents in their own name, but are licensees only.

7. The Amended Complaint contains one claim for relief involving patent infringement. There is one remaining federal claim for unfair federal competition (the third claim for relief). The fourth and fifth federal claims for unfair competition were dismissed by Judge Spatt on January 29, 2013 and no appeal has been taken. The remaining claims for relief are all state based.

8. With the courts permission we will cite to and provide in the next paragraph, the complete second claim for relief for patent infringement.

**SECOND CLAIM FOR RELIEF**
**PATENT INFRINGEMENT UNDER 35 U.S.C. § 271** *et seq.*
**(Against All Defendants)**

240. Genometrica incorporates by reference the allegations contained in paragraphs 1-239 of the First Amended Complaint as though fully set forth herein.

241. Defendants' acts of making, using, offering to sell and selling their Medical Device constitute willful infringement under 35 U.S.C. § 271 and §§ 281 – 285 of the Foundation's U.S. Patent Nos. 7,402,817 B2; 6,944,407 B2; 6,934,030 B2; 6,771,367 B2; 6,760,109 B2; 6,759,247 B2; 6,528,801 B1; 6,497,804 B1; 6,475,362; 6,464,852 B1; 6,038,023 A3; and 5,784,157, as exclusively licensed to Genometrica.

242. Defendants have actual notice of the infringement of patents 7,402,817 B2; 6,944,407 B2; 6,934,030 B2; 6,771,367 B2; 6,760,109 B2; 6,759,247 B2; 6,528,801 B1; 6,497,804 B1; 6,475,362; 6,464,852 B1; 6,038,023 A3; and 5,784,157.

243. Defendants' actions have caused irreparable injury to Genometrica's business and business reputation, for which injury, as Defendants Gorbovitski and Gorfinkel have agreed in their Restrictive Covenants Agreements, there is no adequate remedy at law.

244. Defendants will continue to infringe the patents, *i.e.*, 7,402,817 B2, 6,944,407 B2, 6,934,030 B2, 6,771,367 B2, 6,760,109 B2, 6,759,247 B2, 6,528,801 B1, 6,497,804 B1, 6,475,362, 6,464,852 B1, 6,038,023 A3, and 5,784,157 by their continued manufacture, use, sale, and offers to sell their ABMM Sequencer unless enjoined by this Court.

245. Defendants' actions will continue to harm Genometrica and the Foundation in that said actions will continue to damage Genometrica's business and business reputation in a manner not adequately compensable by law.

246. Defendants' actions have harmed Genometrica's business in that Genometrica has lost sales and suffered monetary damage, the amount of which is yet undetermined.

247. Defendants have caused and a likely to continue to cause substantial injury to the public and to Genometrica; and therefore Genometrica is entitled to injunctive relief and also to recover Defendants' profits, actual damages, enhanced profits and damages, as well as to recover Genometrica's costs and reasonable attorneys' fees.

248. Genometrica has the right to bring the present patent infringement claims at its own expense against infringers of the patents licensed to Genometrica under the License Agreement, and to use the name of the Foundation as a party plaintiff (**Exhibit 1**, page 7).

9. The state-based complaint, which defendants seek to dismiss, is pleaded as a claim in declaratory judgment as there have been proceedings in SUNY (RF) prior to the commencement of this litigation whereby the defendants utilizing the same law firm in this current litigation, Hofheimer, Gartlar, and Betty Tufariello, Esq. filed a complaint against Vera Gorfinkel with SUNY (RF) alleging patent infringement on her part against the defendants. SUNY (RF) conducted a hearing and determined there was no basis for the complaint. Determined that no patent infringement had occurred and totally absolved Vera Gorfinkel from any of the patent infringement charges that were made by the defendants.

10. The sole ground for removal therefor is that the declaratory judgment action speaks of patent infringement and therefore is connected to the second claim for relief in the case pending in U.S. District Court in the Eastern District of New York, Case 11-CV-5802.

11. In the annexed, there is a companion motion, by the Plaintiff Vera Gorfinkel to remand the Suffolk County Supreme Court Case based upon the fact that she has withdrawn the last cause of action in her amended complaint for declaratory judgment

thereby removing the sole ground for removal.

12. Plaintiffs' Complaint alleges that Vera Gorfinkel is "making, using, offering to sell and selling their Medical Device" *See* Complaint, 241. We have no knowledge of that. There is no medical device being sold by Vera Gorfinkel.

13. Plaintiffs' Complaint alleges "actual notice of the infringement of patents 7,402,817 B2; 6,944,407 B2; 6,934,030 B2; 6,771,367 B2; 6,760,109 B2; 6,759,247 B2; 6,528,801 B1; 6,497,804 B1; 6,475,362; 6,464,852 B1; 6,038,023 A3; and 5,784,157." We have no knowledge of that. There is no medical device being sold by Vera Gorfinkel.

14. Plaintiffs' Complaint alleges "have caused irreparable injury to Genometrica's business and business reputation, for which injury, as Defendants Gorbovitski and Gorfinkel have agreed in their Restrictive Covenants Agreements, there is no adequate remedy at law." We have no knowledge of that. There is no such agreement. And Defendants do a have an adequate remedy at law in state court.

15. Plaintiffs' Complaint alleges Defendants "will continue to infringe the patents, *i.e.*, 7,402,817 B2, 6,944,407 B2, 6,934,030 B2, 6,771,367 B2, 6,760,109 B2, 6,759,247 B2, 6,528,801 B1, 6,497,804 B1, 6,475,362, 6,464,852 B1, 6,038,023 A3, and 5,784,157 by their continued manufacture, use, sale, and offers to sell their ABMM Sequencer unless enjoined by this Court." We have no knowledge of that. There is no such product as an ABMM Sequencer.

16. Plaintiffs' Complaint alleges "Defendants' actions have harmed Genometrica's business in that Genometrica has lost sales and suffered monetary damage, the amount of which is yet undetermined." We have no knowledge of that. Defendants have no knowledge that Plaintiffs have created a product so that Plaintiffs cannot lose sales and suffer monetary damage if no product exists to be in competition.

17. Plaintiffs' Complaint alleges "Defendants have caused and a likely to continue to

cause substantial injury to the public and to Genometrica; and therefore Genometrica is entitled to injunctive relief and also to recover Defendants' profits, actual damages, enhanced profits and damages, as well as to recover Genometrica's costs and reasonable attorneys' fees." We have no knowledge of that. Defendants have no knowledge of any product being manufactured, used, sold, or offered for sale. Therefore no patent can be infringed, and it is speculative to seek profits, actual damage, or enhanced profits damages as alleged in paragraph 247.

18. These allegations, as well as the others in the Complaint, fail to state a claim upon which relief can be granted.

19. Plaintiffs have failed to identify a single accused product by model name or number. They have failed to specify any claim of any asserted patent. They have failed to specify which third parties Vera Gorfinkel allegedly induced to infringe the asserted patents, and they have failed to identify which products, methods, or systems Genometrica sells or has sold "are especially adapted for uses that are prohibited by" the patents. *See* Amended Complaint. Further, they have failed to sufficiently plead that Vera Gorfinkel was on notice of the asserted patents or that Vera Gorfinkel had the specific intent to encourage another's infringement.

20. Lacking factual allegations legally sufficient to provide a basis for a claim of patent infringement, Plaintiffs' Complaint fails to state a claim upon which relief may be granted and, therefore, must be dismissed.

ARGUMENT
A. LEGAL STANDARD FOR A RULE 12(b)(6) MOTION

21. Rule 12(b)(6) provides that a party may assert the following defenses by motion: ... (6) failure to state a claim upon which relief can be granted. Vera Gorfinkel brings this Motion under Rule 12(b)(6) challenging the sufficiency of Plaintiffs' Amended Complaint, Second Claim for

Relief.

22. According to Rule 8(a), a well-pled complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. In its 2007 decision, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), leading up to the now-renowned *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) decision, the Supreme Court held that a complaint must state enough facts to state a claim to relief that is plausible on its face. *See, Twombly,* 550 U.S. at 570 (emphasis added). In *Iqbal,* the Supreme Court revisited *Twombly* and elaborated on the facial plausibility requirement:

23. As the Court held in *Twombly,* the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

24. *See, Iqbal ,* 129 S.Ct. at $_{1949}$ (internal citations omitted).

25. The Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that are not entitled to an assumption of truth, because they are no more than conclusions. *Id.,* 129 S.Ct. at 1951. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although the pleading requirements of Rule 8 mark a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *See, Id.,* 129 S.Ct. at 1950.

26. Second, where well-pled factual allegations are found, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. *Id.,* 129 S.Ct. at 1951.

### B. PLAINTIFFS' COMPLAINT FAILS TO SATISFY THE PLEADING STANDARDS OF *IQBAL*

27. The allegations of Plaintiffs' Complaint are virtually identical to those found deficient in *Halton Co. v. Streivor, Inc.,* 2010 U.S. Dist. LEXIS 50649 (N.D. Cal. May 21, 2010). The complaint in *Halton* included claims which the defendant moved to dismiss pursuant to Rule 12(b)(6), as follows :

> "11. On information and belief, during the term of the '421 Patent, Streivor has infringed and continues to infringe; has contributorily infringed and continues to contributorily infringe; and/or has induced and continues to induce others to infringe one or more claims of the '421 Patent. Streivor's infringing activities in the United States and in this District include making, using, selling and/or offering to sell commercial kitchen products with exhaust hoods, including, but not limited to, Wall Canopy Box Design Hoods with Smart Aire.
> 12. In April 2009, Halton provided Streivor with actual written notice of the '421 Patent and Streivor's infringing activity, and demanded that Streivor cease and desist from infringing the '421 Patent.
> 13. Streivor has intentionally and willfully infringed the '421 Patent and continues to intentionally and willfully infringe the '421 Patent."
> *Id.*

28. Plaintiffs' Complaint suffers from more serious defects than those at issue in *Halton*. Both the *Halton* complaint and Genometrica's Amended Complaint rely on conclusory allegations, naming general product types, but otherwise failing to set forth allegations legally sufficient to state a claim of patent infringement.

29. Here, the complaint simply alleges that Defendants are in violation of 35 U.S.C. § 271, has been and is currently infringing, contributorily infringing, or inducing infringement of [the patents-in-suit] by, among other things, making, using, offering to sell and/or selling infringing products, which have not been proven to exist.

30. In this case, there is no evidence that Genometrica ever produced a product or that the Defendant, Vera Gorfinkel, ever manufactured, used, sold, or offered to sell, any product.

31. Based on these facts, the Court finds that Genometrica's allegations in its Amended Complaint do not provide Defendant with "fair notice" of what Plaintiffs claim or claims are and, therefore, fail to satisfy Rule 8(a)(2). See Conley, 355U.S. at 47-48 (1957). 112 *Hewlett-Packard Co. v. Intergraph Corp., 2003U .S.* Dist. LEXIS 26092, 5-7 (N.D.Cal. Sept. 6, 2003)

32. Other District Court decisions have reached the same results where a patent infringement claim is pled sparely. *See, e.g., Elan Microelectronics Corp. v. Apple, Inc.,* 2009 U.S. Dist. LEXIS 83715 (N.D. Cal. Sept. 14, 2009).

33. In *Elan,* the Court found that Defendant Apple's patent infringement counterclaim was so lacking in at least some facts as to why it is reasonable to believe there is infringement, that the plaintiff was left to speculate or guess as to what Apple=s claim implicated. *Id.*

34. In addition, Plaintiffs must specify not only the products that allegedly infringe, but also *how* those products or services allegedly infringe the specific claims of the patents-insuit.

35. In *Cal. Inst. of Computer Assisted Surgery, Inc. v. Med-Surgical Servs.,* 2010 U.S. Dist.

LEXIS 80599 (N.D. Cal. Aug. 3, 2010), the complaint alleged that defendant has and continues to directly infringe, contributorily infringe, and/or induce the infringement of [the patents] by making, using, offering to sell, licensing, and/or selling products, systems, and/or processes that are covered by the claims of the inventions contained in [the patents]. Specifically, Med-Surgical's use of CBYON Systems infringes on one or more of the claims of [the patent]. *Id.*

36. Accordingly, for all of the reasons above, Plaintiffs' infringement allegations against Defendants should be dismissed.

37. Plaintiffs' Complaint fails to allege facts sufficient to state a claim for direct patent infringement, active inducement of patent infringement, or contributory patent infringement.

## Conclusion

For the reasons stated above, Plaintiff Vera Gorfinkel respectfully submits that the Court issue an Order denying Defendants' motion to dismiss under Federal Rules of Civil Procedure 12(b)(6).

Dated: Hawthorne, New York
       June 28, 2013

                              Respectfully Submitted,

                              /s/Arthur Morrison
                              Arthur Morrison, Esq. (AM5678)

                              Attorney For the Plaintiff:
                              Vera Gorfinkel

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VERA GORFINKEL,                                  Case No.: 13 cv 3093
                                                 (PKC)(AKT)
                    Plaintiff,

- against -

RALF VAYNTRUB, INVAR CONSULTING LTD,
GENOMETRICA LTD, and GENOMETRICA
RESEARCH, INC.,
                    Defendants.
-----------------------------------------------------------------X

## AFFIRMATION OF SERVICE

ARTHUR MORRISON, an attorney duly admitted to practice law before the Federal District Courts of the Eastern District of New York, affirms under penalty of perjury as follows:

I am over 18 years of age and not a party to this action. On June 28, 2013, I served the within annexed Opposal to the Dismissal Motion by The State Court defendants Ralf Vayntrub ("Ralf"), Invar Consulting Ltd, ("Invar") Genometrica Ltd. ("Ltd') Genometrica Research, Inc., ("Genometrica") upon The Law Offices of P.B. Tufariello, P.C., by electronic mail and by overnight mail addressed to, The Law Offices of P.B. Tufariello, P.C., 25 Little Harbor Road, Mt. Sinai, NY 11766 and by electronic mail and overnight mail addressed to: Hofheimer Gartlir & Gross, LLP, Robert J. Kenney, Jr., 530 Fifth Avenue, 9th Floor, New York, NY 10036.

/s/Arthur Morrison
Arthur Morrison, Esq.

Affirmed:
June 28, 2013
Hawthorne, New York