| | | | |
|---|---|---|---|
| **UNITED STATES DISTRICT COURT** | | **CIVIL CONFERENCE** | |
| **EASTERN DISTRICT OF NEW YORK** | | **MINUTE ORDER** | |

BEFORE:   A. KATHLEEN TOMLINSON            DATE:   8/1/2013
              U.S. MAGISTRATE JUDGE                TIME:   2:45 p.m. (19 minutes)

*Gorfinkel v. Vayntrub et al.*,
**CV 13-3093 (PKC) (AKT)**

TYPE OF CONFERENCE:            **INITIAL CONFERENCE**

APPEARANCES:     Plaintiff        Arthur Morrison (by phone)

                 Defendant        Panagiota B. Tufariello

FTR:   2:45-3:04

SCHEDULING:

Counsel have been directed to contact Chambers within three days of Judge Chen's decision on the pending motion to dismiss if the motion is denied in whole or in part.

THE FOLLOWING RULINGS WERE MADE:

1. At the time of today's conference, no one appeared on behalf of the plaintiff. Chambers' staff spent some time reaching out to plaintiff's counsel of record, Arthur Morrison, as well as purported co-counsel who have not yet filed Notices of Appearance in this action. For whatever reasons, there was confusion about who was covering today's conference. Eventually, the court was able to reach Attorney Arthur Morrison who is listed on the docket as counsel of record. I advised Mr. Morrison that the circumstances are not to be repeated. To that end, Attorneys William Rapp and Gregory Koerner shall promptly file on ECF a proper Notice of Appearance.

2. Counsel for the parties in this diversity/intentional interference with contract relations action met for a Rule 26(f) conference and I am adopting a portion of the discovery plan submitted by them with several modifications.

    Initial Disclosures pursuant to Rule 26(a) are to be **served by September 11, 2013**.

3. There was no indication at today's conference whether a Stipulation and Order of Confidentiality is needed in this action. Given the nature of the allegations, there may be such a need. If so, I am directing the attorneys to prepare, execute and filed on ECF a proper Stipulation and Order of Confidentiality to be reviewed and "so ordered." That Order will then become part of the Court record. If the parties intend to proceed with a

proposed stipulation, they should file the executed document on ECF by September 28, 2013.

4.   I am giving the parties until September 28, 2013 to confer and reach an agreement on the method by which electronically stored information ("ESI") shall be produced in this case. The parties are to file their letter agreement, executed by all counsel, on ECF <u>no later than September 28</u> advising me of what agreement/ procedure has been put in place, and the specific details of such agreement.   In the alternative, if there is no ESI relevant to this case, the parties shall so advise me in the same manner.

5.   Discovery is restricted, until the further order of this Court, to the service of and responses to document requests and interrogatories.  Requests for production of documents and interrogatories must be **served by September 28, 2013.**  Responses to those demands must be **served no later than November 8, 2013**.  No depositions are to proceed until the further order of this Court.

6.   The deadline to make a formal motion under the Federal Rules to add parties or amend the pleadings is held in abeyance until there is a determination on the pending motion to dismiss.

7.   In accordance with Local Rule 37.3, the parties are obligated to meet and confer in good faith to resolve any outstanding discovery disputes.  If the parties cannot resolve the dispute among themselves the parties should seek judicial intervention by filing the appropriate letter motion as expeditiously as possible.  <u>Any motion seeking Court intervention in a discovery dispute must contain a certification that the parties have complied with Local Rule 37.3 and an explanation of how they have done so.  Failure to comply with the certification requirement will result in the motion being returned to the moving party</u>.  Counsel are hereby on notice that unless they advise the Court that they have had an actual conversation with each other in an attempt to resolve the discovery dispute at issue, the motion papers will be returned to them until such time as they can certify that they have had such a working conversation (*n o t* merely an exchange of e-mails or letters).

If an attorney has objections to opposing counsel's response to a document demand or interrogatory and/or is seeking to compel responses to a specific document demand or interrogatory, counsel, after complying with Local Civil Rule 37.3, must also comply with Local Civil Rule 37.1 which directs how this information is to be presented to the Court. <u>Discovery motions brought under Rule 37.1 are exempt from the three-page limitation on discovery motions so that the movant can comply with Rule 37.1.</u>

8.   As counsel were advised today, under existing Second Circuit case law, any amendments or modifications to this Order must be approved in advance by the Court.  Therefore, the parties are not free to grant each other extensions of any deadline set forth in these Orders. All requests for extensions or modifications of any deadlines stated in these Orders must be made by letter motion to the Court in advance of the expiration of the deadline.  The parties are directed to my Individual Practice Rules for further information.

SO ORDERED

/s/ A. Kathleen Tomlinson
A. KATHLEEN TOMLINSON
U.S. Magistrate Judge