UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X    Case No.: CV 13-3093 (PKC) (AKT)

VERA GORFINKEL,

    Plaintiff,    **STIPULATED ENTRY OF**
**CONFIDENTIALITY AND**
**PROTECTIVE ORDER**

    v.

RALF VAYNTRUB, INVAR CONSULTING LTD.,
GENOMETRICA LTD. and GENOMETRICA
RESEARCH INC.

    Defendants.
------------------------------------------------------------X

    In order to facilitate discovery, including non-party discovery, the parties, through their respective attorneys of record, hereby agree and stipulate for the Court's consideration to so order as follows:

    1.    This Stipulated Entry of Confidentiality and Protective Order ("The Order") is applicable to all parties hereto for the purpose of facilitating discovery in this lawsuit. "Parties" or "party" shall mean the parties of record and also include any non-party signatory to the Order in the form attached hereto as Exhibit A.

    2.    Except as otherwise provided below, any document, data, or thing produced, deposition testimony, interrogatory answer, or other discovery response produced, given, or served pursuant to discovery requests in this litigation and designated by the producing party as "Confidential" or "Attorneys' Eyes Only" (collectively, the "Material"), or any information contained in or derived from any of the Material, shall be subject to the provisions of this Agreement until further order of the Court. Nothing in this Order shall permit one party to

designate documents produced by another party as "Confidential" or "Attorneys' Eyes Only", unless the document in question is proprietary to or originated from the party seeking to so designate and the producer's independent possession of it was through improper means, and except as otherwise permitted by the Court, by application of a party or otherwise.

3.  Material shall be designated as "Confidential" or "Attorneys' Eyes Only" by stamping the legend "Confidential," or "Attorneys' Eyes Only" by each party as to which appropriate confidentiality is claimed. Any party may designate a deposition or portion thereof as "Confidential" or "Attorneys' Eyes Only" Material by denominating by page and line those portions of the deposition that are to be considered "Confidential" or "Attorneys' Eyes Only" Material within thirty (30) days of receipt of the transcript and informing all other parties of such designation. At the time of testimony, the designating party may orally designate testimony about to be solicited to be "Confidential" or "Attorneys' Eyes Only," at which time persons excluded by such designations shall be excused from the place of testimony during the rendering of such testimony claimed to be Material. The parties, through counsel of record, agree to consult and make such requests only as reasonably needed in connection with this Agreement and otherwise proceed in accordance with the terms of this Agreement. With respect to any Material designated as "Confidential" or "Attorneys' Eyes Only" that is not produced in paper form (such as diskettes, magnetic media, and other Material not produced in paper or tangible form), and that is not susceptible to the imprinting of a stamp signifying its confidential nature, the producing party shall, to the extent practicable, produce such Material with a cover labeled "Confidential" or "Attorneys' Eyes Only" and shall inform all counsel in writing of the "Confidential" or "Attorneys' Eyes Only" designation of such Material at the time such Material is produced.

3.1. Notwithstanding anything herein to the contrary, all deposition transcripts, in their entirety, shall presumptively be treated as Attorneys' Eyes Only Information for a period of fifteen (15) days after their receipt by counsel for any one of the parties. At the end of such fifteen-day period, said deposition transcripts shall be considered and designated as "Confidential" unless otherwise designated by counsel defending the entities or individuals whose depositions are contained in the deposition transcripts.

4. "Confidential" Material, as used herein, means information of any type, kind, or character that is in fact confidential and reasonably so considered by the producing party to be confidential. Material that is available to the public, including catalogues, advertising materials, and information prepared in the ordinary course of business that would ordinarily not be subject to a confidentiality order, is not "Confidential" and shall not be designated as "Confidential." The fact that a non-producing party does not challenge a producing party's designation as to a specified or any other lesser or greater designation of protection shall in no way be deemed to be an admission of confidentiality or any other escalated designation of protection, admissibility, or inadmissibility. All parties reserve the right to challenge or change a designation, provided that the producing party's designation, even as amended, shall be respected until otherwise directed by the Court, consistent with the provisions herein.

5. "Attorneys' Eyes Only" Material, as used herein, means highly sensitive business Materials. The parties contemplate that "Attorneys' Eyes Only" Material shall include the parties' economic, financial, and marketing data, research and development and technical information, and trade secret information, and current and future business plans, subject to the limitations of paragraph 6 below. Absent order of the Court, no party (as opposed to the party's counsel) shall receive or be informed of the other party's "Attorneys' Eyes Only" Material.

6. No "Confidential" Material subject to this Order, and notes, extracts, or summaries therefrom, shall be given or shown to any person except the following:

(a) Attorneys for any party hereto and the legal staff of such attorneys.

(b) Persons who are not parties or employees or agents of any party, and who are expressly retained to assist a party's counsel in the preparation of this action for trial including, but not limited to, consulting and testifying experts, including those undisclosed but specifically retained by a party in connection with advice, counsel, and consultation to be rendered to such party in connection with this civil action, which would include, *inter alia*, independent auditors, accountants, statisticians, economists, and other experts such as forensic computer experts, and the employees of such persons, after each of such persons has signed and delivered to the producing party's counsel a statement in the form attached hereto as Exhibit A.

(c) The officers, directors, or employees of a party to this litigation, only to the extent that such persons are assisting counsel for that party in the conduct of this litigation, after each such person has signed and simultaneously delivered to the producing party's counsel a statement in the form attached hereto as Exhibit A.

(d) The Court, other court officials (including court reporters), and the trier of fact, but only as permitted by of the Court.

(e) Fact witnesses, after each such fact witness has signed and delivered to the producing party's counsel a statement in the form attached hereto as Exhibit A.

7. No "Attorneys' Eyes Only" Material subject to this Order, nor notes, extracts or summaries therefrom, shall be given or shown to any person except the following:

(a) Attorneys for any party hereto and the legal staff of such attorneys; and

(b) Those persons as identified in and restricted by paragraphs 6(b) and (d) above.

8. The inadvertent failure of any party to designate Material as "Confidential" or "Attorneys' Eyes Only" Material shall not constitute or have the effect of a waiver of any subsequent claim that such Material or any similar Material should be treated as Material subject to this Order. However, the good-faith disclosure of such Material by any receiving party, prior to such later designation by the other party, shall not be deemed a violation of the provisions of this Order, provided that there is immediate notice by the non-producing party to the producing party and adequate and reasonable action is taken by the non-producing party to cure or limit the effect of such inadvertent disclosure.

9. If, in connection with this litigation, a party inadvertently discloses information subject to a claim of attorney-client privilege or attorney work product protection ("Inadvertently Disclosed Information"), such disclosure shall not constitute or be deemed a waiver or forfeiture of any claim of privilege or work product protection with respect to the Inadvertently Disclosed Information and its subject matter.

10. If a disclosing party makes a claim of inadvertent disclosure, the receiving party shall, within five business days, return or destroy all copies of the Inadvertently Disclosed Information, and provide a certification of counsel that all such information has been returned or destroyed.

11. Within five business days of the notification that such Inadvertently Disclosed Information has been returned or destroyed, the disclosing party shall produce a privilege log with respect to the Inadvertently Disclosed Information.

12. The receiving party may move the Court for an Order compelling production of the Inadvertently Disclosed Information. The motion shall be filed under seal, and shall not assert as a ground for entering such an Order the fact or circumstances of the inadvertent production.

13. The disclosing party retains the burden of establishing the privileged or protected nature of any Inadvertently Disclosed Information. Nothing in this Order shall limit the right of any party to request an in camera review of the Inadvertently Disclosed Information.

14. No "Confidential" or "Attorneys' Eyes Only" Material shall be used for any purpose other than to assist in the prosecution or defense of claims in this lawsuit.

15. Disclosures made to all persons to whom disclosures are permitted hereunder shall be made subject to and in accordance with the terms of this Order.

16. If any party believes that any Material that has been designated as "Confidential" or "Attorneys' Eyes Only" is not properly subject to the confidentiality provisions of this Agreement, or has been afforded an unwarranted designation, and the parties are unable to resolve the issue despite good faith efforts to do so, the non-producing party challenging a designation may file a motion with the Court, requesting the Material be de-designated, re-designated, and/or exempted from the terms of this Order. The party that so designated such Material (the "designating party") must then file a response to the motion as required by the rules and shall bear the burden of justifying confidential treatment of the disputed Material under applicable law. The protection afforded by this Order shall continue until a decision on the motion is made by the Court or the motion is properly deemed unopposed.

17. In the event a party wishes to use any "Confidential" or "Attorneys' Eyes Only" information in any affidavits, briefs, memoranda of law, or other papers filed in court in this

litigation, such "Confidential" or "Attorneys' Eyes Only" information used therein shall be filed under seal with the Court. The party making the submission shall simultaneously file via ECF a copy of the submission with the portions containing "Confidential" and "Attorneys' Eyes Only" information redacted. Unless otherwise agreed to by the parties or by order by the Court, all proceedings involving or relating to "Confidential" or "Attorneys' Eyes Only" Material shall be subject to the provisions of this Order.

18. This Order shall not be deemed a waiver of:

(a) Any party's right to object to any discovery requests on any ground;

(b) Any party's right to seek an order compelling discovery with respect to any discovery request;

(c) Any party's right in any proceeding herein to object to the admission of any evidence on any ground; or

(d) Any party's right to use its own documents and its own "Confidential" or "Attorneys' Eyes Only" Material in its sole and complete discretion.

19. The provisions of this Order shall continue in effect with respect to any "Confidential" or "Attorneys' Eyes Only" Material until expressly released by the party furnishing such Material, and such effectiveness shall survive the final determination of this action. Any party may move the Court to amend any portion of this Order, notwithstanding the agreement of the parties, including amendment to permit actual trial witnesses and/or parties access to trial exhibits and transcripts of testimony that are reasonably necessary to assist such witnesses in preparation for their testimony. Each party shall return all "Confidential" or "Attorneys' Eyes Only" Material in its possession or control, and all copies, derivations, and summaries thereof, including transcripts confirming such Material as exhibits or referencing such

Material, to the party who furnished it, or certify that all such documents have been destroyed upon request by the designating party within sixty (60) days of the designating party's written request made anytime after the final non-appealable determination of this action. All Confidentiality Statements in the form attached as Exhibit A executed by a non-producing party or by persons given Material by a non-producing party in accordance with the terms of this Order shall be delivered to the designating party upon written request by such designating party made anytime as the final non-appealable determination of this action, thereby allowing the designating party to take all appropriate steps to ensure that return or destruction has been achieved by all persons who receive designated Material under this Order and in connection with this civil action.

20. Counsel for the parties to whom "Confidential" or "Attorneys' Eyes Only" Material has been furnished shall exercise best efforts to avoid disclosure of trade secrets or highly confidential information produced by nonparties and restrict disclosure in accordance with the provisions of this Agreement, and for securing execution of and retaining the statement attached hereto as Exhibit A as and when required under the provisions of this Order.

21. Nothing herein shall prevent disclosure beyond the terms of this Order if each party designating the Material as "Confidential" or "Attorneys' Eyes Only" consents to such disclosure in writing or, if the Court, after notice to all affected parties, orders such disclosure.

[remainder of page intentionally left blank]

SERVED DEFENDANTS
INVAR CONSULTING LTD.,
GENOMETRICA LTD. and GENOMETRICA
RESEARCH INC.,

Dated: 10/21/13

By: /s/
Robert J. Kenney, Jr
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, NY 10174
(212) 885-5000
rkenney@blankrome.com

By: _____
Panagiota Betty Tufariello, Esq.
INTELLECTULAW,
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, NY 11766
Telephone: (631) 476-8734
Facsimile: (631) 476-8737
E-mail: betty@intellectulaw.com

Nicholas B. Malito, Esq.
HOFHEIMER GARTLIR & GROSS, LLP
530 Fifth Avenue
New York, New York 10036
Telephone: (212) 818-9000
Facsimile: (212) 869-4930
E-mail: rkenney@hgg.com
nmalito@hgg.com

PLAINTIFF, VERA GORFINKEL

Dated: _____

By: /s/
Arthur D. Morrison, Esq.
11 Skyline Drive
Hawthorne, New York 10532
Telephone: (914) ~~592-8282~~ 980-7244
Facsimile: (914) 592-3482
E-mail: ~~akatz@sand.com~~ am2126@nyu.edu

By: _____
William V. Rapp, Esq.
85 River Road
Scarborough, New York 10510
Telephone: (914) 945-0630
Facsimile: (914) 923-1416
E-mail: wrapp@law.pace.edu

By: _____
Gregory Koerner, Esq.
Koerner Law Firm
111 John Street, Suite 230
New York, NY 10038
Telephone: (212) 461-4377
Facsimile: (212) 453-0658
E-mail: gkoerner@koerner-associates.com

SO ORDERED.
    SIGNED this _____ day of _____, 2013.

_____
HON. A. KATHLEEN TOMLINSON, U.S.M.J.

# EXHIBIT A ATTACHED TO
# STIPULATED ENTRY OF CONFIDENTIALITY PROTECTIVE ORDER

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
VERA GORFINKEL,

    Plaintiff,

                                    Case No.: CV 13-3093 (PKC) (AKT)

    v.

RALF VAYNTRUB, INVAR CONSULTING LTD.,
GENOMETRICA LTD. and GENOMETRICA
RESEARCH INC.

    Defendants.

-----------------------------------------------------------------X

## CONFIDENTIALITY STATEMENT

1. I, _____, am familiar with and agree to be bound by the terms of the Stipulated Entry of Confidentiality Protective Order in the litigation styled *Gorfinkel. v. Vaynrub et al.*, Case No.: 13-CV-3093(PKC)(AKT), in the United States District Court, Eastern District of New York.

2. I will only make such copies of or notes concerning documents designated "Confidential" or "Attorneys' Eyes Only" Material as are necessary to enable me to render the assistance required in connection with this litigation, and such notes and copies shall be preserved in a separate file maintained as confidential and marked for disposal or destruction upon completion of this litigation.

3. I will not reveal the contents of "Confidential" or "Attorneys' Eyes Only" Material to any unauthorized person.

4. I will not use "Confidential" or "Attorneys' Eyes Only" Material for any purpose other than the prosecution or defense of claims in this action.

5. I further understand that any violation of the Order could result in penalties which the Court may impose for contempt. I hereby consent to the jurisdiction of the above-captioned court for the special and limited purposes of any action seeking to enforce the terms and conditions of this order or any action for contempt for violation of this order.

Dated this _____ day of _____, 2013.

NAME: _____
(Print Name)

COMPANY NAME: _____

ADDRESS: _____

TELEPHONE NUMBER: _____

FAX NUMBER: _____

E-MAIL: _____