Robert Kenney
Nicholas B. Malito
HOFHEIMER GARTLIR & GROSS, LLP
530 Fifth Avenue
New York, New York 10036
Telephone: 212-818-9000
Facsimile: 212-869-4930
rkenney@hgg.com
nmalito@hgg.com

-and-

Panagiota Betty Tufariello
INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, New York 11766
Telephone: 631-476-8734
Facsimile: 631-476-8737
betty@intellectulaw.com

*Counsel for Defendants Invar Consulting Ltd., Genometrica
Ltd., and Genometrica Research, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------

VERA GORFINKEL,

              Plaintiff,

      -against-

RALF VAYNTRUB, INVAR CONSULTING
LTD., GENOMETRICA LTD. and
GENOMETRICA RESEARCH, INC.

            Defendants.

------------------------------------------------------------

:
:
: Case No.: 13-cv-3093 (PKC) (AKT)
:
:
:
:
:
:
:
:
:
:
:
:
:
:

## MEMORANDUM OF LAW IN SUPPORT OF THE SERVED
## DEFENDANTS' MOTION TO DISMISS THE AMENDED COMPLAINT

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTS ................................................................................................................................... 3

ARGUMENT ....................................................................................................................... 7

POINT I ALL CLAIMS AGAINST DEFENDANTS INVAR ................................................. 8

CONSULTING LTD., AND GENOMETRICA LTD. SHOULD BE DISMISSED ..................................... 8

    A.    Invar Consulting is Not a Proper Party. ................................................... 8

    B.    Plaintiff Has Not Alleged Any Basis to Pierce the Corporate Veil. ........................... 8

POINT II PLAINTIFF HAS NOT COMPLETED SERVICE OF PROCESS UPON DEFENDANT RALF

VAYNTRUB ...................................................................................................................... 10

POINT III PLAINTIFF FAILED TO STATE A CLAIM ............................................... 11

    A.    Plaintiff's First Cause of Action for Intentional Interference with Contractual

Relations. ...................................................................................................................... 11

        1.    Plaintiff Has Failed to Identify an Agreement That Could Be Breached. ................ 11

        2.    Plaintiff Has Not Sufficiently Pleaded Knowledge. ................................................... 12

        3.    Plaintiff Admits That a Breach Could Not Have Occurred. ...................................... 13

        4.    Collateral Estoppel Prevents Plaintiff from Prevailing on this Claim. ..................... 13

        5.    Plaintiff Has Failed to Sufficiently Allege Damages. ................................................ 14

    B.    Plaintiff's Second Cause of Action for Intentional Interference with

Advantageous Business Relations is Also Lacking Sufficient Pleading .......................... 15

        1.    Plaintiff Has Not Pleaded Either a Relationship or Knowledge of Relationship. .... 16

        2.    Plaintiff Fails to Allege Interference. ........................................................................ 16

        3.    Collateral Estoppel Bars this Claim as Well. ............................................................ 17

        4.    Plaintiff Has Not Alleged Any Loss Related to this Claim. ...................................... 17

        5.    Any Statements About the Related Case are Protected by New York Statute. ........ 18

        6.    Plaintiff Has Failed to Plead Damages as a Result of this Claim. ............................ 19

    C.    Plaintiff's Third Cause of Action for Defamation of Character Fails as Well...... 19

        1.    Plaintiff Has Not Identified the Speakers, the Receivers, the Timing, or the Alleged

False Statements that She Bases this Claim Upon. ............................................................. 20

    D.    Plaintiff's Fourth Cause of Action for Declaratory Judgment Fails Because it

**Seeks Judgment on Issues Already Pending in the Related Case.** .................................... 23

**CONCLUSION** ......................................................................................................... 25

## TABLE OF AUTHORITIES

### Cases

Ahmed v. Gelfand, 160 F.Supp.2d 408 (E.D.N.Y. 2001)....................................................... 20, 22

Albert v. Loksen, 239 F.3d 256 (2d Cir. 2001)...................................................................... 20

Amaranth LLC v. J.P. Morgan Chase & Co., 71 A.D.3d 40 (1st Dep't 2009)...................... 16, 18

Arar v. Ashcroft, 585 F.3d 559 (2d Cir. 2009) ..................................................................... 8

Ashcroft v. Iqbal, 556 U.S. 662 (2009).................................................................... 7, 13, 16

Baez v. JetBlue Airways, 745 F.Supp.2d 214 (E.D.N.Y. 2010).......................................... 20

Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007).................................................. 7, 13, 16

Billy v. Consol. Mach. Tool Corp., 51 N.Y.2d 152 (1980) ............................................... 9

Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759 (2d Cir. 1990)..................................... 20, 21

Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 2012 WL 1038804 (E.D.N.Y. Mar. 28,
     2012)............................................................................................................................... 8

Camofi Master LDC v. Coll. P'ship, Inc., 452 F.Supp.2d 462 (S.D.N.Y. 2006) ........................ 23

Camp Summit of Summitville, Inc. v. Visinski, 2007 WL 1152894 (S.D.N.Y. Apr. 16, 2007). 20,
     21

Campo v. 1st Nationwide Bank, 857 F.Supp. 264 (E.D.N.Y.1994) .......................................... 11

Catskill Development, L.L.C. v. Park Place Entertainment Corp., 547 F.3d 115 (2d Cir. 2008)  16

Central Hudson Gas & Electric Corporation v. Empresa Naviera S.A., 56 F.3d 359 (2d Cir.
     1995).............................................................................................................................. 14

Cont'l Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734 (2d Cir. 1992) ......................................... 23

Daniels v. Alvarado, 2004 WL 502561 (E.D.N.Y. 2004) ........................................................ 22

DeGraziano v. Verizon Communications, Inc., 325 F.Supp.2d 238 (E.D.N.Y. 2004)............. 9, 10

Doe v. Pfrommer, 148 F.3d 73 (2d Cir.1998).......................................................................... 14

Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384 (2d Cir. 2005).................. 23

Ello v. Singh, 531 F.Supp.2d 552 (S.D.N.Y.2007)................................................................... 21

Fay Estates v. Toys "R" Us, Inc., 22 A.D.3d 712 (2d Dep't 2005)............................................ 9

Flash Elecs., Inc. v. Universal Music & Video Distrib. Corp., 312 F.Supp.2d 379 (E.D.N.Y.
     2004).............................................................................................................................. 11

Fuji Photo Film U.S.A., Inc. v. McNulty, 669 F.Supp.2d 405 (S.D.N.Y. 2009)......................... 21

Gartner v. Snyder, 607 F.2d 582 (2d Cir. 1979)....................................................................... 9

Genometrica Research Inc. et al. v. Gorbovitski et al., 2013 WL 394892 (E.D.N.Y. Jan. 31,
     2013)........................................................................................................................ passim

Goldhirsh Group, Inc. v. Alpert, 107 F.3d 105 (2d Cir. 1997)............................................. 16, 18

Ives v. Guilford Mills, Inc., 3 F.Supp.2d 191 (N.D.N.Y. 1998) .............................................. 21

Kelly v. Schmidberger, 806 F.2d 44 (2d Cir. 1986) ................................................................ 20

Lader v. Delgado, --- F.Supp.2d --- (E.D.N.Y. 2013), 2013 WL 1346278 (E.D.N.Y. Mar. 29,
     2013).............................................................................................................................. 20

Lama Holding Co. v. Smith Barney, Inc., 88 N.Y.2d 413 (1996) .......................................... 11, 13

Larson v. General Motors Corp., 134 F.2d 450 (2d Cir. 1943) ........................................... 23, 24

Lentell v. Merrill Lynch & Co., 396 F.3d 161 (2d Cir. 2005), cert. denied, 546 U.S. 935 (2005)  8

Liguori v. Alexander, 495 F.Supp. 641 (S.D.N.Y. 1980).......................................................... 20

Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209 (2d Cir. 2002)................................ 16, 18

Long v. Marubeni Am. Corp., 406 F.Supp.2d 285 (S.D.N.Y. 2005)......................................... 19

Majer v. Metro. Trans. Auth., 1990 WL 212928 (S.D.N.Y. Dec. 14, 1990)............................... 21

Manchester Equipment Co., Inc. v. American Way, 60 F.Supp.2d 3 (E.D.N.Y. 1999) .......... 9, 10
Nadel v. Play-by-Play Toys and Novelties, Inc., 208 F.3d 368 (2d Cir. 2000) ........................... 16
Navarra v. Marlborough Gallery, Inc., 820 F.Supp.2d 477 (S.D.N.Y. 2011) ............................. 21
NRT Metals, Inc. v. Laribee Wire, Inc., 102 A.D.2d 705 (1st Dep't 1984) ................................ 12
Prince v. Madison Square Garden, 427 F.Supp.2d 372 (S.D.N.Y. 2006) ................................... 21
Realuyo v. Diaz, 2000 WL 307407 (S.D.N.Y. Mar. 23, 2000) ................................................... 12
Sassower v. Abrams, 833 F.Supp. 253 (S.D.N.Y.1993) .............................................................. 13
Scholastic, Inc. v. Stouffer, 124 F.Supp.2d 836 (S.D.N.Y. 2000) ............................................... 21
Sharma v. Skaarup Ship Management Corp., 916 F.2d 820 (2d Cir. 1990) ................................ 13
Trademark Research Corp. v. Maxwell Online, Inc., 995 F.2d 326 (2d Cir. 1993) ................... 15
Vassel v. Greystone Bank, 2013 WL 2395980 (E.D.N.Y. May 31, 2013) ................................. 13
Volmar Distributors, Inc. v. New York Post, Co., 825 F.Supp. 1153 (S.D.N.Y. 1993) .............. 12
Weldy v. Piedmont Airlines, Inc., 985 F.2d 57 (2d Cir. 1993) ................................................... 19
White Plains Coat & Apron Co., Inc. v. Cintas Corp., 460 F.3d 281 (2d Cir. 2006) .................. 11

<u>Statutes</u>

28 U.S.C. § 1331 ........................................................................................................................... 3
28 U.S.C. § 1338 ........................................................................................................................... 3
28 U.S.C. § 1367 ........................................................................................................................... 3
28 U.S.C. § 1391(b)(2) .................................................................................................................. 3
35 U.S.C. § 271 ........................................................................................................................... 23
N.Y. Civil Rights Law § 74 ........................................................................................................ 18

<u>Rules</u>

Fed. R. Civ. P. 12(b)(6) ...................................................................................................... 1, 7, 8, 13
Fed. R. Evidence 201 ..................................................................................................................... 8

Defendants INVAR CONSULTING LTD. ("Invar Consulting"), GENOMETRICA LTD. ("Genometrica Ltd."), and GENOMETRICA RESEARCH, INC. ("Genometrica Research") (collectively, the "Served Defendants") submit this Memorandum of Law in support of their Motion to Dismiss the Amended Verified Complaint (the "Amended Complaint") of Plaintiff VERA GORFINKEL ("Plaintiff" or "Dr. Gorfinkel") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## PRELIMINARY STATEMENT

Plaintiff's Amended Complaint suffers many deficiencies and the Court should dismiss it in its entirety. A copy of the Amended Complaint is annexed to the Declaration of Robert Kenney (the "Kenney Dec.") as Exhibit A. For example, Invar Consulting is not a proper party because its interests in Genometrica Research were assigned to Genometrica Ltd. in 2009 - - two years before the alleged actions that the Amended Complaint relies on. Further, it is well-established under New York law that a parent corporation is not liable for the acts of its subsidiaries solely based on the corporate relationship. Plaintiff has failed to plead any facts to demonstrate that Invar Consulting's or Genometrica Ltd.'s corporate identity should be disregarded, and allow her to pierce the corporate veil. In addition, named Defendant RALF VAYNTRUB ("Mr. Vayntrub") has not been served with process in this action even though it has been pending for more than 1 ½ years. And there are no allegations that would provide a basis to pierce the corporate veil as to Mr. Vayntrub in any event. He has never been an officer, director, or shareholder of Genometrica Research.

Additional grounds for dismissal also exist. For instance, in her first claim for intentional interference with contract, Plaintiff fails to allege, inter alia, the existence of a breach of contract between Plaintiff and a third-party. In basing this, and other claims, on Genometrica Research's

notice to the Research Foundation of the State University of New York (the "Foundation") of the company's belief that Dr. Gorfinkel, and others, were infringing on certain patents that the Foundation had licensed to Genometrica Research (the "Licensed Patents"), Plaintiff also ignores this Court's decision in Genometrica Research Inc. et al. v. Gorbovitski et al., 2013 WL 394892 (E.D.N.Y. Jan. 31, 2013) (the "Related Case").[1]  A copy of the Court's decision is annexed to the Kenney Declaration as Exhibit B.  In that decision, this Court held that Genometrica Research properly informed the Foundation about the alleged infringement. Id. at *4-5.  The doctrine of collateral estoppel precludes Plaintiff from disputing that issue.  And in her second claim for intentional interference with business relations Plaintiff does not allege, inter alia, any wrongful means of interference or that she was injured.

Plaintiff's third claim for defamation is equally deficient based on the aforementioned decision and because, inter alia, Plaintiff does not recount what was actually said, who made the statement, when it was made, or to whom it was communicated.  In addition, any statements Defendants may have made relaying the allegations contained in the filed Related-Case pleadings are subject to absolute privilege under New York law.

Plaintiff's fourth cause of action for declaratory judgment is likewise unavailing. Whether Plaintiff has committed patent infringement and acted improperly under state and federal law are primary issues, and therefore duplicative of the claims that she is defending against the Related Case.  Plaintiff has filed an answer in the Related Case denying the allegations.  See Related Case Docket No. 45.

---

[1] The full caption of the case is: Genometrica Research Inc., and The Research Foundation of the State University of New York, pursuant to Art. VII of its July 1, 1999 Exclusive License Agreement with Genometrica Research Inc. v. Boris Gorbovitski, Vera Gorbovitski a/k/a Vera Gorfinkel, and Advanced Biomedical Machines Inc., Case No. 11-cv-5802 (PKC) (AKT).  This Court consolidated the Related Case and the instant matter on July 2, 2013.

## JURISDICTION

This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1338, and supplemental jurisdiction pursuant to 28 U.S.C. § 1367. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2).

## PROCEDURAL BACKGROUND

On November 4, 2011, Plaintiff commenced this action by Summons with Notice in the Supreme Court of the State of New York, County of Suffolk. Plaintiff served a copy of her initial Complaint upon the Served Defendants on April 26, 2013. Plaintiff served a copy of her Amended Complaint upon the Served Defendants on May 6, 2013. Mr. Vayntrub resides overseas and Plaintiff has not served him with the Summons with Notice, the initial Complaint, or the Amended Complaint. Accordingly, this Court has not obtained personal jurisdiction over Mr. Vayntrub.

On May 28, 2013, Defendants removed Plaintiff's action to this Court. See Docket No. 1. A copy of the Notice of Removal without exhibits is annexed to the Kenney Dec. as Exhibit C. That Notice contains a full recitation of the procedural history in this case through the removal date. On July 2, 2013, this Court denied Plaintiff's motion to remand this action, and granted Defendants permission to file this motion to dismiss. See Docket Entry for July 2, 2013.

## FACTS

Plaintiff alleges four causes of action in the Amended Complaint: (i) intentional interference with contractual relations; (ii) intentional interference with advantageous business relations; (iii) defamation of character; and (iv) declaratory judgment stating that Plaintiff did not infringe on the Licensed Patents that are the subject of the Related Case, that the Foundation previously determined the patent issue in her favor, that she has fully complied with her

{60034/002/01329643:1-NBM}                                    3

employment agreement(s), and that she acted properly under federal and state law.[2] Amended

Complaint at ¶¶ 32-105. Plaintiff seeks money damages and injunctive relief on her first through

third claims, and declaratory relief on her fourth claim.

Allegations of Plaintiff's Employment/Business Relationships

According to the Amended Complaint, Plaintiff is employed in some capacity by both the

State University of New York ("SUNY") as an associate professor, and the Research Foundation

of the State University of New York (the "Foundation") as a researcher, although the Amended

Complaint alternatively refers to these entities by different names. Amended Complaint at ¶¶ 6,

16, 21, 26, 29, 30, 33, 35, 53, 54, 58, 81, 83, 88, 90, 101. Plaintiff further alleges that her

employment is subject to an "employment agreement" between her and SUNY and/or the

Foundation. Amended Complaint at ¶¶ 9, 29, 33, 36, 53, 81, 84, 98, 103. The Amended

Complaint does not recite a single term of the agreement(s). Likewise, Plaintiff has not attached

the alleged employment agreement(s) as an exhibit to the Amended Complaint.

Plaintiff also alleges the existence of a business relationship with SUNY and/or the

Foundation. Amended Complaint at ¶¶ 41, 42, 45. Plaintiff likewise does not disclose the terms

of the alleged business relationships. She also has not attached any documents concerning the

relationships to the Amended Complaint.

Allegations of Mr. Vayntrub's Extortion Attempts

The majority of the Amended Complaint contains allegations against the unserved Mr.

Vayntrub personally. Plaintiff alleges that (i) in or about September 2011, Defendants

terminated a business relationship with her husband, Dr. Boris Gorbovitski ("Dr. Gorbovitski"),

---

[2] Paragraph 6 of the Amended Complaint also states that the action is for "violations of New York law prohibiting unfair and deceptive trade acts and practices...." But Plaintiff's causes of action and prayer for relief do not raise a claim for relief under this theory. The Served Defendants reserve their right to answer, move to dismiss, or otherwise respond to this unpleaded claim if Plaintiff further amends the Amended Complaint to plead it properly.

and (ii) that Mr. Vayntrub made threats to Plaintiff including, that he would initiate a lawsuit against Dr. Gorbovitski for breach of his fiduciary duties and pursue criminal proceedings against him for larceny. Amended Complaint at ¶¶ 7-8. Plaintiff further alleges that Mr. Vayntrub offered her a "quid pro quo" stating that he would not pursue these claims or file charges against her with her employer if she agreed to continue her research for Genometrica Research. Amended Complaint at ¶¶ 21, 83. Plaintiff alleges that she refused both to continue her research for Genometrica Research and to submit to Mr. Vayntrub's "illegal and unethical quid pro quo." Amended Complaint at ¶¶ 10, 57, 101.

Allegations of Interference and Defamation

Plaintiff further alleges that in response to her refusals, (i) Mr. Vayntrub and the Served Defendants interfered with her business and contractual relationships, and defamed her, and (ii) that Mr. Vayntrub and the Served Defendants pursued a false disciplinary action against her with her employer, and a false patent-infringement claim against her with SUNY and/or the Foundation. Amended Complaint at ¶¶ 10, 11, 12, 21, 23, 27, 29, 77, 84, 86. Yet, the Amended Complaint does not explain the substance of either the disciplinary action or the patent-infringement claim. And Plaintiff did not attach copies of the purported disciplinary action and/or patent-infringement claim as exhibits to the Amended Complaint. She further did not recount any factual detail about these purported documents. In any event, this Court has already held that Genometrica Research properly informed the Foundation of its belief that Dr. Gorfinkel, and others, were infringing on the Licensed Patents because the License Agreement required Genometrica Research to notify the Foundation of any perceived infringement. Genometrica Research, 2013 WL 394892 at *5.

Plaintiff also alleges that between December 2011 and February 2012, unidentified

personnel of Defendants spread false information about her to unidentified people that she worked with. Amended Complaint at ¶¶ 14, 43, 88. Plaintiff alleges that these statements "were calculated to interfere with Plaintiff's business relationships and defame her character." Amended Complaint at ¶ 15. The Amended Complaint does not contain any allegations about the substance of the alleged statements. Plaintiff also claims that in September 2011 the chairperson of her department, Professor Serge Luryi, said to her, "you robbed Ralf." Amended Complaint at ¶ 62. Plaintiff contends, upon information and belief, that Mr. Vayntrub was the source of this information. Yet she does not allege any facts to support that allegation. Amended Complaint at ¶ 62.

In addition, Plaintiff alleges that in or about July 2012, SUNY and/or the Foundation produced a written finding that cleared her of Defendants' "charges." Amended Complaint at ¶¶ 13, 87. In Genometrica Research, 2013 WL 394892 at *5, this Court held that a decision by the Foundation concerning patent infringement is not binding on this Court.

Allegations of Plaintiff's Damages

Finally, Plaintiff alleges that as a direct result of Defendants' actions, she has (i) suffered actual damages that exceed $3 million (Amended Complaint at ¶¶ 16, 39), (ii) lost salary in the amount of $41,000 (Amended Complaint at ¶ 17, 91, 102), (iii) been denied the opportunity for a promotion to full professorship -- even though she admits that she did not apply for full professorship -- (Amended Complaint at ¶¶ 18, 63, 92, 102), and (iv) been denied the opportunity to create research that could have resulted in significant income (Amended Complaint at ¶¶ 19, 93). Yet despite these allegations, and as Plaintiff has also admitted, Plaintiff continues to be employed by SUNY and/or the Foundation. Amended Complaint at ¶ 54.

## ARGUMENT

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for "failure to state a claim upon which relief can be granted." Under Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), "a plaintiff's obligation to provide the 'grounds' of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements…. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." Twombly, 550 U.S. at 545 (internal citations omitted); see Ashcroft v. Iqbal, 556 U.S. 662 (2009). Accordingly, a complaint must "make a sufficient showing of enough factual matter (taken as true) to raise [the] right to relief above the speculative level." Twombly, 550 U.S. at 555-56. A complaint that merely contains "naked assertion[s]," devoid of "further factual enhancement" is insufficient to survive a motion to dismiss. Iqbal, 556 U.S. at 678, quoting Twombly, 550 U.S. at 557.

The Twombly / Iqbal standard calls for a two-step analysis of the sufficiency of a complaint under a Rule 12(b)(6) motion to dismiss. First, the court must determine whether the complaint has pleaded enough facts to state a cognizable claim for relief without consideration of conclusory allegations or formulaic recitations of the elements. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555. Second, the court must determine whether the factual allegations sufficiently establish the plausibility of a claim for relief. Iqbal, 556 U.S. at 678-79; Twombly, 550 U.S. at 556. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, citing Twombly, 550 U.S. at 556. Dismissal is warranted at the pleading stage where the allegations are so general and the alternative explanations so compelling, such that the claim does not appear plausible. Arar v. Ashcroft, 585 F.3d 559, 617

(2d Cir. 2009).

On a Rule 12(b)(6) motion, the Court may consider, inter alia, (i) documents integral to the complaint and relied upon in it, even if not attached or incorporated by reference, (ii) documents or information contained in defendant's motion papers if plaintiff has knowledge or possession of the material and relied on it in framing the complaint, and (iii) facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence. Caldwell v. Gutman, Mintz, Baker & Sonnenfeldt, P.C., 2012 WL 1038804, *4 (E.D.N.Y. Mar. 28, 2012) (citations omitted); Lentell v. Merrill Lynch & Co., 396 F.3d 161 (2d Cir. 2005), cert. denied, 546 U.S. 935 (2005).

## POINT I

### ALL CLAIMS AGAINST DEFENDANTS INVAR CONSULTING LTD., AND GENOMETRICA LTD. SHOULD BE DISMISSED

A.      Invar Consulting is Not a Proper Party.

Invar Consulting became the sole shareholder of Genometrica Research through its purchase of all Genometrica Research common stock in July 2008. Then, on October 21, 2009, Invar Consulting assigned all of its shares to Genometrica Ltd. A copy of the stock certificate showing that Genometrica Ltd. is the owner of the outstanding shares of Genometrica Research is annexed to the Kenney Dec. as Exhibit D. Invar Consulting no longer maintains any ownership interest in Genometrica Research. According to the Complaint, all of Plaintiff's claims purportedly arose beginning in or about August 2011 -- almost two years after Invar Consulting transferred ownership of Genometrica Research. As a result, Invar Consulting cannot be held liable for Plaintiff's claims and the Court should dismiss all claims against it.

B.      Plaintiff Has Not Alleged Any Basis to Pierce the Corporate Veil.

It is well-established that a parent corporation is not liable for the acts of its subsidiaries.

See Billy v. Consol. Mach. Tool Corp., 51 N.Y.2d 152, 163 (1980). According to the New York State Court of Appeals, "the law treats corporations as having an existence separate and distinct from that of their shareholders and, consequently, will not impose liability upon shareholders for the acts of the corporation." Id. at 163. Courts in the Eastern District have recognized this rule. See DeGraziano v. Verizon Communications, Inc., 325 F.Supp.2d 238, 245 (E.D.N.Y. 2004), citing Manchester Equipment Co., Inc. v. American Way, 60 F.Supp.2d 3, 6 (E.D.N.Y. 1999). "Liability can never be predicated solely upon the fact of a parent corporation's ownership of a controlling interest in the shares of its subsidiary." Billy, 51 N.Y.2d at 163; Fay Estates v. Toys "R" Us, Inc., 22 A.D.3d 712, 714 (2d Dep't 2005) (finding that a parent corporation may not be held liable for the wrongs of its subsidiary solely upon the basis of stock ownership); Manchester Equipment, 60 F.Supp.2d at 6 (stating that "[l]iability is never imposed solely upon the fact that a parent owns a controlling interest in the shares of a subsidiary").

This rule remains true even when the parent is a holding company. Billy, 51 N.Y.2d at 163. In fact, a parent entity may only be held liable for the obligations of its subsidiary where a plaintiff can show an exercise of complete dominion and control by the parent to such an extent that "the subsidiary's paraphernalia of incorporation, directors and officers' are completely ignored." Id. at 163; Manchester Equipment, 60 F.Supp.2d at 6 (New York courts will only disregard the corporate form "if the form has been used to achieve fraud or the parent exercises such extreme dominion and control over the subsidiary as to render the corporate form a sham."), citing Gartner v. Snyder, 607 F.2d 582, 586 (2d Cir. 1979). The fact that directors sit on the boards of both a parent and its subsidiary is not enough to establish the level of control necessary to hold a parent liable for its subsidiary's acts. DeGraziano, 325 F.Supp.2d at 246, citing Manchester Equipment, 60 F.Supp.2d at 6.

As previously explained, Invar Consulting has had no ownership interest in Genometrica

Research since 2009. And Plaintiff has failed to plead any facts to show that Genometrica Ltd.'s

corporate identity should be disregarded. Even Plaintiff admits that the Served Defendants are

all distinct corporate entities that operate independently of each other. Amended Complaint at ¶¶

2-5, 25. And Plaintiff does not allege that either Invar Consulting or Genometrica Ltd. ever

exercised dominion and control over Genometrica Research. Plaintiff also does not allege any

other facts to justify a theory for piercing the corporate veil. Plaintiff rests upon mere

conclusory, unsupported, and irrelevant allegations that Mr. Vayntrub controls the Served

Defendants. Amended Complaint at ¶¶ 2-5, 25, 51. Yet, even if Mr. Vayntrub did control these

companies, that circumstance does nothing to show that either Invar Consulting or Genometrica

Ltd. controls Genometrica Research, and it would not make either of these two companies liable

for Genometrica Research's acts. See DeGraziano, 325 F.Supp.2d at 246, citing Manchester

Equipment, 60 F.Supp.2d at 6.[3] The Court should dismiss all claims against Invar Consulting

and Genometrica Ltd.

## POINT II

### PLAINTIFF HAS NOT COMPLETED SERVICE OF
### PROCESS UPON DEFENDANT RALF VAYNTRUB

Plaintiff has not served Mr. Vayntrub with a copy of the Summons with Notice that

Plaintiff filed more than one and a half years ago on November 4, 2011, or any other filing in

this action. And there are no affidavits of service in the court file that would indicate to the

contrary. See Declaration of Alina Orban at ¶ 4. The Served Defendants have asked Plaintiff

multiple times for proof of service upon Mr. Vayntrub. Copies of those requests are annexed to

---

[3] The unserved Mr. Vayntrub has never been an officer, director, or shareholder of Genometrica Research and he has
never exercised any control over that company. See Declaration of Aleksandr Vaintrub at ¶ 3. Moreover, Plaintiff
has not alleged any facts that would provide a basis to pierce the corporate veil two levels up to Mr. Vayntrub.

the Kenney Dec. as Exhibit E. Plaintiff has not provided proof of service upon Mr. Vayntrub.

Nor is there any evidence that Plaintiff is continuing efforts to serve Mr. Vayntrub. He is not a

served party in this case. The Court should dismiss all claims against Mr. Vayntrub.

## POINT III

### PLAINTIFF FAILED TO STATE A CLAIM

A.   Plaintiff's First Cause of Action for Intentional Interference with Contractual Relations.

In order to state a claim under New York law for intentional interference with contract, a

plaintiff must allege the following: (i) that a valid and identifiable contract between the plaintiff

and a third party existed; (ii) that the defendant knew about that contract; (iii) that the defendant

intentionally caused a third-party's breach of the contract without justification; and (iv) that the

third-party actually breached the contract and that breach resulted in damages. Lama Holding

Co. v. Smith Barney, Inc., 88 N.Y.2d 413, 424 (1996); see also White Plains Coat & Apron Co.,

Inc. v. Cintas Corp., 460 F.3d 281, 285 (2d Cir. 2006). A plaintiff must plead each element of a

tortious interference claim "in a non-conclusory fashion." Flash Elecs., Inc. v. Universal Music

& Video Distrib. Corp., 312 F.Supp.2d 379, 403 (E.D.N.Y. 2004) (citation omitted). "If multiple

contracts are at issue, the complaint must specify the particular contracts that have been

interfered with by defendants." Id. at 403, citing Campo v. 1st Nationwide Bank, 857 F.Supp.

264, 273 (E.D.N.Y.1994). Additionally, the plaintiff "must present at least some specific facts

which put defendants on notice as to which contracts they are accused of interfering with." Flash

Elecs., 312 F.Supp.2d at 403.

1.   Plaintiff Has Failed to Identify an Agreement That Could Be Breached.

Plaintiff has not pleaded any facts to support any of the elements of her first cause of

action. This claim for relief vaguely refers to an unidentified employment agreement(s)

between Plaintiff and SUNY and/or the Foundation, but lacks any details. Amended
Complaint at ¶¶ 9, 26, 29, 33, 36, 53, 81, 84, 98, 103. It is not clear from the Amended
Complaint whether Plaintiff is referring to one or more agreements with the two entities.
Plaintiff has failed to allege that any agreement(s) is a written document(s), a valid
agreement(s), or even the minimal agreement terms such as when it was entered into and what
obligations it governs. Moreover, Plaintiff has not included the purported employment
agreement(s) as an exhibit to the Amended Complaint. Based on the generality of Plaintiff's
allegations, it is more likely that she is an at-will employee.

If Plaintiff is an at-will employee, she cannot maintain a tortious interference claim
without pleading malice or unlawful means. See Volmar Distributors, Inc. v. New York Post,
Co., 825 F.Supp. 1153, 1169 (S.D.N.Y. 1993) (to state a claim for tortious interference with an
at-will business relationship a plaintiff must plead malice or use of unlawful means by the
defendant); Realuyo v. Diaz, 2000 WL 307407, *4 (S.D.N.Y. Mar. 23, 2000), citing NRT
Metals, Inc. v. Laribee Wire, Inc., 102 A.D.2d 705, 707 (1st Dep't 1984) ("Where the contract
breached is terminable at will, there is no liability for tortious interference unless the means
employed to induce the breach were 'wrongful.'"). The Amended Complaint does not contain
any allegations that Defendants interfered with her alleged employment agreement(s) with
malice or unlawful means. Thus, her claim cannot survive dismissal without an actual
agreement.

2.    Plaintiff Has Not Sufficiently Pleaded Knowledge.

Even if she has pleaded ample factual allegations about the purported employment
agreement(s), the remainder of her allegations are insufficient to establish a plausible claim.
Plaintiff has not alleged that Defendants knew about the agreement(s), that an entity breached

any agreement(s), or that she suffered damages because of a breach. While Plaintiff speculates that Defendants knew of the existence of her employment agreement(s) (Amended Complaint at ¶¶ 33, 81), she has not alleged a basis for Defendants' knowledge. Her contention is merely a recitation of the second element of the cause of action. Lama Holding, 88 N.Y.2d at 424. The Court need not consider this threadbare legal conclusion. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

3.     Plaintiff Admits That a Breach Could Not Have Occurred.

A plaintiff must also plead that the defendant improperly induced the third-party to breach and that, but for that tortious interference, the third-party would not have breached the agreement with the plaintiff. Sharma v. Skaarup Ship Management Corp., 916 F.2d 820, 828 (2d Cir. 1990). Yet, Plaintiff has not alleged that either SUNY or the Foundation committed a breach -- much less a breach induced by Defendants. To the contrary, Plaintiff admits that she remains employed by SUNY and/or the Foundation. Amended Complaint at ¶¶ 6, 16, 21, 26, 29, 30, 33, 35, 53-54, 58, 81, 83, 88, 90, 101.

4.     Collateral Estoppel Prevents Plaintiff from Prevailing on this Claim.

In any event, Plaintiff is collaterally estopped from alleging that a breach of the employment agreement(s) was a result of Defendants' actions -- either wrongful or not. A court may dismiss a claim under Rule 12(b)(6) based on the doctrine of collateral estoppel. Vassel v. Greystone Bank, 2013 WL 2395980, *6 (E.D.N.Y. May 31, 2013); Sassower v. Abrams, 833 F.Supp. 253, 264 n. 18 (S.D.N.Y.1993) ("the defense of ... collateral estoppel may be brought, under appropriate circumstances ... via a motion to dismiss ...."). Collateral estoppel requires that: (i) the issue in both proceedings is identical; (ii) the relevant issue was actually litigated and decided in the prior proceeding; (iii) there was a full and fair opportunity for litigation of the

{60034/002/01329643:1-NBM}                13

issue in the prior proceeding; and (iv) the issue was necessary to support a valid and final judgment on the merits. Central Hudson Gas & Electric Corporation v. Empresa Naviera S.A., 56 F.3d 359, 368 (2d Cir. 1995); see also Doe v. Pfrommer, 148 F.3d 73, 79 (2d Cir.1998).

Here, Plaintiff's claim is based on Genometrica Research's notice to the Foundation of the company's belief that Plaintiff and others had been infringing on the Licensed Patents. That issue has been fully litigated in the Related Case. See Genometrica Research, 2013 WL 394892 at *5. Under Genometrica Research's License Agreement with the Foundation, Genometrica Research is required to notify the Foundation of suspected patent infringement prior to taking action against the alleged infringer. Id. This Court held that Genometrica Research properly exercised its rights and obligations under the License Agreement when it notified the Foundation of the alleged patent infringement. Id. Plaintiff may not reargue that issue in this case. Accordingly, Genometrica Research cannot be held liable even if an alleged breach of an employment agreement was a result of that notification.

     5.     Plaintiff Has Failed to Sufficiently Allege Damages.

Lastly, Plaintiff has not alleged damages. Plaintiff vaguely claims that she has suffered in excess of $3 million in damages because of legal proceedings brought against her and because of a "formal hearing" by her employers to determine if she had violated her alleged employment agreement. Amended Complaint at ¶¶ 16, 34, 36, 39. She also alleges that as a result of the investigation by SUNY and/or the Foundation the research that she was conducting was halted and she was deprived of summer income in the amount of $41,000. Amended Complaint at ¶¶ 12, 17. Yet, according to Plaintiff, she was cleared of all of "Defendants' charges" in or about July 2012. Amended Complaint at ¶ 13. And the fact that she has not lost her job(s) is consistent with her failure to allege any plausible harm. Amended

Complaint at ¶¶ 6, 16, 21, 26, 29, 30, 33, 35, 53-54, 58, 81, 83, 88, 90, 101. Any decision not

to pay Plaintiff summer income was the decision of SUNY and/or the Foundation. That loss of

income cannot be attributed to the Defendants. Moreover, an ability to recover attorneys' fees

resulting from the Related Case must be litigated in that case, not this separate action.

Plaintiff also speculates that she may have missed an opportunity to develop intellectual

property that may have resulted in monetary gain for her and her employers. Amended

Complaint at ¶¶ 19, 93. That speculation is insufficient to allege damages for a breach that never

occurred. Under New York law, damages for lost profits may be awarded only if: (i) a plaintiff

demonstrates with reasonable certainty that such damages have been caused by the breach; (ii)

the alleged loss was capable of proof with reasonable certainty; and (iii) lost-profit damages were

fairly within the contemplation of the parties at the time of contracting. Trademark Research

Corp. v. Maxwell Online, Inc., 995 F.2d 326, 332 (2d Cir. 1993) (breach of contract action),

citing Kenford Company v. County of Erie, 67 N.Y.2d 257, 261 (1986) ("damages may not be

merely speculative, possible or imaginary, but must be reasonably certain and directly traceable

to the breach"). Plaintiff has not pleaded a breach or that any damages were a result of a breach.

Plaintiff has not pleaded that any loss can be proven with reasonable certainty. And Plaintiff has

not pleaded whether lost-profit damages were contemplated by the Parties. This Court should

dismiss Plaintiff's first claim.

B.     Plaintiff's Second Cause of Action for Intentional Interference with
       Advantageous Business Relations is Also Lacking Sufficient Pleading

In order to state a claim under New York law for intentional interference with business

relations, a plaintiff must allege the following: (i) that the plaintiff had a business relationship

with a third-party; (ii) that the defendant knew of that relationship and intentionally interfered

with it; (iii) that the defendant acted solely out of malice, or used improper or illegal means that

amounted to a crime or independent tort; and (iv) that the defendant's interference injured the plaintiff's relationship with the third-party. Catskill Development, L.L.C. v. Park Place Entertainment Corp., 547 F.3d 115, 132 (2d Cir. 2008), citing, Lombard v. Booz-Allen & Hamilton, Inc., 280 F.3d 209, 214 (2d Cir. 2002) (describing the tort by an alternative name, "tortious interference with prospective economic advantage"); Goldhirsh Group, Inc. v. Alpert, 107 F.3d 105, 108-09 (2d Cir. 1997) (stating the elements as constitutive of "tortious interference with … business relations"); Amaranth LLC v. J.P. Morgan Chase & Co., 71 A.D.3d 40, 47 (1st Dep't 2009).  Plaintiff must also prove that the actions actually injured a true business relationship. Nadel v. Play-by-Play Toys and Novelties, Inc., 208 F.3d 368, 382-83 (2d Cir. 2000).

      1.     Plaintiff Has Not Pleaded Either a Relationship or Knowledge of Relationship.

Plaintiff's second cause of action is simply a string of conclusory allegations without any factual content. She alleges the existence of a business relationship with SUNY and/or the Foundation (Amended Complaint at ¶¶ 41-42, 45).  Plaintiff has not disclosed any terms of the purported business relationships.  Just as she does in her first claim, Plaintiff fails to identify any basis for Defendants' alleged knowledge of a business relationship.  And just as her speculation on knowledge in the first claim is flawed, the threadbare conclusions here do not suffice to properly allege that Defendants knew of a business relationship. Iqbal, 556 U.S. at 678; Twombly, 550 U.S. at 555.

      2.     Plaintiff Fails to Allege Interference.

The second cause of action also lacks any factual allegations that Defendants interfered with Plaintiff's business relationships, or that they did so with malice or through wrongful means. Catskill Development, L.L.C., supra.  The mere fact that Plaintiff sprinkled certain labels

like "knowingly," "intentionally," wrongfully," and "maliciously" throughout the Amended Complaint does not establish the plausibility that Defendants actually acted maliciously or wrongfully. Amended Complaint at ¶ 44. Plaintiff's only suggestions of malicious or wrongful intent in the Amended Complaint are (i) that Defendants commenced a patent infringement claim against Plaintiff with the Foundation (Amended Complaint at ¶ 42); (ii) that unidentified personnel of Defendants contacted unidentified employees of SUNY; and (iii) that unidentified personnel of Defendants spread unspecified rumors, lies, and innuendo about Plaintiff, displayed unidentified documents about the Related Case, and somehow insinuated that the laboratory where Plaintiff worked would soon be under different management (Amended Complaint at ¶ 43). The Amended Complaint lacks any facts to support these conclusory allegations and none of the alleged misconduct constitutes a crime or independent tort. Indeed, these conclusory statements are contradicted by Plaintiff's own claim that Mr. Vayntrub was motivated solely by pecuniary gain. Amended Complaint at ¶¶ 25, 29.

3.    Collateral Estoppel Bars this Claim as Well.

As discussed in Point I.A., Plaintiff seems to rest her case on the fact that Genometrica Research informed the Foundation of its belief that Dr. Gorfinkel and others were infringing on the Licensed Patents. Plaintiff seems content to ignore this Court's prior ruling -- that Genometrica Research acted properly pursuant to the terms of the License Agreement (Genometrica Research, 2013 WL 394892 at * 4-5) -- and to plead that these same actions were wrongful. The Court should dismiss Plaintiff's argument. See Point I.A.

4.    Plaintiff Has Not Alleged Any Loss Related to this Claim.

Plaintiff attempts to bolster her claim of wrongful interference by alleging that unidentified personnel of "Defendants" contacted unidentified employees of SUNY. Amended

{60034/002/01329643:1-NBM}                    17

Complaint at ¶ 43.  Plaintiff speculates that Defendants' ultimate goal was to cause "these

employees to leave the laboratory, leave SUNY, and/or take employment with Defendants."

Amended Complaint at ¶ 43.  Plaintiff's vague speculation of wrongdoing cannot satisfy the

pleading standards for this cause of action.  See, e.g., Amaranth LLC, 71 A.D.3d at 49 ;

Lombard, 280 F.3d at 219Goldhirsh Group, 107 F.3d at 108-09.  She has not recounted what

Defendants purportedly said, to whom, or when.  Plaintiff has not identified any of the alleged

"rumors, lies, and innuendo" that Defendants supposedly spread.  Without a minimal degree of

specificity and a factual basis for these allegations, Plaintiff cannot form a proper and valid cause

of action for tortious interference with business relations.

Even if Plaintiff had pleaded sufficient facts to establish that Defendants had spread

untruthful rumors, she still falls short of a cause of action because she has admitted that the

employees in question worked for SUNY, not Plaintiff.  Amended Complaint at ¶ 43.  Plaintiff

does not have a business relationship with those SUNY employees that Defendants could

interfere with.  Even if she did have such a relationship, Plaintiff does not allege that any of the

employees actually left their employment because of Defendants' alleged statements.  Thus, the

alleged conduct cannot constitute interference.

    5.    Any Statements About the Related Case are Protected by New York Statute.

Additionally, it is irrelevant whether Defendants' unidentified personnel may have shown

the Related-Case pleadings to anyone.  None of the pleadings in the Related Case is under seal.

They are all part of the public record and may be viewed by any member of the public at

anytime.  Section 74 of the New York Civil Rights Law provides that "[a] civil action cannot be

maintained against any person, firm, or corporation, for the publication of a fair and true report

of any judicial proceeding[.]"  N.Y. Civil Rights Law § 74.  Out-of-court statements which

represent fair and true reports of litigation are covered by this immunity. D'Annunzio v. Ayken, Inc., 876 F.Supp.2d 211, 220 (E.D.N.Y. 2012), quoting Long v. Marubeni Am. Corp., 406 F.Supp.2d 285, 295 (S.D.N.Y. 2005). Here, a publication of the filed Related-Case complaint and statements about what it contains are both protected by statute. See D'Annunzio, 876 F.Supp. at 220 (holding that the distribution of copies of Plaintiff's Complaint to the media is protected under § 74 because it constitutes a fair and true report of the judicial proceedings).[4]

      6.     Plaintiff Has Failed to Plead Damages as a Result of this Claim.

Finally, Plaintiff has not alleged any injury to her relationship with SUNY and/or the Foundation. As discussed in Point I.A., Plaintiff pleads that she was cleared of "Defendants' charges" in or about July 2012 (Amended Complaint at ¶ 13) and that she is still employed in the same position(s) that she had prior to Defendants' alleged actions (Amended Complaint at ¶¶ 6, 16, 21, 26, 29, 30, 33, 35, 53-54, 58, 81, 83, 88, 90, 101). As discussed in Point I.A., Plaintiff's speculation that she may have missed an opportunity to develop intellectual property (Amended Complaint at ¶¶ 19, 93), is simply a possibility, not a plausibility. She has identified neither the intellectual property nor the reason that she still has not developed it. Her claimed injury is simply too remote to be actionable. The Court should dismiss this claim.

C.     Plaintiff's Third Cause of Action for Defamation of Character Fails as Well.

Next Plaintiff alleges that Defendants, as a whole, and Mr. Vayntrub, individually, have defamed her.[5] In order to sustain a cause of action for defamation, Plaintiff must "allege: (1) the making of a false defamatory statement of fact; (2) that the statement was published to a third

---

[4] Additionally, New York recognizes a qualified privilege when even a defamatory statement is made to someone who shares a common interest with the speaker in the subject matter. Weldy v. Piedmont Airlines, Inc., 985 F.2d 57, 62 (2d Cir. 1993) (citations omitted); Weldy, 985 F.2d at 62 (citations omitted). Here, the qualified privilege protects the communication because Defendants have an interest in the allegations in the Related Case and the Foundation has an analogous interest in ensuring that its Licensed Patents are not infringed upon.
[5] The individual allegations of defamation against Mr. Vayntrub are not addressed here because he has not been served with process in this lawsuit and thus, has not been made a party to this case.

{60034/002/01329643:1-NBM}     19

party; (3) that the statement concerned the plaintiff; (4) that the defendant was responsible for making the statement; and (5) that the statement was per se defamatory, or caused special damages." Lader v. Delgado, --- F.Supp.2d --- (E.D.N.Y. 2013), 2013 WL 1346278, *3 (E.D.N.Y. Mar. 29, 2013), citing Baez v. JetBlue Airways, 745 F.Supp.2d 214, 225 (E.D.N.Y. 2010), Albert v. Loksen, 239 F.3d 256, 265-66 (2d Cir. 2001), D'Annunzio, 876 F.Supp.2d at 216. Plaintiff's pleading must "afford the defendant sufficient notice of the communications complained of to enable him to defend himself." Kelly v. Schmidberger, 806 F.2d 44, 46 (2d Cir. 1986), citing Liguori v. Alexander, 495 F.Supp. 641, 647 (S.D.N.Y. 1980). The Federal Rules of Civil Procedure require that Plaintiff plead, "a concise statement of the basis of a claim[,]" including the substance of the purported communication, who made it, when it was made, and to whom it was communicated. Ahmed v. Gelfand, 160 F.Supp.2d 408, 416 (E.D.N.Y. 2001) (citations omitted). A defamation claim fails as a matter of law if it does not plead the actual alleged spoken words. Bobal v. Rensselaer Polytechnic Inst., 916 F.2d 759, 763 (2d Cir. 1990) (citation omitted). "Mere conclusory statements that the claimant was disparaged by false statements are insufficient to state a defamation claim." Camp Summit of Summitville, Inc. v. Visinski, 2007 WL 1152894, *10 (S.D.N.Y. Apr. 16, 2007) (citations omitted). Plaintiff's Complaint fails on all accounts.

1.      Plaintiff Has Not Identified the Speakers, the Receivers, the Timing, or the Alleged False Statements that She Bases this Claim Upon.

Plaintiff alleges that in late 2011 and early 2012, unidentified personnel of Defendants spread false information about Plaintiff to unidentified people working in the laboratory with her including: (i) that Plaintiff was to be terminated from SUNY; (ii) that Plaintiff was engaged in illegal activities; and (iii) that better opportunities existed by working for Defendants. Amended Complaint at ¶¶ 14, 43, 88. Plaintiff's failure to identify who made the statements and to whom

they were made is fatal to her claim.  See Fuji Photo Film U.S.A., Inc. v. McNulty, 669

F.Supp.2d 405, 416 (S.D.N.Y. 2009), citing Ello v. Singh, 531 F.Supp.2d 552, 581

(S.D.N.Y.2007), Visinski, 2007 WL 1152894, *12, Scholastic, Inc. v. Stouffer, 124 F.Supp.2d

836, 849 (S.D.N.Y. 2000); see also Ives v. Guilford Mills, Inc., 3 F.Supp.2d 191, 199 (N.D.N.Y.

1998) (dismissing a defamation claim because the complaint failed to identify who at the

defendant company made the statements, at what times or places they were made, and to whom

the statements were made).  Plaintiff also has failed to plead the alleged spoken words.  See

Bobal, 916 F.2d at 763.

### a.   Plaintiff Fails to Attribute Prof. Luryi's Statement to the Served Defendants or to Meet any Other Elements of Defamation Regarding that Statement.

Plaintiff goes onto allege that Prof. Luryi told her ' . . . you robbed Ralf[.]'"  She then

speculates "upon information and belief" that Mr. Vayntrub was the source of Prof. Luryi's

information.  Amended Complaint at ¶ 62.  This allegation lacks any substance regarding the

alleged communication by Mr. Vayntrub to Prof. Luryi does not even mention a single

defamatory statement.  Because Plaintiff does not allege what Mr. Vayntrub allegedly said to

Prof. Luryi, the claim fails.  See Bobal, 916 F.2d at 763.

Further, although a plaintiff may plead facts alleged upon information and belief, "such

allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'"

Navarra v. Marlborough Gallery, Inc., 820 F.Supp.2d 477, 485 (S.D.N.Y. 2011), quoting Prince

v. Madison Square Garden, 427 F.Supp.2d 372, 385 (S.D.N.Y. 2006).  Plaintiff has not

supported her speculation that Mr. Vayntrub told Prof. Luryi that Plaintiff "robbed" him.

Speculative, vague, and conclusory allegations do not comport with the minimum pleading

requirements for defamation.  Majer v. Metro. Trans. Auth., 1990 WL 212928, *7 (S.D.N.Y.

Dec. 14, 1990) (citations omitted); Visinski, 2007 WL 1152894 at *10.  Plaintiff also fails to

allege when Mr. Vayntrub purportedly made any statement to Prof. Luryi. Plaintiff's failure to plead these allegations properly warrants dismissal.

        b.     Plaintiff Fails to Meet any Defamation Elements
              Regarding the Nancy Daneau Email.

       Plaintiff further alleges defamation based on an email she received from Stony Brook's Deputy Vice President of Research, Nancy Daneau, relating to a patent-infringement claim brought by "Ralf Vayntrub or agents acting on his behalf[.]" Amended Complaint at ¶ 68. Plaintiff did not state any alleged defamatory communication to Ms. Daneau or the substance of any statement. She did not identify who allegedly made a statement to Ms. Daneau. Nor did she allege when the statement was made. See Ahmed, 160 F.Supp.2d at 416. Most critically, she did not even allege what was communicated to Ms. Daneau. Plaintiff's "failure to make any reference to any allegedly defamatory statements fails to comport with even the liberal pleading requirements of Federal Rule of Civil Procedure 8." Daniels v. Alvarado, 2004 WL 502561, *7 (E.D.N.Y. 2004).

       Defendants are left to speculate what infringement claim Plaintiff refers to in paragraph 68 of the Amended Complaint. Genometrica Research did notify the Foundation of its belief that Plaintiff, among others, were infringing on the Licensed Patents. And this Court has already found that notice to be proper. Genometrica Research, 2013 WL 394892 at *4-5. Genometrica Research did give the Foundation a copy of the Related Case complaint that it had filed with this Court against Plaintiff, and others. Id. at *4-5. And that action is protected from civil litigation under section 74 of the New York Civil Rights Law as previously discussed explained in Point I.B. The Court should dismiss Plaintiff's third cause of action.

D.    Plaintiff's Fourth Cause of Action for Declaratory Judgment Fails
      Because it Seeks Judgment on Issues Already Pending in the Related Case.

      Plaintiff's fourth cause of action seeks relief for issues already before this Court in the

Related Case.  A claim for declaratory judgment is proper only when "there is a substantial

controversy, between parties having adverse legal interests, of sufficient immediacy and

reality…."  Duane Reade, Inc. v. St. Paul Fire & Marine Ins. Co., 411 F.3d 384, 389 (2d Cir.

2005).  In determining whether to issue declaratory judgment "[t]he court must consider whether

a declaratory judgment will (1) 'serve a useful purpose in clarifying or settling the legal relations

in issue;' or (2) 'afford relief from the uncertainty, insecurity, and controversy giving rise to the

proceeding.'"  Camofi Master LDC v. Coll. P'ship, Inc., 452 F.Supp.2d 462, 480 (S.D.N.Y.

2006), quoting Cont'l Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734, 737 (2d Cir. 1992).

Declaratory judgment is not a valid cause of action when it is duplicative or redundant of a

primary claim.  See Larson v. General Motors Corp., 134 F.2d 450, 452-53 (2d Cir. 1943)

(dismissing the defendant's counterclaim, which sought a determination that the defendant had

not infringed on the plaintiff's patent); Camofi Master LDC, 452 F.Supp.2d at 480.

      Here, Plaintiff seeks a declaration from this Court that (i) she did not infringe on the

Licensed Patents, (ii) that this issue was determined in her favor by the Foundation, (iii) that she

has fully complied with the terms of her employment contract, and (iv) that she acted properly

under federal and state law.  Amended Complaint at ¶¶ 80-105.  Plaintiff's declaratory judgment

claim is duplicative of the claims in the Related Case.

      In the Related Case, Genometrica Research has alleged that Dr. Gorfinkel and the other

defendants have infringed on the Licensed Patents under 35 U.S.C. § 271 et. seq, and, inter alia,

used them for the benefit of Advanced Biomedical Machines, Inc., a company that Dr. Gorfinkel

and her husband, Dr. Gorbovitski own.  Genometrica Research also alleged that this activity

constituted unfair competition. See Genometrica Research First Am. Comp., ¶¶ 54-68, 138-212, 217-227, 241-248, 265-271, 280, 285 (Related Case Docket No. 20). Genometrica Research seeks declaratory judgment regarding the rights and duties of the parties -- including those of Dr. Gorfinkel -- with respect to the Licensed Patents. See Genometrica Research First Am. Comp., ¶¶ 237-239 (Related Case Docket No. 20). Further, Genometrica Research, inter alia, has brought individual claims for tortious interference with Genometrica Research's contract with the Foundation, tortious interference with Genometrica Research's advantageous business relations with the Foundation, and usurpation of Genometrica Research's corporate opportunity under its License Agreement and certain research agreements with the Foundation. See Genometrica First Am. Comp., ¶¶ 328-351 (Related Case Docket No. 20).

Here, Plaintiff's causes of action involve the same Licensed Patents, transactions, actions, omissions and time lines that are the subject of the Related Case. See Amended Complaint at ¶¶ 22-28, 81-105. The issues of whether she has committed patent infringement and whether she has acted properly under federal and state law are all primary issues in the Related Case. The Second Circuit has previously ruled on this sort of conflict in Larson. There, the Court upheld dismissal of a counterclaim that sought a determination that the defendant had not infringed on the plaintiff's patent. Larson, 134 F.2d at 452–53. It would be contrary to Larson to permit a defendant in one case to be a plaintiff in a second case seeking a declaration that she is not liable for the same acts that she is defending against in the first case. Id.

The remainder of Plaintiff's declaratory judgment claim is equally deficient. In Genometrica Research, 2013 WL 394892 at *5, this Court held that a decision by the Foundation concerning patent infringement by, inter alia, Dr. Gorfinkel is not binding on this Court. As such, declaratory relief on this point is unnecessary. And a declaratory judgment claim that

Plaintiff has complied with the terms of her employment agreement(s) is an issue that could only

be decided between Plaintiff and her employer. Defendants are not party to her alleged

employment agreement(s) or relationship(s). The Court should dismiss Plaintiff's declaratory

judgment claim in its entirety.

## CONCLUSION

**WHEREFORE**, Defendants respectfully request that this motion to dismiss be granted

in all respects, and the Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
August 1, 2013

Respectfully submitted,

**HOFHEIMER GARTLIR & GROSS, LLP**

By:   /s/Robert Kenney
Robert Kenney
Nicholas B. Malito
530 Fifth Avenue
New York, New York  10036
Telephone: (212) 818-9000
Facsimile: (212) 869-4930
Email: rkenney@hgg.com
          nmalito@hgg.com

-and-

Panagiota Betty Tufariello
INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, New York 11766
Telephone: (631) 476-8734
Facsimile: (631) 476-8737
Email: betty@intellectulaw.com

*Counsel for Defendants Invar Consulting Ltd.,
Genometrica Ltd., and Genometrica Research, Inc.*