Robert J. Kenney, Jr.
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York  10174-0208
Telephone: 212-885-5251
Facsimile: 917-332-3796
Email: rkenney@blankrome.com

Panagiota Betty Tufariello
INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, New York 11766
Telephone: 631-476-8734
Facsimile: 631-476-8737
Email: betty@intellectulaw.com

Douglas Gross
Nicholas B. Malito
HOFHEIMER GARTLIR & GROSS, LLP
530 Fifth Avenue
New York, New York  10036
Telephone: 212-818-9000
Facsimile: 212-897-4980
Email: dgross@hgg.com
Email: nmalito@hgg.com

*Counsel for Defendants Invar Consulting Ltd., Genometrica Ltd., and Genometrica Research, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------

| | |
|---|---|
| VERA GORFINKEL, | Case No.: 13-cv-3093 (PKC) (AKT) |
| Plaintiff, | |
| -against- | |
| RALF VAYNTRUB, INVAR CONSULTING LTD., GENOMETRICA LTD. and GENOMETRICA RESEARCH, INC. | |
| Defendants. | |

-----------------------------------------------------------

**REPLY MEMORANDUM OF LAW IN SUPPORT OF THE SERVED
DEFENDANTS' MOTION TO DISMISS THE COMPLAINT**

141864.00601/7306103v.5

TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1
ARGUMENT .................................................................................................................................. 2
POINT I
The Court Should Not Consider the Attachments to Plaintiff's Opposition .................................. 2
POINT II
Plaintiff Conceded Points I and II of the Opening Papers .............................................................. 3
    A.   Invar is Not a Proper Party ...................................................................................... 4
    B.   Plaintiff Has Not Alleged Any Basis to Pierce the Corporate Veil ...................................... 4
    C.   Plaintiff Has Not Completed Service of Process on Defendant Ralf Vayntrub .................. 5
POINT III
Plaintiff Failed to State a Claim ...................................................................................................... 7
    A.   Plaintiff Has Not Cured the Deficiencies in Her First and Second Claims ......................... 7
    B.   Plaintiff's Third Claim Remains Flawed as Well ............................................................... 7
    C.   Plaintiff's Fourth Claim Fails For Multiple Reasons .......................................................... 9
CONCLUSION ............................................................................................................................. 11

# TABLE OF AUTHORITIES

CASES

Agriculture Ins. Co., Inc. v. Ace Hardware Corp.,
    214 F.Supp.2d 413 (S.D.N.Y. 2002) ........................................................................................8

Banushi v. City of New York,
    No. 08 Civ. 2937, 2010 U.S. Dist. LEXIS 109903 (E.D.N.Y. Oct. 15, 2010) ......................3, 4

Camofi Master LDC v. Coll. P'ship, Inc.,
    452 F.Supp.2d 462 ................................................................................................................10

DeVito v. Smith-Kline Beecham Corp.,
    No. 02 Civ. 0745, 2004 U.S. Dist. LEXIS 27374 (N.D.N.Y. Nov. 29, 2004) ..........................3

Friedl v. City of N.Y.,
    210 F.3d 79 (2d Cir. 2000) ......................................................................................................2

Genometrica Research Inc. et al. v. Gorbovitski et al.,
    2013 WL 394892 (E.D.N.Y. Jan. 31, 2013) ........................................................................1, 9

Gilligan v. Town of Moreau,
    234 F.3d 1261 (N.D.N.Y. Oct. 25, 2000) ................................................................................8

Larson v. General Motors Corp.,
    134 F.2d 450 (2d Cir. 1943) ..................................................................................................10

Leonard F. v. Israel Discount Bank of New York,
    199 F.3d 99 (2d Cir. 1999) ......................................................................................................2

Levine v. Lawrence,
    No. 03 Civ. 1694, 2005 U.S. Dist. LEXIS 11663 (E.D.N.Y. June 15, 2005) ..........................3

Maggett v. Dalsheim,
    709 F.2d 800 (2d Cir. 1982) ....................................................................................................3

Martinez v. Sander,
    No. 02 Civ. 5624, 2004 U.S. Dist. LEXIS 10060 (S.D.N.Y. June 3, 2004) ............................4

McCarthy v. Dun & Bradstreet Corp.,
    482 F.2d 184 (2d Cir. 2007) ....................................................................................................2

Mugno v. Societe Internationale de Telecomm. Aeronautiques, Ltd.,
    2007 WL 316572 (E.D.N.Y. Jan. 30, 2007) ............................................................................2

Ramasamy v. Essar Global Ltd.,
    2012 WL 1681763 (S.D.N.Y. May 8, 2012) ............................................................................3

Staehr v. Hartford Fin. Servs. Group,
    547 F.3d 406 (2d Cir. 2008)...................................................................................................2

Valez v. City of New York,
    2008 WL 5329974 (S.D.N.Y. Dec. 16, 2008) ........................................................................3

Wachtel v. Nat'l R.R. Passenger Corp.,
    2012 WL 292352 (S.D.N.Y. Jan. 30, 2012) ...........................................................................3

STATUTES

Section 74 of the New York Civil Rights Law. .................................................................................7

OTHER AUTHORITIES

Fed.R.Civ.P. 4(l)(2) .........................................................................................................................5

Fed. R. Evid. 803 ............................................................................................................................8

Rule 805 ..........................................................................................................................................8

State "Entity Information" ..............................................................................................................3

PRELIMINARY STATEMENT

Instead of addressing the deficiencies of her Complaint, Plaintiff has chosen to re-hash unsuccessful arguments from her motion to dismiss a separate, but related case (the "Related Case").[1] This Court dispensed with those arguments in its decision in Genometrica Research Inc. et al. v. Gorbovitski et al., 2013 WL 394892 (E.D.N.Y. Jan. 31, 2013).[2] For example, Plaintiff asserts that the Foundation made a final determination on the patent claims in the Related Case. But as this Court has already found, the Foundation cannot bind Genometrica or this Court. Opening Brief at p. 6, 24, citing Id. at *5; Gorfinkel Dec. at ¶¶ 46, 47, 96. For unknown reasons, Plaintiff also devoted the majority of her opposition papers (the "Opposition") to spinning the procedural history of the Related Case. Plaintiff even discusses events and issues that she did not raise in the Complaint. Plaintiff's Opposition at p. 1-3, 6.

Plaintiff failed to respond to Points I and II of Served Defendants Opening Brief on this motion to dismiss (this "Motion"), which argue that Invar and Genometrica Ltd. should be dismissed. And she has failed to address Point III of the Opening Brief which laid out in great detail the deficiencies in each of Plaintiff's claims. Her claims remain deficient and this Court should dismiss them.

Finally, Plaintiff improperly includes four declarations[3] and 15 separate exhibits that she did not attach to the Complaint and that did not form the basis for her allegations. The information contained in these new documents is outside of the four corners of the Complaint and the Court should not consider them.

---

[1] This Court consolidated the Related Case and the instant matter on July 2, 2013.

[2] Capitalized terms not defined herein shall have the same meaning as in the Memorandum of Law in Support of the Served Defendants' Motion to Dismiss the Amended Complaint (the "Opening Brief").

[3] Declarations of Vera Gorfinkel (the "Gorfinkel Dec."); Boris Gorbovitski (the "Gorbovitski Dec."); Robert Greenberg (the "Greenberg Dec."); and Evelyn Berezin (the "Berezin Dec.").

Instead, the Court should dismiss all claims against Invar Consulting Ltd. ("Invar") and Genometrica Ltd. because they are not proper parties to this action. The Court should dismiss all claims against Genometrica Research because Plaintiff fails to state a claim against it. And the Court should dismiss all claims against Mr. Vayntrub because he has not been served.

## ARGUMENT

### POINT I

### THE COURT SHOULD NOT CONSIDER THE ATTACHMENTS TO PLAINTIFF'S OPPOSITION

Plaintiff has submitted four declarations and 15 exhibits in opposition to this Motion. These declarations and new exhibits were not part of the Complaint. They are irrelevant to her claims and the Court should not consider them. District courts' inquiry on a 12(b)(6) motion to dismiss "is limited to the facts as asserted within the four corners of the complaint, the documents attached to the complaint as exhibits, and any documents incorporated in the complaint by reference." Staehr v. Hartford Fin. Servs. Group, 547 F.3d 406, 426 (2d Cir. 2008); McCarthy v. Dun & Bradstreet Corp., 482 F.2d 184, 200 (2d Cir. 2007). "When matters outside of the pleadings are presented in response to a 12(b)(6) motion, a district court must either exclude the additional material and decide the motion on the complaint alone or convert the motion to one for summary judgment ... and afford all parties the opportunity to present supporting material." Friedl v. City of N.Y., 210 F.3d 79, 83 (2d Cir. 2000) (alteration and internal quotation marks omitted); Leonard F. v. Israel Discount Bank of New York, 199 F.3d 99, 107 (2d Cir. 1999) (same).

It is also improper for a district court to consider a plaintiff's affidavits and declarations in opposition to a motion to dismiss. See e.g., Mugno v. Societe Internationale de Telecomm. Aeronautiques, Ltd., 2007 WL 316572, *7 n.7 (E.D.N.Y. Jan. 30, 2007) (declining plaintiff's

request to consider declarations); Ramasamy v. Essar Global Ltd., 2012 WL 1681763, *2 (S.D.N.Y. May 8, 2012) ("sworn affidavit by plaintiff … could not be considered …."); Wachtel v. Nat'l R.R. Passenger Corp., 2012 WL 292352, *2 (S.D.N.Y. Jan. 30, 2012) (declining to consider plaintiff's affidavit in opposition); Valez v. City of New York, 2008 WL 5329974, *3 (S.D.N.Y. Dec. 16, 2008) (improper to consider a plaintiff's affidavit).

Plaintiff did not attach any exhibits to the Complaint. The new exhibits do not relate to the Complaint and Plaintiff has not argued that she relied on them. The exhibits include, among other things, lists of research projects that occurred years before the relevant time frame; a list of Plaintiff's "Theses;" A Department of State "Entity Information" sheet; multiple agreements related to the Related Case; place holders for documents that Plaintiff has not produced; and Emails that show Plaintiff trying to funnel Genometrica-licensed IP into a company she calls "Newco." None of the documents supports even a single element of Plaintiff's claims. Plaintiff uses these documents in a futile attempt to re-argue her prior motion in the Related Case. The Court should ignore the four declarations and 15 exhibits and decide this Motion without them.

POINT II

PLAINTIFF CONCEDED POINTS I AND II OF THE OPENING PAPERS

Plaintiff has failed to address Points I and II of the Opening Brief which argue that Invar and Genometrica are not proper parties. While a failure to respond does not justify a "default" dismissal, Maggett v. Dalsheim, 709 F.2d 800, 802 (2d Cir. 1982). See also Banushi v. City of New York, No. 08 Civ. 2937, 2010 U.S. Dist. LEXIS 109903, at *13 (E.D.N.Y. Oct. 15, 2010), courts have discretion to grant dismissal when plaintiff chooses to not respond. See Levine v. Lawrence, No. 03 Civ. 1694, 2005 U.S. Dist. LEXIS 11663, at *14 (E.D.N.Y. June 15, 2005) ("failure to adequately brief an argument constitutes a waiver of that argument."); DeVito v.

Smith-Kline Beecham Corp., No. 02 Civ. 0745, 2004 U.S. Dist. LEXIS 27374 (N.D.N.Y. Nov. 29, 2004) (plaintiff's lack of response amounted to a concession). In fact, courts may deem failure to oppose a 12(b)(6) motion as an indication that plaintiff has abandoned its claim(s). See Banushi v. City of New York, No. 08 Civ. 2937, 2010 U.S. Dist. LEXIS 109903, at *13 (E.D.N.Y. Oct. 15, 2010); Martinez v. Sander, No. 02 Civ. 5624, 2004 U.S. Dist. LEXIS 10060 (S.D.N.Y. June 3, 2004). Defendants contend that Plaintiff conceded the arguments in Points I and II of the Opening Brief and abandoned all claims against Invar, Genometrica, Ltd., and Mr. Vayntrub.

A.   Invar is Not a Proper Party

Invar assigned all of its Genometrica Research shares to Genometrica Ltd. on October 21, 2009 -- almost two years before Plaintiff's claims purportedly arose in August 2011. Opening Brief at p. 8; Kenney Dec. at Exhibit D. Invar cannot be held liable for Plaintiff's claims. Plaintiff has not opposed this argument and the Complaint does not contain allegations contrary to it. The Court should dismiss Invar.

B.   Plaintiff Has Not Alleged Any Basis to Pierce the Corporate Veil

According to the well-established rule in New York, a parent corporation or shareholder is not liable for the acts of its subsidiaries simply based upon ownership. Opening Brief at pp. 8-10. The Opening Papers supported this proposition with cases from the New York Court of Appeals, the Eastern District of New York, and the Second Circuit. Plaintiff has challenged neither this argument nor the cases. Rather she now claims in her improper declaration that the Served Defendants have somehow used the names Genometrica Ltd. and Genometrica Research interchangeably. Gorfinkel Dec. at ¶ 14. Yet, Plaintiff does not list a single example or document to evidence this bald assertion. The mere conclusory, unsupported allegation is insufficient. Opening Brief, pp.7-8. More to the point, this allegation contradicts the Complaint

-- the controlling document on this Motion. In the Complaint, Plaintiff admits that the Served Defendants are all distinct corporate entities that operate independently. Complaint at ¶¶ 2-5, 25. Either way, the Court should dismiss all claims against both Invar and Genometrica Ltd.

This reasoning also holds true with respect to Mr. Vayntrub, who has not been properly served in this action. If the Court holds that Mr. Vayntrub was properly served, then Defendants request that the Court dismiss all claims against him for the reasons discussed in this section.

C.   <u>Plaintiff Has Not Completed Service of Process on Defendant Ralf Vayntrub</u>

Plaintiff bears the burden to establish proper service. Fed.R.Civ.P. 4(l)(2) provides that service outside the United States must be proven in accordance with applicable treaty or convention, by receipt signed by the addressee, or by other satisfactory evidence. Fed. R. Civ. P. 4(l)(2). Plaintiff never filed or produced an affidavit of service on Mr. Vayntrub. Opening Brief at pp. 10-11; Orban Dec. at ¶ 4. She also has not established that service was made under the Hague Convention or other applicable law. She has not produced a receipt signed by Mr. Vayntrub. <u>Id</u>. And, until filing the Greenberg Dec. and Exhibit N to the Gorfinkel Dec., Plaintiff refused to produce any evidence of service on Mr. Vayntrub despite repeated requests. Opening Brief at pp. 10-11; Kenney Dec. at Exhibit E. That failure casts serious doubt on the veracity of Exhibit N. Quite simply, we do not know where these documents came from. And neither the Greenberg Dec. nor the Opposition sheds any light on their origin.

More importantly, the documents do not establish service of process. Exhibit N evidences only that attempts were made to deliver parcel(s) in one or more foreign countries. Plaintiff apparently hopes that because these documents are so unordered and so confusing, this Court will throw up its hands and decide that Mr. Vayntrub has been served. He has not.

Exhibit N is a series of purported translations and blank pages. It does not identify the translation company, contain a certification from the translator, or contain an explanation for the

blank pages. According to these documents an individual, Sergey Sergeevich Formichev, inquired of the Russian postal service on November 9, 2012 about two mailings that he sent on Juanuary 27, 2012, and that he made a similar request to "DIMEX" on November 14, 2012. Plaintiff admits that she does not know who Mr. Formichev is or why he made these inquiries. Greenberg Dec. at ¶ 8. According to Exhibit N, some parcels were delivered and some were not. Exhibit N contains no evidence that anything was delivered to Mr. Vayntrub.

Even according to Mr. Greenberg, the Russian postal service determined only that "Mr. Vayntrub had been sent mail in this case which we contend is the [S]ummons with Notice in this action." Greenberg Dec. at ¶ 8. In other words, Mr. Greenberg admits that he does not know what the mailings contained.

Understanding that Exhibit N does not establish service, Plaintiff next tries hearsay. Mr. Greenberg claims that Plaintiff's prior counsel told him that Mr. Vayntrub was served in Russia.[4] Greenberg Dec. at ¶ 2. This hearsay statement does not say how Mr. Vayntrub actually was served, by whom, when, or where. It is pure folly.

Mr. Greenberg also contends that sometime in April 2013, he personally delivered the original "affidavit" of service to the clerk of the New York State Supreme Court in Riverhead.[5] Greenberg Dec. at ¶ 10. Yet, Plaintiff has not produced a court-stamped copy of the allegedly filed affidavit. Moreover, Served Defendants confirmed on May 1, 2013 -- after the supposed Greenberg filing -- that the court file did not contain this alleged affidavit, or even the deficient Exhibit N. Opening Brief at p. 10; Orban Dec. at ¶¶ 2, 4. Plaintiff has not met her burden. The Court should dismiss Mr. Vayntrub.

---

[4] The Gorbovitski Dec. makes a similar pronouncement without any support. Gorbovitski Dec. at ¶ 5.

[5] The Gorbovitski Dec. contends that this date is April 4, 2013. Gorbovitski Dec. at ¶¶ 6, 8.

POINT III

PLAINTIFF FAILED TO STATE A CLAIM

A.  Plaintiff Has Not Cured the Deficiencies in Her First and Second Claims

Plaintiffs first two claims for interference are barred by the doctrine of collateral estoppel and Section 74 of the New York Civil Rights Law. Opening Brief at p. 13-14, 17, 18-19. They are also deficient. Plaintiff failed to produce an employment agreement to support her first claim or either explain or produce documents to support her second claim. Plaintiff further failed to plead that that Defendants knew of the supposed relationships, or that either of them was breached. And she admits that there was no breach to support her first claim -- she remains employed at Stony Brook. Finally, Plaintiff has not sufficiently pleaded damages in either claim. Opening Brief at p. 11-19. Plaintiff chose not to oppose those arguments. Plaintiff's Opposition at p. 12-13. The Court should dismiss Claims I and II.

B.  Plaintiff's Third Claim Remains Flawed as Well

Plaintiff also failed to respond to the Opening Brief arguments regarding (i) the alleged defamatory comments by the Served Defendants' personnel, or (ii) the alleged defamatory comments associated with the Nancy Daneau email. Opening Brief at p. 19-22. Accordingly, the portions of the claim that rely on those alleged statements should be deemed abandoned. In any event, Plaintiff has not identified the speakers, receivers, timing, or the alleged false statements necessary to support this third claim on either of these alleged statements. Moreover, Plaintiff has not pleaded damages on this claim. The Opposition did not cure -- or even address -- these deficiencies.

Plaintiff chose only to oppose dismissal of the alleged defamatory statement made to Prof. Luryi. Yet, her Opposition does not contain any legal analysis of this statement. Instead, she relies entirely upon the Berezin Dec. -- which the Court should not consider because it is

outside the Complaint. Even so, the Berezin Dec. constitutes inadmissible double and triple hearsay and the Court should not consider it for that reason as well.

Rule 805 precludes admission of a double hearsay statement "unless each level of hearsay is covered by an exception to the hearsay rule." Agriculture Ins. Co., Inc. v. Ace Hardware Corp., 214 F.Supp.2d 413, 416 (S.D.N.Y. 2002); Fed. R. Evid. 805. "The testimony of [a] witness as to what someone else told [her] a party … said is inadmissible double hearsay." Gilligan v. Town of Moreau, 234 F.3d 1261, *3 n.4 (N.D.N.Y. Oct. 25, 2000). To be considered, each statement must separately fall into one of the hearsay exceptions. Agriculture Ins. Co., 214 F.Supp.2d at 413; Fed. R. Evid. 803.

Ms. Berezin recounted an alleged out of court conversation with Prof. Luryi (the first level of hearsay) who, in turn, allegedly recounted an out of court conversation that he had with Mr. Vayntrub (the second level of hearsay). Berezin Dec. at ¶ 3. Ms. Berezin then recounted a similar alleged out of court conversation that with Plaintiff (the first level of hearsay) who, in turn, allegedly recounted an out of court conversation that she had with Prof. Luryi (the second level of hearsay) who again allegedly recounted a conversation with Mr. Vayntrub (the third level of hearsay). Berezin Dec. at ¶ 6. Ms. Berezin offers Prof. Luryi's and Plaintiff's repetition of the alleged statement for the truth of the matter asserted -- that Mr. Vayntrub characterized Plaintiff as underhanded, not to be trusted, deceitful, and a thief. The double and triple hearsay statements do not fall within any hearsay exception and Plaintiff has not articulated otherwise. Fed. R. Evid. 803. Tellingly, Plaintiff did not provide a sworn statement from the one person who allegedly heard Mr. Vayntrub's statement -- Prof. Luryi. That fact casts serious doubt on the veracity of these double and triple hearsay statements. The Court should not consider them. Without these hearsay statements, the defamation claim fails. The Court should dismiss it.

C.	Plaintiff's Fourth Claim Fails For Multiple Reasons

Plaintiff's claims for declaratory judgment also fail for three reasons. First, as pleaded, Plaintiff's non-infringement claim -- which asks this Court to find that the Foundation has finally determined the infringement issue in her favor and that Genometrica is, therefore, precluded from pressing its patent-infringement claims -- is barred by the doctrine of collateral estoppel. This Court already found in the Related Case, wherein Plaintiff is a defendant:

> The Defendants have not pointed to any provision in the Agreement which states that the Foundation's assessment of potential infringement is conclusive and binding on the Licensee or this Court for that matter. Rather, Article VII [of the Agreement] clearly contemplates that the Foundation may in fact determine to not diligently prosecute an infringement action or even bring one in the first instance, and explicitly permits the Licensee to bring its own suit under those circumstances. The Foundation's allege[d] determination that there was insufficient proof of infringement to prosecute an action against the Defendants does not preclude this case or warrant dismissal of the complaint. Contrary to the Defendants' assertion, the Foundation's analysis does not conclusively prove that there has been no patent infringement.

Genometrica Research Inc., 2013 WL 394892 *5. The Court should dismiss Plaintiff's non-infringement claim.

Second, Plaintiff had the opportunity to bring her claim for non-infringement as an affirmative defense in the Related Action -- where it belongs. She chose instead to thumb her nose at this Court and bring the request to a state court that did not have jurisdiction over the claim. Plaintiff's attempted end around a determination by this Court -- especially when the issue was already pending here -- was improper and wasted a significant amount of resources of two courts and the Served Defendants. Plaintiff made her choice -- she failed to bring the appropriate affirmative defense. Her time to do so has long since run. Plaintiff must live with her decision and proceed without that request for declaratory judgment. Regardless of whether

the Camofi and Larson[6] cases apply here, the Court should dismiss this request as improper and untimely.

Third, Plaintiff's request for declaratory judgment that she has properly performed her duties at Stony Brook is inappropriate. This is not an action between an employer and employee. In fact, neither Stony Brook nor the Foundation are parties to this action. Thus, the Court should dismiss this portion of Plaintiff's fourth claim.

---

[6] Camofi Master LDC v. Coll. P'ship, Inc., 452 F.Supp.2d 462 (S.D.N.Y. 20060; Larson v. General Motors Corp., 134 F.2d 450 (2d Cir. 1943).

CONCLUSION

**WHEREFORE**, Defendants respectfully request that this motion to dismiss be granted in all respects, and the Court grant such other and further relief as it deems just and proper.

Dated: New York, New York
November 13, 2013

Respectfully submitted,

**BLANK ROME LLP**

By: s/Robert Kenney
Robert J. Kenney, Jr.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Telephone: 212-885-5251
Facsimile: 917-332-3796
Email: rkenney@blankrome.com

Panagiota Betty Tufariello
INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, New York 11766
Telephone: (631) 476-8734
Facsimile: (631) 476-8737
Email: betty@intellectulaw.com

Douglas Gross
Nicholas B. Malito
Hofheimer Gartlir & Gross, LLP
530 Fifth Avenue
New York, New York 10036
Telephone: (212) 818-9000
Facsimile: (212) 897-4980
Email: dgross@hgg.com
nmalito@hgg.com

*Counsel for Defendants Invar Consulting Ltd., Genometrica Ltd., and Genometrica Research, Inc.*