

*Phone:* (212) 885-5251
*Fax:* (917) 332-3796
*Email:* rkenney@blankrome.com

January 21, 2014

**VIA ECF**
Honorable Pamela K. Chen
United States District Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Gorfinkel v. Vayntrub, et al.*, Case No. 13-cv-3093 (PKC) (AKT)

Dear Judge Chen:

      We represent Defendants Genometrica Research Inc., Invar Consulting Ltd., and Genometrica Ltd. (the "Served Defendants") in the above-referenced action. Ralf Vayntrub, a named Defendant, has not been served or otherwise joined to this action. Even though the Served Defendants' motion to dismiss (the "Motion") has been fully briefed and submitted since November, Plaintiff has improperly sought multiple opportunities to continue her argument to the court through written correspondence. In fact, since the Motion was fully submitted, Plaintiff has filed two additional substantive opposition papers masked as unnecessary requests for a status conference and for oral argument. Further, Plaintiff has requested that the Court consider two additional sets of documents that Plaintiff failed to file with her opposition papers -- much of which have been fully available on the Court's ECF system for more than 21 months. Moreover, in line with the arguments contained in her opposition papers, Plaintiff continues to argue a motion to dismiss that District Court Judge Spatt decided almost a year ago in a companion case. We ask the Court to reject these improper additional opposition papers and documents.

      The Served Defendants removed the instant case to this Court on May 28, 2013. The Served Defendants then filed the Motion on August 1, 2013 (the "Motion"). Plaintiff filed her opposition on August 22, 2013. In her opposition, Plaintiff relied on, among other things, Exhibits H, I, J, and K -- documents that she neither identified nor attached to her opposition papers (the "Unidentified Documents"). On August 28, 2013, the Court extended the Served Defendants' time to file their reply papers until two weeks after Plaintiff obtained the



Unidentified Documents from the Research Foundation of the State University of New York (the "Foundation"). That Order did not require the Served Defendants to wait in perpetuity for the documents. Rather, the Order allowed the Served Defendants extra time to file their reply papers if they chose to take it. When Plaintiff -- after three months, multiple subpoenas, and numerous letters -- was unable to obtain the Unidentified Documents from the Foundation, the Served Defendants filed their reply papers on November 13, 2013. At that point, the Motion was fully briefed and fully submitted.

Since that date, Plaintiff has written to the Court three times addressing the substance of the Served Defendants' Motion. First, in a letter dated January 2, 2014 (Document # 39), Plaintiff filed *via* ECF a lengthy sur-reply. This eight-page document, cleverly disguised as an unnecessary request for a conference, argues Plaintiff's opposition to the Motion in detail. The letter finally described the Unidentified Documents as five exhibits attached to the Amended Complaint in a companion case, *Genometrica Research Inc. v. Gorbovitski, et al.*, Case No. 11-cv-05802 (PKC) (AKT) (the "Companion Case"). Plaintiff then asked the Court to consider the documents as Exhibits H, I, J, and K to her opposition papers. Yet, while Plaintiff did not attach these documents to her opposition papers, she fully admits that they have been available on the publicly accessible ECF system since plaintiff in the Companion Case filed its Amended Complaint on April 22, 2012 -- more than 21 months ago. Lastly, this sur-reply fully reargues a separate motion to dismiss that Plaintiff and her co-defendants brought in the Companion Case and which Judge Spatt disposed of on January 31, 2013.

Second, on January 7, 2014, Plaintiff submitted a letter to the Court that contained a second set of additional documents that Plaintiff requested the Court to publish on the ECF system and to consider on the Motion under this Court's previous order (See August 28, 2014 Minute Order). These documents have nothing to do with the Served Defendants' Motion and, in any event, Plaintiff has filed them five months after she filed her opposition and two months after the motion was fully submitted. Because Plaintiff did not file this letter on the ECF system, I have enclosed a copy of it for the Court's ease of reference.

Third, Plaintiff filed a letter on the ECF system last night that again argues her opposition to the Motion in detail and again attempts to reargue the motion to dismiss in the Companion Case. This time, Plaintiff calls the letter, dated January 17, 2014, a request for oral argument (Document #40). Yet, this Court's rules state that it will entertain oral argument on all motions unless otherwise stated. More importantly, this new sur-sur-reply is merely a slightly shorter version of Plaintiff's January 2, 2014 sur-reply.

The Served Defendants request that the Court consider neither the additional opposition papers -- the sur-reply and sur-sur-reply -- nor the additional documents that Plaintiff has



attempted to put before this Court.  Plaintiff made all of these attempts to further argue the Motion five months after she filed her opposition and two months after the motion was fully briefed and submitted.  Plaintiff was not entitled to file any additional opposition papers under the Federal Rules of Civil Procedure.  And Plaintiff did not request permission from the Court to submit any of these additional supportive documents.  Moreover, Plaintiff's chronic intrigue with respect to Exhibits H, I, J, and K has caused a tangled web of unnecessary subpoenas, letters, and adjournments that have wasted considerable time and resources of both the Court and the Served Defendants -- all while the documents were available on the ECF system.  Finally, Plaintiff has not articulated any reason why the Court should consider either the additional opposition or the new documents at this late stage.  The Court should reject all three letters and both sets of documents and decide the Motion on the motion papers as fully submitted on November 13, 2013.

                Respectfully Submitted,

                <u>/s Robert Kenney</u>
                Robert Kenney

Enclosure
cc (*via* ECF):  Arthur Morrison
                William Rapp
                Gregory Koerner
                Nicholas Malito
                Betty Tufariello