# ARTHUR MORRISON
# ATTORNEY AT LAW
# 11 SKYLINE DRIVE
# HAWTHORNE, NEW YORK 10532
### (TEL) 914-980-7244 (FAX) 914-592-3482
E-MAIL AM2126@NYU.EDU

January 22, 2014
Hon. Pamela K. Chen
Judge United States District Court
225 Cadman Plaza East Courtrooms: 4F
Brooklyn New York 11201
Telephone: (718) 613-2510 Fax: (718) 613-2516

Re: Gorfinkel v. Vayntrub et al Case# 12:13-CV-03093-(PKC) (AKT)

**Response to Defendants' Docket Entry #40 to not allow *In camera* Review of Documents sought to be submitted and reviewed by Court in Docket Entry #28 under Fed. R. Civ. P. 26(b) (1)**

Dear Judge Chen:
I am counsel to Vera Gorfinkel in this case under Case# 12:13-CV-03093-(PKC) (AKT) which has been consolidated with case #11-cv-5802(PKC) (AKT).
**Background**
Docket entries #23, 24, 25, 26 and 27 indicate Plaintiff Gorfinkel provided four declarations plus a Memorandum of Law in Opposition to the defendants' Rule12 (b) (6) motion to dismiss.
Once Defendants' filed its Reply on November 13, 2013 (Docket Entry #36) Plaintiff's counsel sought to comply fully with Your Honor's Docket Entry #28 by making a Request for a Status Conference and Submission of Documents by plaintiff Gorfinkel permitted by Docket Entry # 28 "... Should the Court receive the Documents pursuant to the third party subpoena, it will consider whether they should be electronically docketed and, if so, whether they should be made available only to the parties"(Docket Entry.#39, Motion 1/06/14)
Docket entry#39 was a letter of January 2, 2014 providing context and background for compliance with Your Honor's Docket Entry #28

**Discussion:**
**a) Between 12/01/11 and 12/09/11 SUNY (RF's) attorney Bernstein provided Opinion determining 12/05/11 Genometrica Complaint to SUNY(RF) making determination on 12/09/11 of non-patent infringement on the part of the defendants named therein Case #11-cv-5802(PKC) (AKT) on any of the 12 SUNY(RF) patents.**
**b) Nancy Daneau SUNY (RF) Research Dept. prepared on 12/09/11 her own document, not copy of Bernstein's attorney-client work product but prepared it in ordinary course reporting and informing fact of non-patent infringement;**
**c) Daneau's document of non-patent infringement See (Exhibit "27-17 also Exhibit "H") ECF filed by Genometrica's Counsel in Case #11-cv-5802 (PKC) (AKT).**

Hon. Pamela K. Chen                                      January 22 2014
Judge United States District Court                       Page Two


**d) Copy of Genometrica Complaint and Memorandum of Law of patent infringement received by SUNY(RF) Daneau in ordinary course (See Exhibits "27 -13", "27-14" also as Exhibits "H" and "I") Not created or original work product of attorney Bernstein but party Genometrica's records discoverable under Fed. R. Civ. P.26 (b)**

The purposes of the documents submitted" (Docket Entry. #39, Motion 1/06/14) were in compliance with Your Honor's Docket Entry #28;

The timetable for Peter Bernstein, Esq.'s finding of non-patent infringement was between 12/01/11 and 12/09/11 Peter Bernstein, Esq., Plaintiff was expediting the process seeking a favorable determination by SUNY (RF) of Patent Infringement before a responsive pleading was due from 11/29/11 in order to comply to comply with Fed. R. Civ. P. (15(a)'s deadline of 21 days.

<u>Firstly</u> on December 1, 2011 Richard Klein, Esq. counsel for Plaintiff Genometrica under case #11-cv-5802(PKC) (AKT) submitted a "Waiver Letter" of Sections 7.1 and 7.2 of the License Agreement to SUNY (RF) (after litigation had commenced) requesting written acknowledgement that SUNY (RF) already had evidence in its possession that Patent Infringement had occurred by the existing defendants in case #11-cv-5802(PKC) (AKT) of all of the 12 patents of the patent holder SUNY (RF). Permitting addition of a Patent Infringement claim in an Amended Complaint.

<u>Secondly,</u> Nancy Daneau for SUNY (RF) declined to sign the Waiver of Sections 7.1 and 7.2 of the License Agreement proffered by Klein on December 1, 2011. (See Exhibits "27 -13", "27-14" also as Exhibits "H" and "I")

<u>Thirdly</u> on December 5, 2011 Peter Bernstein, Esq., received from MS. Tuffariello Genometrica's counsel in the pending case a written complaint and Memorandum of Law of Patent Infringement against Gorfinkel, Gorbovitski and ABMM ("GG&ABMM") (Exhibit "27-14 also Exhibit "H") SUNY (RF) lacked any evidence on 12/01/11 sufficient to sign "Letter Waiver" and requested written proof of Patent Infringement from Genometrica against the defendants

<u>Finally,</u> Peter Bernstein, Esq. provided a written opinion adverse to and against Genometrica, the sole plaintiff on 12/09/11 after the litigation under case #11-cv-5802(PKC) (AKT) had been commenced on 11/29/11'; that opinion was that no patent infringement had occurred on the part of the defendants of any of the 12 patents of the patent holder SUNY (RF). Nancy Daneau in turn, based upon its counsel written opinion, provided on 12/09/11 provided written notification to the defendants and their counsel of non-patent infringement by the defendants. **See (Exhibit "27-17 also Exhibit "H")**

Hon. Pamela K. Chen                                      January 22 2014
Judge United States District Court                       Page Three

**Argument**

Fed. R. Civ. P. 26(b) (1) provides in part:

   "l") *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

(Exhibit "27-14 also Exhibit "H")  is in the ECF Record demonstrating  SUNY (RF) lacked any evidence on 12/01/11 sufficient to sign "Letter Waiver"   and requested written proof of Patent Infringement from Genometrica against the defendants

 Mr. Bernstein was requested  on 12/05/09 to provide an Opinion for SUNY(RF) based upon the written Complaint and Memorandum of Law of Mr. Tuffariello while the complaint under case #11-cv-5802(PKC) (AKT) was pending since 11/29/11 and he did so. It is not urged that the documents sought to reviewed by the court and submitted under Socket #39 are not material and relevant.

Discovery concerns Amendment on 4/02/12 adding for the first time, a Second Claim for Patent Infringement of SUNY (RF)'s 12 patents by Genometrica.

One Discovery issue is did Geometrical know three (3) months earlier on 12/09/11 an adverse ruling had been issued by Peter Bernstein SUNY (RF's) attorney that no patent infringement of SUNY"s Patents had occurred under case #11-cv-5802(PKC) (AKT) at any time at the University or Foundation on the part of any of the defendants, further there was no proof of product development at SUNY(RF) only research ongoing at the Foundation, SUNY (RF).

A secondary issue for discovery is the Standing of Genometrica to add a Second Claim for Relief of Patent Infringement against the defendants three months later under case #11-cv-5802(PKC) (AKT) if no federal question or case or controversy existed on 4/01/12 of Patent Infringement against SUNY (RF) if the issue had been determined adversely to Genometrica three months earlier on 12/09/11/

A third issue is bad faith filing of rhe Amended Pleading
Vera Gorfinkel has made a showing: "… For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence…"

Hon. Pamela K. Chen                                              January 22 2014
Judge United States District Court                               Page Four

**Conclusion:**

Vera Gorfinkel submits that the Exhibits submitted to the Court in Docket #39 for in camera review was authorized by Docket #28 are discoverable under Fed. R. Civ. P. 26(b) (1); further she has not been able to obtain these documents by any other means.

Before the Court in an Amended Complaint is a Second Count for Patent Infringement. It was added on 4/02/12 alleging Patent Infringement against the defendants when three (3) months earlier on 12/09/11 SUNY (RF) determined there was no evidence of Patent Infringement by any of the defendants. That document by SUNY (RF's) Research Director Nancy Daneau reporting non-infringement was provided to Genometrica and its counsel. **See (Exhibit "27-17 also Exhibit "H")**
It was submitted along with others for *in camera* review to Judge Chen as docket entry #39 on 1/6/14. The 12/09/11 email of non-infringement by defendants is already in the ECF record having been ECF filed by Genometrica's counsel. The details were provided in Docect#39 and need not be repeated. **See (Exhibit "27-17 also Exhibit "H")**

Where this document, evidence on 12/09/12 (writing not of the lawyer Bernstein but his client in the ordinary course of business) informs the filer and originator of the Patent Infringement Complaint with SUNY(RF) on 12/05/11 i.e., Genometrica and its lawyers including Ms. Tuffariello and the Hofheimer law firm of its determination of non-patent infringement – does examination of this document in camera by Judge Chen not go to the heart of the case, i.e. lack of standing by Genometrica to add on 4/02/12 a Federal Question added as a 2nd Claim of Patent Infringement when Genometrica lacked proof of a case or controversy of Patent infringement but had written evidence to the contrary.

The only other federal claims on 4/02/12 were Federal Unfair Competition Counts 3, 4 and 5. Judge Spatt dismissed two of the three. Remaining are all state claims. No proof submitted to SUNY (RF) of a product being in existence is part of the SUNY (RF's) 12/09/12 determination of non-Patent Infringement. The remaining Federal Count is Unfair Competition. That requires proof that Genometrica has a product in commence which also requires Discovery. If no product for Patent Infringement or Federal Unfair Competition is proven, then the court cannot exercise supplemental jurisdiction.

Is Vera Gorfinkel correct in seeking an *in camera* review of the 12/09/11 letter from Nancy Daneau sent by SUNY(RF) in the ordinary course (not a copy of the attorneys communication to her) a proper document discoverable under Fed. R. Civ. P. 26(b) (1)

The detail provided in the submission in Docket #39 was made necessary by the complexity of the subject matter raising multiple unresolved issues presented by two different cases; detail also provided to place the complex material submitted in proper context as the litigation has been ongoing for more than two years in two different forums once case being removed and second consolidated.

Respectfully submitted,
/s/ Arthur Morrison

ARTHUR MORRISON

**Attorneys for Plaintiff Vera Gorfinkel**
**Gregory O. Koerner**
Koerner Law Firm
111 John Street, Suite 230
New York, NY 10038
(212)461-4377
Fax: (212)453-0658
Email: gkoerner@koerner-associates.com

**William V. Rapp**
85 River Road
Briarcliff Manor, NY 10510
914-945-0630
Fax: 914-923-1416
Email: wvr201@nyu.edu

**Attorneys for Defendants**

**In case 12:13-CV-03093-(PKC) (AKT)**

To:
**Panagiota Betty Tufariello**
The Law Offices of P.B. Tufariello, P.C.
25 Little Harbor Road
Mt. Sinai, NY 11766
631-476-8734
Fax: 631-476-8737
Email: 24yellow@optonline.net

**Douglas A Gross**
Hofheimer Garlir & Gross LLP
530 Fifth Avenue
New York, NY 10036
212-897-7895
Fax: 212-897-4995
Email: dgross@hgg.com

**Nicholas Bruce Malito**
Hofheimer Gartlir & Gross LLP
530 Fifth Avenue
9th Floor
New York, NY 10036
212-897-7916
Fax: 212-897-4980
Email: nmalito@hgg.com

**Robert J. Kenney , Jr.**
Blank Rome LLP
405 Lexington Avenue
New York, NY 10174
212-885-5000
Fax: 917-332-3796
Email: rkenney@blankrome.


Attorney for Plaintiff SUNY(RF)  in
Case #11-cv-5802(PKC) (AKT)

Peter I. Bernstein,Esq.
Scully, Scott, Murphy and Presser Esqs.
400 Garden City Plaza
Garden City, New York 11530
516-743-4343
516-743-4366
E-Mail PIBernstein@ssmp.com

DECLARATION OF SERVICE.

State of New York
                                    ) ss:
County of Westchester

   Arthur Morrison, attorney at law, declares the following to be true under the penalty perjury:

1. He is over the age of 21 years.

2. On January 22, 2014 by first class mail, with prepaid postage, he served a

   copy of the

   **Response to Defendants' Docket Entry #40 to not allow In camera Review of Documents sought to be submitted and reviewed by Court in Docket Entry #28 under Fed. R. Civ. P. 26(b) (1)**

   upon the attorneys for the defendants

   **See Annexed Service List**

Dated: Hawthorne, New York
January 22 2014                                    Arthur Morrison(AM5678)
                                                   Attorney for Plaintiff

# Service List

To: **Panagiota Betty Tufariello**
The Law Offices of P.B. Tufariello, P.C.
25 Little Harbor Road
Mt. Sinai, NY 11766
631-476-8734
Fax: 631-476-8737
Email: 24yellow@optonline.net

**Douglas A Gross**
Hofheimer Garlir & Gross LLP
530 Fifth Avenue
New York, NY 10036
212-897-7895
Fax: 212-897-4995
Email: dgross@hgg.com

**Nicholas Bruce Malito**
Hofheimer Gartlir & Gross LLP
530 Fifth Avenue
9th Floor
New York, NY 10036
212-897-7916
Fax: 212-897-4980
Email: nmalito@hgg.com
*ATTORNEY TO BE NOTICED*

**Robert J. Kenney , Jr.**
Blank Rome LLP
405 Lexington Avenue
New York, NY 10174
212-885-5000
Fax: 917-332-3796
Email: rkenney@blankrome.

**Attorney for Plaintiff SUNY(RF)  in Case #11-cv-5802(PKC) (AKT)**
Peter I. Bernstein, Esq.
Scully, Scott, Murphy and Presser Esqs.
400 Garden City Plaza
Garden City, New York 11530
516-743-4343
516-743-4366
E-Mail PIBernstein@ssmp.com