Robert J. Kenney, Jr.
Rither Alabre
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Telephone: 212-885-5251
Facsimile: 917-332-3796
Email: rkenney@blankrome.com

Panagiota Betty Tufariello
INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, New York 11766
Telephone: 631-476-8734
Facsimile: 631-476-8737
Email: betty@intellectulaw.com

Douglas Gross
Nicholas B. Malito
HOFHEIMER GARTLIR & GROSS, LLP
530 Fifth Avenue
New York, New York 10036
Telephone: 212-818-9000
Facsimile: 212-897-4980
Email: dgross@hgg.com
Email: nmalito@hgg.com

*Counsel for Defendants Invar Consulting Ltd., Genometrica Ltd., and Genometrica Research, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- :
: 
VERA GORFINKEL, : Case No.: 13-cv-3093 (PKC) (AKT)
: 
           Plaintiff, :
: 
     -against- :
: 
RALF VAYNTRUB, INVAR CONSULTING : 
LTD., GENOMETRICA LTD. and : 
GENOMETRICA RESEARCH, INC. :
: 
          Defendants. :
: 
-------------------------------------------------------------- :

**MEMORANDUM OF LAW ON
SUBJECT-MATTER JURISDICTION IN COMPLIANCE WITH
THIS COURT'S MARCH 24, 2014 ORDER TO SHOW CAUSE**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................1

PROCEDURAL BACKGROUND..............................................................................2

ARGUMENT ............................................................................................................7

POINT I    This Court Correctly Decided that it Has Jurisdiction................................7

    A.   The Court's Decision that it has Jurisdiction Over Plaintiff's
Claim for Non-Infringement was Correct.........................................................7

    B.   The Amended Complaint Contains Three Claims Over Which
This Court has Jurisdiction ..............................................................................9

    C.   Removal of this Action was Timely ..................................................................9

POINT II   Both the Initial Complaint and the Amended Complaint Set Forth
Multiple Bases for this Court's Subject Matter Jurisdiction.........................10

    A.   Two of Plaintiff's Declaratory Judgment Requests Arise Out of Federal
Patent Law or Depend on the Resolution of Substantial Federal Patent
Law Questions ................................................................................................11

        1.   The Court has Jurisdiction Over Plaintiff's Request For a Declaratory
Judgment that She Did Not Infringe on the Patents.....................................12

        2.   The Court has Jurisdiction Over Plaintiff's Request for a Declaratory
Judgment that Defendants Filed False Charges of Patent Infringement
Against her and that the Foundation Found "No Patent Infringement."....................13

    B.   One Instance of Plaintiff's Alleged Defamation Arises Out of Federal Patent Law.........16

CONCLUSION........................................................................................................19

141864.00601/7373824v.5

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*ABB Inc. v. Cooper Industries, LLC,*
 635 F.3d 1345 (Fed. Cir. 2011)...................................................................................12, 14

*Accent Designs, Inc. v. Jan Jewelry Designs, Inc.,*
 827 F.Supp. 957 (S.D.N.Y. 1993)...............................................................................17, 18

*Additive Controls & Measurements Systems, Inc., v. Flowdata, Inc.,*
 986 F.2d 476 (Fed. Cir. 1993)....................................................................................14, 18

*Albert v. Loksen,*
 239 F.3d 256 (2d Cir. 2001).............................................................................................17

*Amperion, Inc. v. Current Group,*
 LLC, 444 F. App'x 477 (2d Cir. 2011)...................................................................9, 11, 14

*Bill Wolf Petro v. Vill. of Port Washington N.,*
 489 F.Supp2d 203 (E.D.N.Y. 2007) ..................................................................................8

*California Public Emp. Ret. Sys. V. Worldcom, Inc.,*
 368 F.3d 86 (2d Cir. 2004)..................................................................................................8

*Caterpillar Inc. v. Williams,*
 482 U.S. 386 (1987).........................................................................................................11

*Christianson v. Colt Industries Operating Corp.,*
 486 U.S. 800 (1988)............................................................................................11, 14, 17

*Dal-Bac (Pty.), Lmt. v. Firma Astorwerk Otto Berning & Co.,*
 244 F.Supp. 513 (S.D.N.Y. 1965)..............................................................................13, 14

*Franchise Tax Bd. Of State of Cal. V. Construction Laborers Vacation Trust for S.
 California,*
 463 U.S. 1 (1963)..............................................................................................................13

*Genometrica Research Inc. et al. v. Gorbovitski et al.,*
 2013 WL 394892 (E.D.N.Y. Jan. 31, 2013) ............................................................5, 6, 16

*Genometrica Research, Inc. v. Gorbovitski, et al.,*
 11-CV-05802 (PKC) (AKT) (the "Related Case")...................................................... passim

*Golan v. Pingel Enterprise, Inc.,*
 310 F.3d 1360 (Fed. Cir. 2002).................................................................12, 13, 14, 18

ii

*Harrison v. Lutheran Medical Center,*
  468 F. App'x 33 (2d Cir. 2012) ..................................................................15

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.,*
  535 U.S. 826 (2002)....................................................................................11

*Hunter Douglas, Inc. v. Harmonic Design, Inc.,*
  153 F.3d 1318 (Fed. Cir. 1998)........................................................9, 14, 18

*In re Nassau Cnty. Strip Search Cases,*
  958 F. Supp. 2d 339 (E.D.N.Y. 2013) ........................................................8

*Lader v. Delgado,*
  2013 WL 1346278 (E.D.N.Y. Mar. 29, 2013)............................................17

*Medtronic Inc. v. Mirowksi Family Ventures LLC,*
  134 S.Ct. 843 (2014)........................................................................12, 13, 14

*Modern Computer Corp., v. Ma,*
  862 F.Supp. 938 (E.D.N.Y. 1994) .......................................................13, 14

*Moltner v. Starbucks Coffee Co.,*
  624 F.3d 34 (2d Cir. 2010)..........................................................................10

*Rothstein v. Fung,*
  No. 08 Civ. 5123 (PKC) (HBP), 2009 WL 562266 (S.D.N.Y. March 4, 2009).....................16

*S. Strauss, Inc. v. United Food & Commercial Workers Union, Local 342,*
  503 F. Supp. 2d 567 (E.D.N.Y. 2007) ..................................................15, 16

*Thomas v. Am. Red Cross,*
  10-CV-6510 CJS, 2011 WL 4025219 (W.D.N.Y. Sept. 9, 2011) ..............10

*U.S. Valves, Inc. v. Dray,*
  212 F.3d 1368 (Fed. Cir. 2000)...................................................................11

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,*
  956 F.2d 1245 (2d Cir. 1992).......................................................................8

*Zdanok v. Glidden Co., Durkee Famous Foods Division,*
  327 F.2d 944 (2d Cir. 1964)...................................................................15, 16

**STATUTES**

28 U.S.C. § 1331.................................................................................................11

28 U.S.C. §§ 1331 and 1338.....................................................................2, 11, 19

28 U.S.C. § 1338...................................................................................................7

141864.00601/7373824v.5

28 U.S.C. § 1338(a) ...................................................................................................11

28 U.S.C. § 1441 .......................................................................................................8

28 U.S.C. §§ 1441(a), 1441(c) ..................................................................................8

28 U.S.C. § 1446(b) ..................................................................................................10

28 U.S.C. § 1446(b)(1) .............................................................................................10

28 U.S.C. § 1446(b)(3) .............................................................................................10

**OTHER AUTHORITIES**

Civil Rule 6.3 ..............................................................................................................5

Fed. R. Civ. P. 6(a)(1)(C) .........................................................................................10

141864.00601/7373824v.5

## PRELIMINARY STATEMENT

This Court already decided that it has subject-matter jurisdiction over this case, in an Order dated July 2, 2013, based on Plaintiff's "claim for a declaratory judgment that Plaintiff had not infringed the subject patents."[1] Nothing has happened since then to affect this Court's jurisdiction. In fact, this Court also has subject-matter jurisdiction over this action based on two additional requests for relief because those requests depend on resolution of a substantial question of federal law -- whether Plaintiff has infringed upon certain patents (the "Patents"). Subject-matter jurisdiction over this action by this Court is proper under 28 U.S.C. § 1338, even more so than under 28 U.S.C. § 1331, because at least two of Plaintiff's causes of action raise issues that pertain to "an Act of Congress relating to patents" and "[n]o state courts shall have jurisdiction over any claim for relief arising under any Act of Congress relating to patents."

Plaintiff's fourth claim contains three separate and distinct requests for declaratory judgment. Two of these declaratory-judgment requests require a patent-infringement analysis. First, Plaintiff requests that the Court declare that she did not infringe on the Patents. It was this declaratory-judgment request -- an inverse patent-infringement claim -- that caused the Court to previously assert jurisdiction and deny Plaintiff's remand motion. This declaratory-judgment request originates from an Act of Congress relating to patents.

Second, Plaintiff seeks a declaration that Defendants filed false patent-infringement "charges" against her and that the Research Foundation of the State University of New York (the "Foundation") found "no patent infringement." This declaratory-judgment request also originates from an Act of Congress relating to patents.

---

[1] Because Plaintiff filed her action in New York State Court, her claims are styled as "Causes of Action." For ease of reference, this brief uses the term "claims."

Plaintiff's third claim contains three separate and distinct alleged instances of defamation. One of these defamation claims is based on an alleged false "complaint of patent infringement" against Plaintiff. The determination of whether the alleged patent-infringement "complaint" is false originates from an Act of Congress relating to patents. Like the two other patent claims, this claim also falls within this Court's subject-matter jurisdiction.

## PROCEDURAL BACKGROUND

### Summons with Notice

On November 4, 2011, Plaintiff commenced this action by filing a Summons with Notice in the Supreme Court of the State of New York, County of Suffolk. The Summons with Notice listed only state claims and did not mention any patents or federal claims. Plaintiff served a copy of her initial Complaint upon the Served Defendants[2] on April 26, 2013 (the "Initial Complaint"). In that Initial Complaint, Plaintiff, for the first time, put the Served Defendants on notice of a claim giving rise to federal subject-matter jurisdiction under 28 U.S.C. §§ 1331 and 1338. A copy of Plaintiff's Initial Complaint (Doc. No. 1-11) is annexed to the Robert Kenney Declaration dated April 14, 2014 (the "Kenney Decl.") as Exhibit A (*see also*, Doc. No. 1-11).

Plaintiff's third claim in the Initial Complaint for defamation of character sought relief for three separate and distinct alleged instances of defamation. One of those defamation claims gave rise to this Court's subject-matter jurisdiction because it asserted:

- Defamation of character based on alleged false claims of patent infringement against Plaintiff.

(Exhibit A at ¶ 70-81, Doc. No. 1-11). The Patents that are the subject of Plaintiff's Initial Complaint are the same patents that Genometrica Research, Inc. ("Genometrica Research") has

---

[2] Capitalized terms not defined in this brief shall have the same meaning as defined in the Served Defendants' brief in support of their motion to dismiss (Doc. 35).

claimed Plaintiff infringed in the related case, *Genometrica Research, Inc. v. Gorbovitski, et al.*, 11-CV-05802 (PKC) (AKT) (the "Related Case").

Plaintiff then served a copy of her Amended Complaint upon the Served Defendants on May 6, 2013 (Exhibit B, Doc. No. 1-15). The Amended Complaint repeats Plaintiff's third claim in its entirety. A copy of the Amended Complaint is annexed to the Kenney Decl. as Exhibit B (Exhibit B at ¶¶ 68-79, Doc. No. 1-15). As a result, Plaintiff's Amended Complaint contains the same claim for defamation based upon an alleged false statement of patent infringement.

Plaintiff's Amended Complaint also contains two additional requests for relief that present substantial questions of federal patent law. Those two additional requests are contained in Plaintiff's newly-asserted fourth claim for declaratory judgment. While the heading for the fourth claim mentions only a request that the Court declare that Genometrica Research is precluded from alleging patent infringement, the claim itself actually contains three separate and distinct requests for declaratory judgment (Exhibit B at p. 15. Doc. No. 1-15). Two of these three separate and distinct requests for declaratory judgment fall within this Court's subject-matter jurisdiction:

- Declaratory judgment that Plaintiff did not infringe on the Patents

(Exhibit B at ¶¶ 104-105, and p. 22 in prayer for relief ¶ C.2; Doc. No. 1-15); and

- Declaratory judgment that the Served Defendants and Mr. Vayntrub (i) filed false charges of patent infringement against Plaintiff with her employer concerning the Patents, and (ii) that the Foundation found "no patent infringement"

(Exhibit B at ¶¶ 95-96, Doc. No. 1-15).

Thirty days from April 26, 2013 -- the date that Plaintiff served her initial Complaint -- fell on May 26, 2013, which was a Sunday. The following day was Memorial Day -- a national holiday. As a result, the Served Defendants filed their notice of removal of Plaintiff's action to

3

this Court the next day, Tuesday, May 28, 2013.  This removal was timely with respect to both the initial Complaint and the Amended Complaint.  A copy of the Notice of Removal is annexed to the Kenney Declaration as Exhibit C (*see also* Doc. No. 1).  The Notice of Removal contains a full recitation of the procedural history of this case through the removal date.

On June 28, 2013, Plaintiff filed a motion to remand (Doc. Nos. 13 to 15) this action to state court "on the grounds that it was improperly and untimely removed to this court" and that "Vera Gorfinkel [Plaintiff] alleges lack of subject matter jurisdiction…."  A copy of that motion is annexed to the Kenney Decl. as Exhibit D (Exhibit D at p. 1, Doc. No. 13; Exhibit D at p. 2, Doc. No. 14).

This Court denied Plaintiff's remand motion on July 2, 2013, finding federal jurisdiction based upon Plaintiff's request that the Court declare that she did not infringe on the Patents.  This Court also found that Defendants' removal was timely.  The Order stated:

> ORDER denying 13 Motion to Remand: Plaintiff's Motion to remand this action to state court hereby is DENIED. The matter properly was removed under 28 U.S.C. §§ 1441 and 1446. Plaintiff initiated the state action in New York Supreme Court, Suffolk County, in a complaint served upon the Defendants on April 26, 2013. See Dkt. 1-11 at ECF 18. The initial complaint did not allege any claims rendering the action removable to federal court under 28 U.S.C. § 1441. Thereafter, on or about May 3, 2013, Plaintiff amended its state court complaint to assert a claim for a declaratory judgment that Plaintiff had not infringed the subject patents. See Dkt. 1-15. The action thus became properly removable under 28 U.S.C. § 1441 and Defendants noticed removal of the action within the 30 days required under 28 U.S.C. § 1446(b)(1). Therefore, the only basis for remand set forth by Plaintiff, untimeliness, is without merit and the motion is denied accordingly. Ordered by Judge Pamela K. Chen on 7/2/2013. (Entered: 07/02/2013)

A copy of this Order is annexed to the Kenney Decl. as Exhibit E.  *Id*.  Plaintiff has not moved to reargue or reconsider the Court's Order and the 14-day deadline to do so, July 16, 2013, has long

since elapsed.  *See* Local Civil Rule 6.3.  In any event, nothing has changed since this Court's decision that would cause the Court to lose subject-matter jurisdiction.

**The Served Defendants' Motion to Dismiss**

In accordance with this Court's rules, on August 1, 2013, the Served Defendants electronically filed a copy of the transmittal letter to Plaintiff's counsel, which had enclosed the motion to dismiss the Amended Complaint and supporting papers (the "Motion") (Doc. No. 20). Plaintiff filed her opposition to the Motion on August 22, 2013 (Doc. Nos. 23-27).

In her opposition, Plaintiff contends that Genometrica had filed a "complaint" with the Foundation and that the Foundation or SUNY subsequently investigated her (*see* Declaration of Vera Gorfinkel dated August 19, 2013 at ¶¶ 39-40, 44, 53, Doc. No. 23).  Plaintiff further contends that the Foundation or SUNY oversaw a non-judicial patent-infringement proceeding, and that this proceeding was prosecuted by counsel for Genometrica (*Id*. at ¶¶ 42, 45, 53, 55, 65 and 67).  Finally, Plaintiff contends that the Foundation or SUNY issued a written determination of "no patent infringement" and that this finding precludes Genometrica from bringing patent-infringement claims against her (*Id*. at ¶¶ 46-47, 53).  She reasons, therefore, that Genometrica's claim for patent infringement in the Related Case should be dismissed.

Yet Judge Spatt previously addressed this contention when the Court denied the defendants' motion to dismiss the patent-infringement claims in the Related Case.  In the Related-Case Memorandum of Decision and Order dated January 31, 2013 (the "Related-Case Decision"), Judge Spatt ruled that any "alleged" finding by the Foundation is not binding on Genometrica or the Court.  *See Genometrica Research Inc. et al. v. Gorbovitski et al.*, 2013 WL 394892, *5 (E.D.N.Y. Jan. 31, 2013); Related Case No. 11-cv-5802, Doc. No. 43, at p. 10.  The Court stated:

> …Defendants have not pointed to any provision in the Agreement which states that the Foundation's assessment of potential infringement is conclusive and binding on [Genometrica Research] or this Court for that matter. Rather Article VII clearly contemplates that the Foundation may in fact determine to not diligently prosecute an infringement action or even bring one in the first instance, and explicitly permits [Genometrica] to bring its own suit under those circumstances. The Foundation's allege[d] determination that there was insufficient proof of infringement to prosecute an action against the Defendants does not preclude this case or warrant dismissal of the complaint. Contrary to the Defendants' assertion, the Foundation's analysis does not conclusively prove that there has been no patent infringement.

*Id.*

The Motion in this case was fully briefed, submitted, and filed on November 13, 2013, when the Served Defendants filed their opening and reply papers (Doc. Nos. 35 to 36). Since that date, Plaintiff has written to the Court three additional times -- on January 2, 2014, January 7, 2014, and January 17, 2014 -- to submit sur-replies in opposition that address the substance of the Motion and adding documents that she would like the Court to consider (Doc. Nos. 39, 40, and 42). These documents have nothing to do with the substance of the Motion and, in any event, are -- like the sur-replies -- untimely and improper. Through these sur-reply filings, Plaintiff also continues her attempts to further reargue the Related-Case Decision, which granted in part and denied in part the Related-Case defendants' earlier motion to dismiss. On January 21, 2014, the Served Defendants filed a letter objecting to Plaintiff's sur-reply submissions (Doc. No. 41). Plaintiff responded with a fourth sur-reply letter on January 22, 2014, once again addressing the substance of the Motion (Doc. No. 42).

On March 24, 2014, this Court issued an Order to Show Cause why removal was proper. A copy of that order is annexed to the Kenney Decl. as Exhibit F. This brief addresses that Order.

## ARGUMENT

## POINT I

## THIS COURT CORRECTLY DECIDED THAT IT HAS JURISDICTION

In her Amended Complaint, Plaintiff twice asks the Court for a declaratory judgment "that she acted properly and did not infringe" the Patents (Doc. 1-15, ¶¶ 104-105, and p. 21-22, ¶ C.2). In doing so, Plaintiff squarely and unequivocally asks this Court to make a substantive finding that she did not infringe the Patents. The request requires an analysis and determination by this Court based on federal patent law: whether the Patents are valid and whether Plaintiff infringed them. Under 28 U.S.C. § 1338, any question arising under the patent laws of the United States are in the exclusive jurisdiction of the federal courts. Plaintiff's declaratory judgment claim for non-infringement puts this case squarely within this Court's original and exclusive jurisdiction.

**A.      The Court's Decision that it has Jurisdiction Over
            Plaintiff's Claim for Non-Infringement was Correct**

Based on Plaintiff's non-infringement claim, this Court correctly denied Plaintiff's remand motion, finding that Defendants' removal was timely and that this Court has subject-matter jurisdiction over the issues in this case (Exhibit E). The Court's Order stated that:

> ORDER denying 13 Motion to Remand: Plaintiff's Motion to remand this action to state court hereby is DENIED. The matter properly was removed under 28 U.S.C. §§ 1441 and 1446. Plaintiff initiated the state action in New York Supreme Court, Suffolk County, in a complaint served upon the Defendants on April 26, 2013. See Dkt. 1-11 at ECF 18. The initial complaint did not allege any claims rendering the action removable to federal court under 28 U.S.C. § 1441. Thereafter, on or about May 3, 2013, Plaintiff amended its state court complaint to assert a claim for a declaratory judgment that Plaintiff had not infringed the subject patents. See Dkt. 1-15. The action thus became properly removable under 28 U.S.C. § 1441 and Defendants noticed removal of the action within the 30 days required under 28 U.S.C. § 1446(b)(1). Therefore, the only basis for remand set forth by Plaintiff,

7

untimeliness, is without merit and the motion is denied
accordingly. Ordered by Judge Pamela K. Chen on 7/2/2013.
(Entered: 07/02/2013)

This Court's decision constitutes "the law of the case" and Plaintiff has provided no

"compelling reasons" for this Court to reconsider its prior decision. *In re Nassau Cnty. Strip*

*Search Cases*, 958 F. Supp. 2d 339, 343 (E.D.N.Y. 2013) (noting that under "the law of the case

doctrine, a decision on an issue made at one stage of a case becomes binding precedent to be

followed in subsequent stages of the same litigation" and that "the Second Circuit has

'repeatedly stated [that it] will not depart from the law of the case absent cogent or compelling

reasons'") (citations omitted). According to the Second Circuit, although the law of the case

doctrine is discretionary, "where litigants have once battled for the court's decision, they should

neither be required, nor without good reason permitted, to battle for it again;" and the grounds

justifying reconsideration are "an intervening change of controlling law, the availability of new

evidence, or the need to correct a clear error or prevent manifest injustice") (citations omitted).

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). None of

those factors are present in this case. The Court should not disturb its prior order that found

subject-matter jurisdiction.

Except where Congress has expressly forbidden removal, 28 U.S.C. § 1441 permits a

defendant to remove any claim that could be brought in federal court as well as any claim that is

joined with a claim premised on federal law. *See* 28 U.S.C. §§ 1441(a), 1441(c); *California*

*Public Emp. Ret. Sys. V. Worldcom, Inc*., 368 F.3d 86, 105-06 (2d Cir. 2004); *Bill Wolf Petro v.*

*Vill. of Port Washington N*., 489 F.Supp2d 203, 206 (E.D.N.Y. 2007). This Court correctly

found that it had jurisdiction in its July 2, 2013 Order and should not disturb it.

141864.00601/7373824v.5

Plaintiff's two other patent-related claims also confer jurisdiction on this Court. One -- another declaratory judgment request -- requires a determination of whether Defendants' "complaint" of patent infringement was false. And the other -- a defamation action -- is based on an alleged false "charge" of patent infringement. Thus, even in the absence of Plaintiff's direct claim for non-infringement, the Court need not remand this case.

**B.     The Amended Complaint Contains Three Claims
        Over Which This Court has Jurisdiction**

Removal was also proper because Plaintiff's third and fourth causes of action - - (i) for a declaration that there was no patent infringement; (ii) for a declaration that Defendants filed false patent-infringement charges against Plaintiff and that the Foundation exonerated her on those charges; and (iii) defamation based on alleged false "complaint of patent infringement" -- are all within this Court's subject matter jurisdiction because they are created by federal patent law or depend on resolution of "substantial questions of patent law." *Amperion, Inc. v. Current Group*, LLC, 444 F. App'x 477, 478-479 (2d Cir. 2011) (noting that a federal district court has jurisdiction over an action if "federal patent law creates the cause of action" or "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law") (citations omitted); *see also Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998)(overruled *en banc* on other grounds). In fact, Plaintiff's claims are simply compulsory counterclaims to Genometrica Research's patent-infringement claims in the Related Case.

**C.     Removal of this Action was Timely**

A defendant may remove a case to federal court within 30 days of receiving "the initial pleading setting forth the claim for relief upon which such action or proceeding is based...." 28 U.S.C. § 1446(b)(1); *Moltner v. Starbucks Coffee Co.*, 624 F.3d 34, 37 (2d Cir. 2010) ("30-day

9

period did not begin to run until the defendant received the first document from which all of the facts giving rise to removability were evident-*i.e.*, the complaint") (emphasis in original), *citing Whitaker v. American Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001). If a case cannot be removed immediately, but becomes removable because an amended complaint adds a federal claim, a defendant has 30 days from its receipt of that amended complaint to remove. *See* 28 U.S.C. § 1446(b)(3).

Plaintiff served the Served Defendants with the Initial Complaint on April 26, 2014, and the Amended Complaint on May 6, 2013. The Served Defendants removed this case to this Court on May 28, 2013. Since 30 days from service of the Initial Complaint was Sunday, May 26, 2013, and Monday, May 27, 2013 was Memorial Day, a legal holiday, the Served Defendants' time to remove based upon service of the initial Complaint was extended to the next day, Tuesday, May 28, 2013.[3] Fed. R. Civ. P. 6(a)(1)(C) (If the last day to comply with a deadline is a "Saturday, Sunday, or legal holiday, the period continues to run until the next day that is not a Saturday, Sunday, or legal holiday"). Accordingly, the Served Defendants timely removed this case based on the Initial Complaint within the 30-day period to do so under 28 U.S.C. § 1446(b). Similarly, 30 days from service of the Amended Complaint was June 5, 2013. Thus, removal was timely based on service of the Amended Complaint as well.

## POINT II

### BOTH THE INITIAL COMPLAINT AND THE AMENDED COMPLAINT SET FORTH MULTIPLE BASES FOR THIS COURT'S SUBJECT MATTER JURISDICTION

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Federal district courts have original and exclusive jurisdiction over "any civil action arising

---

[3]The Served Defendants respectfully request that this Court take judicial notice of the dates mentioned herein. *See Thomas v. Am. Red Cross*, 10-CV-6510 CJS, 2011 WL 4025219, at * 1 (W.D.N.Y. Sept. 9, 2011).

under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). The presence or absence

of federal-question jurisdiction under 28 U.S.C. §§ 1331 and 1338 is governed by the well-

pleaded complaint rule. *See Christianson v. Colt Industries Operating Corp.,* 486 U.S. 800, 809

(1988)*; Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Pursuant to the well-pleaded

complaint rule, whether a case "arises under" federal patent law "must be determined from what

necessarily appears in the plaintiff's statement of his own claim in the bill or declaration...."

*Holmes Grp., Inc. v. Vornado Air Circulation Sys., Inc.*, 535 U.S. 826, 830 (2002) (citations

omitted). According to the Supreme Court:

> [j]urisdiction extends only to those cases in which [1] a well
> pleaded complaint establishes either that federal patent law creates
> the cause of action or [2] that the plaintiff's right to relief
> necessarily depends on resolution of a substantial question of
> federal patent law, in that patent law is a necessary element of one
> of the well pleaded claims.

*Christianson*, 486 U.S. at 809; *see also Amperion, Inc. v. Current Group*, LLC, 444 F. App'x

477, 478-479 (2d Cir. 2011) (citations omitted). The Supreme Court has "set[] a lenient standard

for [federal[ jurisdiction under 28 U.S.C. § 1338(a)." *U.S. Valves, Inc. v. Dray*, 212 F.3d 1368

(Fed. Cir. 2000) (*citing Christianson*, 486 U.S. at 800).

A.      **Two of Plaintiff's Declaratory Judgment Requests Arise Out of Federal Patent Law
        or Depend on the Resolution of Substantial Federal Patent Law Questions**

Plaintiff's fourth claim seeks multiple declarations that she did not infringe on patents

licensed to Genometrica Research. In determining whether there is federal subject-matter

jurisdiction in a declaratory-judgment action like the one here, the court should "look to the

character of the threatened action." *Medtronic Inc. v. Mirowksi Family Ventures LLC*, 134 S.Ct.

843, 848 (2014) (citations omitted). "That is to say, [courts should] ask whether a coercive

action brought by the declaratory judgment defendant would necessarily present a federal

question." *Id*. at 848; *see also ABB Inc. v. Cooper Industries, LLC*, 635 F.3d 1345, 1349-1350

11

(Fed. Cir. 2011) (the court should examine the "declaratory *defendant's* hypothetical well-pleaded complaint" to determine if subject matter jurisdiction exists; when the declaratory defendant's hypothetical suit arises under federal law, then the court has jurisdiction over the declaratory action) (emphasis in original).

Where, as here, "a complaint [seeks] a declaration for non-infringement, the action threatened by the declaratory defendant … would be an action for patent infringement." *Golan v. Pingel Enterprise, Inc.*, 310 F.3d 1360, 1367 (Fed. Cir. 2002) (citations omitted). The Court need not resort to hypotheticals in this case because Genometrica Research has already brought a claim for patent infringement in the Related Case -- which survived the motion to dismiss by Plaintiff and her co-defendants in the Related Case. "Such an action clearly arises under the patent laws." *Id.*

## 1. The Court has Jurisdiction Over Plaintiff's Request For a Declaratory Judgment that She Did Not Infringe on the Patents.

One of Plaintiff's declaratory judgment action claims requests a declaration that she did not infringe upon the Patents licensed to Genometrica Research (Kenney Decl. Exhibit B at ¶¶ 104-105, Doc. No. 1-15). This claim is the inverse of Genometrica Research's claim in the Related Case for patent infringement against Plaintiff, her husband Dr. Gorbovitski, and their company ABMM. This Court has already decided, in its July 2, 2013 Order, that it has subject-matter jurisdiction based upon this non-infringement claim (Exhibit E).

This Court's decision is grounded on well-settled federal law. *See e.g., Franchise Tax Bd. Of State of Cal. V. Construction Laborers Vacation Trust for S. California*, 463 U.S. 1, 19, fn. 19 (1963) ("federal courts have consistently adjudicated suits by alleged patent infringers to declare a patent invalid, on the theory that an infringement suit by the declaratory judgment defendant would raise a federal question over which the federal courts have exclusive

jurisdiction") (citations omitted); *Medtronic Inc.*, 134 S.Ct. at 848 (federal courts have

jurisdiction over declaratory claims for non infringement of patent); *Golan v. Pingel Enterprise,*

*Inc.*, 310 F.3d 1360, 1367 (Fed. Cir. 2002) (where the declaratory judgment complaint seeks

"declarations of patent non-infringement," the federal courts have jurisdiction); *Modern*

*Computer Corp., v. Ma*, 862 F.Supp. 938, 943 (E.D.N.Y. 1994) (court had subject matter

jurisdiction over non-infringement of patent claim because it arose under federal patent law);

*Dal-Bac (Pty.), Lmt. v. Firma Astorwerk Otto Berning & Co.*, 244 F.Supp. 513, 515 (S.D.N.Y.

1965) ("It is clear that the federal courts have jurisdiction over a suit for a declaratory judgment

that a patent is valid or not infringed . . . . ") (citations omitted).  This Court's well-founded

decision, therefore, should not be disturbed.

This declaratory judgment claim requires the Court to make the same determination that

also must be made in Genometrica Research's "coercive patent" claim against Plaintiff: whether

Plaintiff infringed the Patents.  Because the declaratory judgment defendant in this case --

Genometrica Research -- could have brought, and actually did bring a "coercive action" for

patent infringement, Plaintiff's action "arises under federal patent law."  *Medtronic Inc.*, 134

S.Ct. at 848 (because the declaratory judgment defendant could have brought an "ordinary patent

infringement action" against the plaintiff, the plaintiff's declaratory judgment claim arose under

federal patent law); *ABB Inc,* 635 F.3d at 1349-1350.

> ## 2. The Court has Jurisdiction Over Plaintiff's Request for a Declaratory Judgment that Defendants Filed False Charges of Patent Infringement Against her and that the Foundation Found "No Patent Infringement."

Plaintiff's also asks this Court to declare that: (i) the Served Defendants and Mr.

Vayntrub filed false charges of patent infringement against Plaintiff with the Foundation; and (ii)

the Foundation made a written determination found "no patent infringement" after a hearing on

the merits (Kenney Decl. Exhibit B at ¶¶ 95-96, Doc. No. 1-15).  Under this request, Plaintiff actually seeks a second declaration of non-infringement and a declaration that Genometrica Research is collaterally estopped from pursuing its infringement claim in the Related Case.  This declaratory-judgment request depends on resolution of substantial questions of federal patent law.  Like the other non-infringement claims, this claim is created by federal patent law.  *See e.g.*, *Medtronic Inc.*, 134 S.Ct. at 848; *Golan*, 310 F.3d at1367; *Modern Computer Corp.*, 862 F.Supp. at 943; *Dal-Bac (Pty.), Lmt.*, 244 F.Supp. at 515.

The Court also has jurisdiction over this request because it necessarily "depends on resolution of a substantial question of federal patent law . . . " whether the alleged infringement "charge" was false.  *Amperion*, 444 F. App'x at 478-479; *see also Christianson*, 486 U.S. at 809; *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318, 1322, 1328-1329 (Fed. Cir. 1998) (the plaintiff's claim that the defendants engaged in "injurious falsehood" required an allegation of "false statement" which "necessarily depends on a question of federal patent law, in that either certain claims of the . . . patents are invalid or all of the claims are unenforceable"); *Additive Controls & Measurements Systems, Inc., v. Flowdata, Inc.*, 986 F.2d 476, 477, 478-479 (Fed. Cir. 1993) (the claim that the defendant engaged in "business disparagement" by making allegations of patent infringement against the plaintiff required as an element "the falsity of defendant's . . . statements," *i.e.*, the plaintiff did "not infringe" the patent).  The Court has jurisdiction for this reason as well.

The second half of this declaratory judgment request asks the Court to declare that after a hearing, the Foundation made a written determination of "no patent infringement" and, based on the alleged finding by the Foundation, Genometrica Research is precluded from pursuing patent infringement claims against her.  *See* Gorfinkel Decl., Doc. No. 23, at ¶¶ 39-47, 53, 55, 67.

141864.00601/7373824v.5

Plaintiff has already raised the same defense in the Related Case and Judge Spatt rejected it. Plaintiff is collaterally estopped from relitigating the same issue before this Court.

The doctrine of collateral estoppel or issue preclusion "bars the relitigation of issues actually litigated and decided in [a] prior proceeding . . . ." *S. Strauss, Inc. v. United Food & Commercial Workers Union, Local 342*, 503 F. Supp. 2d 567, 573 (E.D.N.Y. 2007). Under federal law, collateral estoppel applies when: (1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits. *See Harrison v. Lutheran Medical Center*, 468 F. App'x 33, 35 (2d Cir. 2012). As far as the last element, collateral estoppel "does not require a judgment which ends the litigation and leaves nothing for the court to do but execute the judgment, but includes many dispositions which, although not final in that sense, have nevertheless been fully litigated." *Zdanok v. Glidden Co., Durkee Famous Foods Division*, 327 F.2d 944, 955 (2d Cir. 1964); *see also Strauss*, 503 F. Supp. 2d at 574 (noting that an "adequate and firm determination of one issue in a given action need not await the resolution of the remaining issues before obtaining preclusive effect in a subsequent action"), *citing Morano v. Dillon*, 746 F.2d 942, 945, fn. 4 (2d Cir. 1984). In the Court's January 31, 2013 decision, Judge Spatt rejected the argument:

> …Defendants have not pointed to any provision in the Agreement which states that the Foundation's assessment of potential infringement is conclusive and binding on the [Genometrica Research] or this Court for that matter. Rather, Article VII clearly contemplates that the Foundation may in fact determine not to diligently prosecute an infringement action or even bring on in the first instance, and explicitly permits the [Genometrica Research] to bring its own suit under those circumstances. The Foundation's allege[d] determination that there was insufficient proof of infringement to prosecute an action against the Defendants does

> not preclude this case or warrant dismissal of the complaint. Contrary to the Defendants' assertion, the Foundation's analysis does not conclusively prove that there has been no patent infringement.

*Genometrica Research Inc.*, 2013 WL 394892 at *5.[4]

Plaintiff did not move to reargue Judge Spatt's decision, nor did she move to appeal it. Her 14-day deadline to do so has long since elapsed. Local Civil Rule 6.3. Plaintiff is collaterally estopped from relitigating the same issue that Judge Spatt previously rejected. *See Zdanok*, 327 F.2d at 955 (collateral estoppel "includes many dispositions which, although not final in that sense, have nevertheless been fully litigated"); *Strauss*, 503 F. Supp. 2d at 574 (noting that an "adequate and firm determination of one issue in a given action need not await the resolution of the remaining issues before obtaining preclusive effect in a subsequent action") (citations omitted); *Rothstein v. Fung*, No. 08 Civ. 5123 (PKC) (HBP), 2009 WL 562266, at *2 (S.D.N.Y. March 4, 2009) (noting that while the plaintiffs were "disappointed and dissatisfied" with the prior judge's decision, their "only remedy was to appeal" from the decision and they "cannot simply commence another action raising the same issues" that were "resolved" by the other judge). Nonetheless, this Court has jurisdiction over this claim for declaratory judgment.

**B.** **One Instance of Plaintiff's Alleged Defamation Arises Out of Federal Patent Law.**

Finally, this Court has subject-matter jurisdiction over that portion of Plaintiff's defamation claim that is based on an alleged false "complaint" of patent infringement, which brings this cause of action within this Court's jurisdiction under the second basis for jurisdiction found in *Christianson* (486 U.S. at 809) and its progeny. This claim appears in both the Initial Complaint and the Amended Complaint.

---

[4]The Served Defendants respectfully refer this Court to their Memorandum of Law and Reply Memorandum of Law filed in connection with the Motion to Dismiss in this case for a detailed response to Plaintiff's argument, which, as discussed, she is collaterally estopped from raising. *See* Doc. No. 35 at p. 2, 13-14, 17; Doc. No. 36 at p. 9.

In this claim, Plaintiff's "right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well pleaded claims." *Christianson*, 486 U.S. at 809. In order to establish a claim for defamation under New York law, a plaintiff must allege: (1) the making of a false defamatory statement of fact; (2) that the statement was published to a third party; (3) that the statement concerned the plaintiff; (4) that the defendant was responsible for making the statement; and (5) that the statement was per se defamatory, or caused special damages. *Lader v. Delgado*, 2013 WL 1346278, *3 (E.D.N.Y. Mar. 29, 2013), *citing Baez v. JetBlue Airways*, 745 F.Supp.2d 214, 225 (E.D.N.Y. 2010); *See also Albert v. Loksen*, 239 F.3d 256, 265-66 (2d Cir. 2001).

A required element of Plaintiff's claim -- falsity of the statement she claims is defamatory -- necessarily depends on a substantial question of federal patent law. Plaintiff cannot recover on this defamation claim without establishing that the allegations of infringement against her are false. And that determination requires an analysis of federal patent law. *See Accent Designs, Inc. v. Jan Jewelry Designs, Inc.*, 827 F.Supp. 957, 967 (S.D.N.Y. 1993) ("The Plaintiffs cannot recover on their claim that the Defendants disparaged the Plaintiffs or the Plaintiffs' products through knowingly false accusations of infringement unless the accusations of infringement were false"), *citing El Greco Leather Prod. Co. v. Shoe World, Inc.*, 623 F.Supp. 1038, 1043-44 (E.D.N.Y. 1985), *rev'd on other grounds*, 806 F.2d 392 (2d Cir. 1986); *see also Hunter Douglas*, 153 F.3d at 1322, 1328-1329 (the plaintiff's state law claim that the defendants engaged in "injurious falsehood" required an allegation of "false statement" which "necessarily depends on a question of federal patent law, in that either certain claims of the . . . patents are invalid or all of the claims are unenforceable"); *Additive Controls & Measurements Systems, Inc.*, 986 F.2d at 477-479 (the state law claim that the defendant engaged in "business disparagement" by making

allegations of patent infringement against the plaintiff required as an element "the falsity of defendant's allegedly disparaging statements" and the plaintiff "must show that" the defendant's infringement statement was false; therefore, the claim "necessarily depends upon resolution of a substantial question of patent law"); *Golan* at 1371. Plaintiff's claim for defamation is virtually identical to those in the *Accent Designs, Hunter Douglas* and *Additive Controls* cases. The Court has federal subject-matter jurisdiction over it as a matter of law. Thus, the Court may retain jurisdiction over this case.

141864.00601/7373824v.5

## CONCLUSION

**WHEREFORE**, the Served Defendants respectfully submit that this Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 based on several of Plaintiff's claims.

Dated: New York, New York
       April 14, 2014

Respectfully submitted,

**BLANK ROME LLP**

By:   S/RobertKenney/S
      Robert Kenney
      Rither Alabre
      The Chrysler Building
      405 Lexington Avenue
      New York, New York  0174-0208
      Telephone: (212) 885-5251
      Facsimile: (917) 332-3796
      Email: rkenney@blankrome.com

      Panagiota Betty Tufariello
      INTELLECTULAW
      THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
      25 Little Harbor Road
      Mount Sinai, New York 11766
      Telephone: (631) 476-8734
      Facsimile: (631) 476-8737
      Email: betty@intellectulaw.com

19

Douglas Gross
Nicholas B. Malito
HOFHEIMER GARTLIR & GROSS, LLP
530 Fifth Avenue
New York, New York 10036
Telephone: (212) 818-9000
Facsimile: (212) 897-4980
Email: dgross@hgg.com
         nmalito@hgg.com

*Counsel for Defendants Invar Consulting Ltd.,*
*Genometrica Ltd., and Genometrica Research, Inc.*

141864.00601/7373824v.5