UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
VERA GORFINKEL,                                    Case No. 13-cv-3093
                                                                            (PKC) (AKT)

                          Plaintiff,

-against-

RALF VAYNTRUB, INVAR CONSULTING LTD,
GENOMETRICA LTD, and GENOMETRICA
RESEARCH, INC.,

                          Defendants,
-------------------------------------------------------------------x

### DECLARATION OF ARTHUR MORRISON IN OPPOSITION TO DEFENDANTS' RESPONSE TO ORDER TO SHOW CAUSE ORDERED BY JUDGE CHEN

Arthur Morrison, attorney at law, declares the following to be true under the penalty of perjury:

1. He is the attorney for the plaintiff, fully familiar with the facts and circumstances in controversy, and makes this declaration in opposition to the defendants' response to the order to show cause ordered by Judge Chen.

2. The Court is familiar with the history of this case, and it is not necessary to provide the entire background, but counsel begs leave to incorporate certain portions of his prior Memorandum of Law in Support of Motion to Remove, as relevant (Doc. 14 Filed 6/13/13).

**Original case 11-cv-5802 (PKC) (AKT) lack of subject matter jurisdiction raised previously at outset of case before Judge Spatt on 1/31/13 (Doc. 43) who dismissed two Federal Unfair Competition claims, 3rd and 6th**

3. The attention of the Court is directed to the 1/31/13 decision and order of Judge Spatt (Doc. 43) which resulted in the dismissal of the 3rd and 4th Federal Unfair Competition claims based upon a lack of subject matter jurisdiction. The Court rule that court lacked subject

matter jurisdiction therefore the plaintiff could not obtain Lanham Act protection. Absent subject matter jurisdiction, dismissal was ordered of the 3rd and 4th claims.

**Current Case: 13-cv-5802 (PKC) (AKT)**

4. Again, lack of subject matter jurisdiction is raised, this time by the Court *sua sponte* on its own initiative.

5. The basis for lack of subject matter jurisdiction remains the same.

**Issue Presented**
**Whether to remand case 11-34172 back to State Court for lack of subject matter jurisdiction as framed by Judge Chen in her OSC**

6. District Courts must decide issues of subject matter jurisdiction first.

7. In the Court below (Supreme Court, Suffolk County Index # 11-34172 Gazzillo, J.) the action was commenced first on 11/4/11 prior to the 11/29/11 Genometrica ECF filing date of 11-cv-5802 (PKC) (AKT).

8. The plaintiff submits the Court in its order to show cause ("OSC") appropriately cited to the "Jurisdiction First Rule" stated in Ruhrgas AG v. Marathon Oil Co. 526 U.S. 574 (US Sup. Ct. 1999).

9. It is demonstrated by the "well pleaded complaint rule" the first, second, third causes of action in State Court (Index #11-34172) have in their entirety facts that allege solely state based claims; documentary proof is lacking by the defendants of Federal subject matter jurisdiction. These causes of action can be remanded.

10. Counsel submits the Federal Court also lacks jurisdiction over the fourth cause of action.

11. Judge Chen acknowledges the action (case #11-34172 Suffolk County) was timely commenced in State Court then removed.

12. Citing to 28 U.S.C. Section 1447 (c) (1994 ed. Supp.) in a removed case,

"If at any time before Judgment [in a removed case] it appears that the District Court lacks subject matter jurisdiction, the case shall be removed."

13. Plaintiff submits the fourth cause of action in its entirety is also a State Court claim.

14. Defendants removed the case under 11-34172 relying primarily in their "Notice of Removal" that the removal petition was timely filed within 30 days, and the court agreed it was timely which was the issue to be determined at that time.

15. The 4th cause of action sought declaratory judgment if issue preclusion or collateral estoppel occurred by actions of the plaintiff Foundation, which could have easily been determined by Judge Gazzillo in State Supreme Court.

16. In fact the defendants made a CPLR 3211 pre-pleading motion in Supreme Court to dismiss the 4/23/13 Amended Complaint in its entirety (similar to a Rule 12 (b) (6) motion thereafter brought in District Court). Both sides fully briefed the State Court CPLR 3211 pre-pleading motion for Justice Gazzillo including the dismissal of the 4th cause of action, Genometrica pursued dismissal under CPLR 3211 before a State Court judge, acknowledging State Court primary subject matter jurisdiction then inexplicably Genometrica changed course 180 degrees, by filing a petition for removal of the State Court action to District Court in Spring 2013.

**By Making and Briefing CPLR 3211 Pre-pleading Dismissal Motion in State Court Genometrica Prior to Removal is Collaterally Estopped from Asserting Exclusive Federal Subject Matter Jurisdiction Exists Over All Causes of Action**

17. No proof by documentary evidence is submitted that any of the 4 causes of action deal with a

"…claim for relief arising under any Act of Congress."

18. The 4th cause of action especially is for declaratory judgment, deals with the rights and relations of the parties in the period between 12/01/11 and 12/09/11 (Doc. 27-14, 27-15, 27-16, 27-17) (these events involved just the plaintiff, the defendants being present not the plaintiff, who was not present for any of the events of this period).

19. As the plaintiff Vera Gorfinkel was totally absent from the events of 12/01-12/09, and she did not participate or provide any reason to invoke Federal Jurisdiction, the 4th cause of action is not

"…a claim for relief arising under any Act of Congress."

The statute is simply a procedural request for a declaration of the rights and relations of the parties arising in the CPLR under Section 3001.

20. The case Bill Wolf Petro v. Village of Port Washington 489 F. Supp. 2d 203 (EDNY 2007) is totally inapposite from the facts of this case as the presence or absence of Federal Question jurisdiction is governed by the well pleaded complaint rule.

21. What the Court's order to show cause ("OSC") requested was legal authority from the defendants based upon the removed complaint, with specific reference to the 4th cause of action, provide authority for the Court that Federal Question jurisdiction exists.

22. This the defendants have failed to demonstrate.

23. It is submitted, as this Court from the facts presented does not have to decide a substantial question of patent law in determining the issue presented herein; therefore the case of Anperion Inc. v. Current Group, LLC. 444 F. App 477 (2d Circuit) cited by Genometrica is inapposite as its fact pattern, stated in sum and substance format involved a transfer of an appeal, 28 U.S.C. Section 1631 Motion to Dismiss and Appeal, further involved Section 1338 as a basis for Federal Jurisdiction. This case is totally dissimilar from the fact pattern of Anperion.

## CONCLUSION

24. There is no substantial issue of patent law before the Court. Reliance upon the Anperion case, supra, for this principal is misplaced.

25. Causes of action 1, 2 and 3 are well-pleaded State Court claims.

26. The facts asserted, the 4th cause of action for declaratory judgment does not (applying the well-pleaded complaint rule) deal with a claim for relief arising under any Act of Congress, and no documentary evidence is submitted by the defendants in support of this postulate.

27. Left unexplained to Judge Chen is Genometrica's jurisdictional flip-flop; (a) first totally accepting State Court jurisdiction in Supreme Court, Suffolk County by fully briefing a CPLR 3211 pre-pleading dismissal motion of this same Amended Complaint, then, and now *sub judice* before Justice Gazzillo; (b) removed the case to Judge Chen asserting primarily it was timely made within 30 days; it is still pending on Justice Gazzillo's docket and can be decided on merits, if remanded.

28. Based upon the foregoing, the defendants did not meet their burden to provide authority the Court requested in its order to show cause ("OSC"). The "Jurisdiction First Rule" stated in Ruhrgas AG v. Marathon Oil Co. 526 U.S. 574 (US Sup. Ct. 1999) should be applied to the facts of this case to remand the Amended Complaint to the State Court.

WHEREFORE, the case should be remanded back to the State Court.

Dated: Hawthorne, NY
    April 29, 2014                                         /s/_____Arthur Morrison_____
                                                                            ARTHUR MORRISON