Robert J. Kenney, Jr.
Rither Alabre
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Telephone: 212-885-5251
Facsimile: 917-332-3796
Email: rkenney@blankrome.com

Panagiota Betty Tufariello
INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, New York 11766
Telephone: 631-476-8734
Facsimile: 631-476-8737
Email: betty@intellectulaw.com

Douglas Gross
Nicholas B. Malito
HOFHEIMER GARTLIR & GROSS, LLP
530 Fifth Avenue
New York, New York 10036
Telephone: 212-818-9000
Facsimile: 212-897-4980
Email: dgross@hgg.com
Email: nmalito@hgg.com

*Counsel for Defendants Invar Consulting Ltd., Genometrica Ltd., and Genometrica Research, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------ :
                                                             :
VERA GORFINKEL,                                              : Case No.: 13-cv-3093 (PKC) (AKT)
                                                             :
                Plaintiff,                                   :
                                                             :
        -against-                                            :
                                                             :
RALF VAYNTRUB, INVAR CONSULTING                              :
LTD., GENOMETRICA LTD. and                                   :
GENOMETRICA RESEARCH, INC.                                   :
                                                             :
                Defendants.                                  :
                                                             :
------------------------------------------------------------ :

**REPLY MEMORANDUM OF LAW ON SUBJECT-MATTER JURISDICTION IN
COMPLIANCE WITH THIS COURT'S MARCH 24, 2014 ORDER TO SHOW CAUSE**

141864.00601/7387039v.1

# TABLE OF CONTENTS

|  | Page |
|---|---|
| PRELIMINARY STATEMENT | 1 |
| ARGUMENT | 2 |
| Point I Plaintiff Has Failed to Properly Oppose the Served Defendants' Brief | 2 |
| Point II Plaintiff has Failed to Address Her Three Patent-Related Claims | 3 |
|     A. Plaintiff's Fourth Claim Contains Two Direct Patent Claims | 3 |
|     B. Plaintiff has Admitted Many Times that this Court has Jurisdiction | 4 |
|     C. This Court has Jurisdiction over Plaintiff's Three Patent-Related Claims | 5 |
| Point III The Served Defendants Did Not Waive Their Right to Remove This Case | 6 |
| CONCLUSION | 10 |

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*ABB Inc. v. Cooper Insdustries, LLC,*
    635 F.3d 1345 (Fed. Cir. 2011)..................................................................................................3

*Accent Designs, Inc. v. Jan Jewelry Designs, Inc.,*
    827 F.Supp. 957 (S.D.N.Y. 1993) .............................................................................................6

*Additive Controls & Measurements Systems, Inc. v. Flowdata, Inc.,*
    986 F.2d 476 (Fed. Cir. 1993).....................................................................................................6

*Air-Shields, Inc. v. Fullam,*
    891 F.2d 63 (3d Cir. 1989).........................................................................................................7

*Amperion, Inc. v. Current Group, LLC,*
    444 F.App'x 477 (2d Cir. 2011) .................................................................................................3

*Carlsbad Technology, Inc. v. HIF Bio, Inc.,*
    556 U.S. 635 (2009)....................................................................................................................4

*Christianson v. Colt Industries Operating Corp.,*
    486 U.S. 800 (1988)....................................................................................................................4

*City of Chicago v. Int'l Coll. of Surgeons,*
    522 U.S. 156 (1997)....................................................................................................................4

*Concorde Financial Corp. v. Value Line, Inc.,*
    2004 WL 287658 (S.D.N.Y. Feb. 11, 2004)..............................................................................8

*Cronin v. Family Educ. Co.,*
    105 F.Supp.2d 136 (E.D.N.Y. 2000) .........................................................................................9

*Cushing v. Morning Pride Mfg. L.L.C.,*
    2008 WL 283772 (E.D.N.Y. Jan. 30, 2008) ..............................................................................3

*EIE Guam Corp. v. The Long Term Credit Bank of Japan, Ltd.,*
    322 F.3d 635 (9th Cir. 2003) .....................................................................................................9

*Employers Ins. Co. of Wausau v. Skinner,*
    2008 WL 4283346 (Sept. 17, 2008)...........................................................................................2

*Genometrica Research Inc. et al. v. Gorbovitski et al.,*
    2013 WL 394892 (E.D.N.Y. Jan. 31, 2013) ..............................................................................6

*Golan v. Pingel Enterprise, Inc.,*
    310 F.3d 1360 (Fed. Cir. 2002)..................................................................................................3

*Hamilton v. Aetna Life and Cas. Co.*,
   5 F.3d 642 (2d Cir. 1993) ............................................................................................. 7, 8

*Holbert v. Cohen-Gallet*,
   2006 WL 47452 (E.D.N.Y. Jan. 9, 2006) ......................................................................... 2

*Hunter Douglas, Inc. v. Harmonic Design, Inc.*,
   153 F.3d 1318 (Fed. Cir. 1998) ..................................................................................... 3, 6

*In re Shell Oil Co.*,
   932 F.2d 1523 (5th Cir. 1991), *cert. denied*, 502 U.S. 1049 (1992) .................................. 7

*Johnson v. Medisys Health Network*,
   2011 WL 5222917 (E.D.N.Y. June 1, 2011) ..................................................................... 9

*Markantonatos v. Maryland Drydock Co.*,
   110 F.Supp. 862 (S.D.N.Y. 1953) .................................................................................... 9

*Medtronic Inc. v. Mirowski Family Ventures LLC*,
   134 S.Ct. 843 (2014) ....................................................................................................... 3

*Metellus v. JetBlue Airways Corp.*,
   2010 WL 1267777 (Mar. 30, 2010) ................................................................................. 2

*MG Buildg. Materials, Ltd. v. Paychex, Inc.*,
   841 F.Supp.2d 740 (W.D.N.Y. 2012) ............................................................................. 10

*Novello v. Manor Oak Skilled Nursing Facilities, Inc.*,
   2004 WL 2039800 (W.D.N.Y. Sept. 13, 2004) .............................................................. 8, 9

*Ostroski v. Town of Southold*,
   443 F.Supp. 2d 325 (E.D.N.Y. 2006) ............................................................................... 3

*Proyecfin De Venezuela, S.A. v. Banco Industrial De Venezuela, S.A.*,
   760 F.2d 390 (2d Cir. 1985) ............................................................................................. 7

*Regis Associates v. Rank Hotels (Mgmt.) Ltd.*,
   894 F.2d 193 (6th Cir. 1990) ............................................................................................ 9

*Richstone v. Chubb Colonial Life Insurance*,
   988 F.Supp. 401 (S.D.N.Y. 1997) .................................................................................... 9

*Sledge v. Kooi*,
   2007 WL 951447 ............................................................................................................. 3

*Taylor v. City of New York*,
   269 F.Supp.2d 68 (E.D.N.Y. 2003) .................................................................................. 3

*Tully v. American Federation of Government Employees Local 3148,*
2001 WL 255034 (E.D.N.Y Mar. 9, 2001) .......................................................................... 10

*Unity Creations, Inc. v. Trafcon Industries, Inc.,*
137 F.Supp.2d 108 (E.D.N.Y. 2001) ................................................................................. 8

*Vargas v. Boston Chicken Co.,*
269 F.Supp.2d 92 (E.D.N.Y.2003) ................................................................................... 2

*Williams v. AC Spark Plugs Div. of Gen. Motors Corp.,*
985 F.3d 783 (5th Cir. 1993) ............................................................................................ 7

**STATUTES**

28 U.S.C. § 1338 .............................................................................................................. 3, 6

28 U.S.C. § 1367(a) ............................................................................................................. 4

28 U.S.C. §§ 1367(a) and (c) .............................................................................................. 4

28 U.S.C. § 1447(c) ............................................................................................................. 7

C.P.L.R. 3025(d) .................................................................................................................. 9

**OTHER AUTHORITIES**

Civil Rule 7.1 ....................................................................................................................... 2

Federal Rule of Civil Procedure 12(b)(6) ........................................................................... 6

LR. § 3025(a) ....................................................................................................................... 9

Notice of Removal, Doc. No. 1 ............................................................................................ 7

Notice of Removal, p. 9 ....................................................................................................... 7

Pl. Notice of Motion for Remand, Doc. No. 13 ................................................................... 7

## PRELIMINARY STATEMENT

The most striking thing about Plaintiff's brief opposing subject-matter jurisdiction is its utter lack of mention or analysis on this Court's exclusive jurisdiction over her claims for declaratory judgment of non-infringement and "false charges of patent infringement" as set forth in the Fourth claim of her Amended Complaint. Perhaps Plaintiff simply intends to ignore the most important features of her Complaint on this issue in the hope that the Court will too. Or maybe Plaintiff is fully aware that her direct patent claims are so apparent that she would rather admit defeat and move on. Either way, this Court has exclusive jurisdiction over those two claims. And the Court also has jurisdiction over the other patent-related defamation claim for "false claims of patent infringement." Plaintiff's attempt to hide these three claims by surrounding each one with additional state-law claims cannot defeat this Court's jurisdiction. Plaintiff's scheme to keep her three patent-related claims from federal-court scrutiny plainly fails.

Moreover, Plaintiff has admitted many times that this Court has jurisdiction over her claims. In fact, in both an affirmation and a letter to the state court, Plaintiff stated that she intended to dismiss her state-court action and bring her claims as counter claims in the Related Case. While Plaintiff later refused to live up to her promise, she had already admitted that this Court had jurisdiction to decide her claims. Finally, in her remand motion, Plaintiff admitted that this Court had jurisdiction over her claim for non-infringement. And this Court denied that motion based on that claim. After all these admissions that this Court has jurisdiction, Plaintiff's current argument that the Court suddenly does not is stunning. Plaintiff cannot run from her prior statements. Plaintiff cannot avoid federal subject-matter jurisdiction over her three patent-related claims. The Court should retain jurisdiction over this action.

# ARGUMENT

## Point I

### PLAINTIFF HAS FAILED TO PROPERLY OPPOSE THE SERVED DEFENDANTS' BRIEF

As an initial matter, Plaintiff submitted an attorney declaration in opposition only on this jurisdiction issue. She has failed to file a brief in opposition as required by Local Civil Rule 7.1. The Morrison Declaration (the "Morrison Decl.") does not cite to any supporting legal authorities.[1] It merely alleges that two cases cited by the Served Defendants are inapposite without further explanation. *See* Morrison Decl. at ¶¶ 20, 23. It is well-settled that Plaintiff's filing does not satisfy this Courts rules. *Vargas v. Boston Chicken Co.*, 269 F.Supp.2d 92, 98 (E.D.N.Y.2003); *Metellus v. JetBlue Airways Corp.*, 2010 WL 1267777, at *1 (Mar. 30, 2010) (citations omitted); *Holbert v. Cohen-Gallet*, 2006 WL 47452, at *1 (E.D.N.Y. Jan. 9, 2006). And her failure to comply with Rule 7.1 may not be excused because she has filed a document with the hallmarks of Rule 7.1. *See e.g., Employers Ins. Co. of Wausau v. Skinner*, 2008 WL 4283346, at *4 (Sept. 17, 2008), *citing Moore v. Roadway Express, Inc.*, 2008 WL 819049, at *2, n.1 (E.D.N.Y. Mar. 25, 2008). She has not.

Plaintiff also seeks to incorporate her brief in support of her motion to remand that was previously denied *en toto*. That brief did not contain any analysis of the subject-matter jurisdiction question raised by this Court. The brief, therefore, cannot satisfy this Court's rules on the current briefing. Plaintiff has failed to comply with this Court's rules. The Court should reject the Morrison Decl., not consider Plaintiff's prior filing, and confirm that this Court has subject-matter jurisdiction.

---

[1] Plaintiff has a history of submissions that do not satisfy Rule 7.1. *See e.g.,* Case No. 13-cv-3093, Docket No. 14; Related Case No. 11-cv-5802, Docket Nos. 30-31, and 104.

2

## Point II

### PLAINTIFF HAS FAILED TO ADDRESS HER THREE PATENT-RELATED CLAIMS

In their opening papers, the Served Defendants discussed at length the three patent-related claims that give this Court jurisdiction. And the Served Defendants pointed out that two of these claims -- the requests for declaratory judgment that Plaintiff did not infringe and that Defendants filed "false charges of patent infringement" -- are direct patent claims. Yet Plaintiff failed even to address these points. As result, she has conceded the Served Defendants arguments and accepted this Court's subject-matter jurisdiction. *Cushing v. Morning Pride Mfg. L.L.C.*, 2008 WL 283772, at *11 (E.D.N.Y. Jan. 30, 2008); *Ostroski v. Town of Southold*, 443 F.Supp. 2d 325, 340 (E.D.N.Y. 2006); *Taylor v. City of New York*, 269 F.Supp.2d 68, 75 (E.D.N.Y. 2003); *Sledge v. Kooi*, 2007 WL 951447, at *5, n. 38, n. 39 (N.D.N.Y. Feb. 12, 2007)(stating that failure to oppose an argument conceded the validity of the argument).

A.     Plaintiff's Fourth Claim Contains Two Direct Patent Claims

That concession is not surprising. Plaintiff has very plainly sought declarations that she did not infringe on the Patents and that Defendants filed "false charges of patent infringement" (Exhibit B, ¶¶ 96, 104-105, and p. 22 in prayer for relief ¶ C.2). The fact that she seeks other forms of declaratory relief based on state law is irrelevant. Plaintiff cannot defeat federal subject-matter jurisdiction simply by packaging her patent claims with other state-law claims. And the fact that Plaintiff seeks relief in other claims based on state law is equally unavailing. Federal courts have exclusive jurisdiction to determine patent claims -- including inverse patent claims like Plaintiff's. *See* 28 U.S.C. § 1338; *Medtronic Inc. v. Mirowski Family Ventures LLC*, 134 S.Ct. 843, 848 (2014); *Amperion, Inc. v. Current Group, LLC*, 444 F.App'x 477, 478-479 (2d Cir. 2011); *ABB Inc. v. Cooper Insdustries, LLC*, 635 F.3d 1345, 1349-1350 (Fed. Cir. 2011); *Hunter Douglas, Inc. v. Harmonic Design, Inc.*, 153 F.3d 1318 (Fed. Cir. 1998); *Golan v.*

3

*Pingel Enterprise, Inc.*, 310 F.3d 1360, 1367 (Fed. Cir. 2002). The Served Defendants discussed that point in great detail in their opening papers. And, once the Court has jurisdiction over even one claim, it may then exercise supplemental jurisdiction over any state claims. *See* 28 U.S.C. § 1367(a); *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 641 (2009) (stating that 28 U.S.C. §§ 1367(a) and (c) "provide a basis for subject-matter jurisdiction over any properly removed state claim.") (citations omitted); *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997).

B. Plaintiff has Admitted Many Times that this Court has Jurisdiction

Plaintiff's latest mischaracterization of her fourth claim as one based solely on state law (*See* Morrison Decl. at ¶ 13, 15, 18) defies logic -- it contains direct patent claims. *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 809 (1988). And Plaintiff admitted as much when she moved to remand, stating that she would voluntarily dismiss the fourth claim in order to deprive this Court of jurisdiction. *See* Kenney Decl. Exhibit D (Docket No. 45-5, page ID # 1752, last ¶; Docet No. 14, page ID # 1184, last ¶). Plaintiff admitted that the fourth claim is within the exclusive domain of this Court.

Plaintiff also admitted that this Court has jurisdiction multiple times in state court. In a motion to stay the state action, Plaintiff stated that "[s]hould Judge Spatt decide to retain jurisdiction and deny the Motion to Dismiss the Federal Court Action ... Dr. Gorfinkel will bring the claims she intends to bring before this Court as counterclaims (and/or a third party complaint) in the Federal Court Action." A copy of the February 1, 2012 J. Mastrogiovanni Affirmation in Support of the stay motion is annexed to the Kenney Reply Decl. as Exhibit G. *See* Exhibit G, ¶ 10. And, in a March 12, 2012 letter to the state court, Plaintiff, through counsel, stated:

4

By way of background, the reason Plaintiff filed the Motion to Stay is that after filing the instant action defendant Genometrica Research Inc. filed the Federal Action. In order to avoid concurrently litigating these actions in two courts, Plaintiff sought a brief stay of the instant action to await clarification as to which court (this Court or the federal court) will hear claims asserted between and among these parties. As set forth in detail in the Motion to Stay, both the instant action and the Federal Action will involve substantially the same parties, facts, witnesses and documents and arise out of substantially the same transaction and occurrence. Therefore, all claims between and among these parties should be heard in the same forum. Plaintiff filed the Motion to Stay in order to promote comity, orderly procedure and judicial economy, which requires that an action be disposed in one court where possible and seeks to avoid burdening both the litigants and the court with prosecuting, defending and adjudicating claims in two courts. *See Chan v. Zoullas et. al.*, 34 Misc.3d 1210(A)(NY Sup. Ct. 2012 (internal citations omitted)

In the same letter, Plaintiff also stated:

> A short stay of the [state-court] action pending direction from the Federal Action will not prejudice any of the defendants, as this action is still in its early stages. Thus far, Dr. Gorfinkel has only filed and served a Summons with Notice and simply wishes to hold these proceedings in abeyance until a final determination has been made as to which forum will hear all of the claims at issue among the parties. Indeed, all parties will be better served by adjudicating all claims between them in the same forum, which will not only be cost effective for the litigants, but will also ensure orderly procedure, and protect against duplicative discovery and the possibility of inconsistent rulings.

A copy of the March 13, 2012 J. Mastrogiovanni letter is annexed to the Kenney Decl. as Exhibit H. Even Plaintiff believes that this Court has jurisdiction over this action.

    C.    <u>This Court has Jurisdiction over Plaintiff's Three Patent-Related Claims</u>

That makes perfect sense because this Court has subject-matter jurisdiction over -- not one but -- three claims as embodied in her third and fourth claims: (i) for a declaration that she did not infringe; (ii) for a declaration that Defendants filed "false charges of patent infringement" against her and the Foundation found "no patent infringement;" and (iii) for defamation based on a "false claim of patent infringement." The first two of these claims appear in Plaintiff's fourth claim and are direct patent claims because they ask this Court to find (i) that Plaintiff did not infringe patents, and (ii) that a patent-infringement "charge" is false. Each of these requests

5

necessarily requires a determination of whether Plaintiff infringed the Patents -- which places them squarely within this Court's original and exclusive jurisdiction under 28 U.S.C. § 1338.

Plaintiff's third claim for defamation, based on an alleged "false claims of patent infringement," (Exhibit B, ¶¶ 68-79) also requires the Court to determine whether Plaintiff infringed because, if she infringed, she may not recover on her allegation that the "claims of patent infringement" were "false." The Court has jurisdiction over that claim as well. *Hunter Douglas*, 153 F3d at 1322, 1328-29; *Additive Controls & Measurements Systems, Inc. v. Flowdata, Inc.*, 986 F.2d 476 (Fed. Cir. 1993); *Accent Designs, Inc. v. Jan Jewelry Designs, Inc.*, 827 F.Supp. 957, 967 (S.D.N.Y. 1993)(internal citations omitted).

The Served Defendants fully discussed all these points in their opening papers. Plaintiff has inexplicably failed to address even one of them. The closest that she has come to addressing them is her single argument that the fourth claim is based on state law. But that argument cannot withstand scrutiny. In her Amended Complaint, Plaintiff seeks relief for three patent-related claims. This Court has jurisdiction over all three -- and exclusive jurisdiction over at least two. The Court should not remand it to state court.[2]

## Point III

### THE SERVED DEFENDANTS DID NOT WAIVE THEIR RIGHT TO REMOVE THIS CASE

To the extent that Plaintiff argues that this Court should remand this action based on waiver because Defendants filed a motion to dismiss in state court prior to removal (*See* Pl. Br.

---

[2] Contrary to Plaintiff's contention that the Court did not determine the issue of subject matter-jurisdiction in the Related Case (*See* Morrison Decl. at ¶ 3), this Court did accept subject-matter jurisdiction as it is a necessary threshold matter for the Court to determine before ruling on a motion to dismiss. On that subject, the Court determined that defendants had brought the motion under Federal Rule of Civil Procedure 12(b)(6), stating that "[t]he [d]efendants' memorandum in support of their motion is difficult to decipher, and the Defendants' submissions consistently refer to evidence despite the fact that they are brining a 12(b)(6) motion to dismiss." *Genometrica Research Inc. et al. v. Gorbovitski et al.*, 2013 WL 394892, at *8 (E.D.N.Y. Jan. 31, 2013). The Court then ruled on that motion in a lengthy decision, and maintained all causes of action except the two that it dismissed. *Id.* at *14. The Court implicitly found that it had subject-matter jurisdiction over the Related Case. And Plaintiff may not re-argue that decision in this separate, but related case -- especially since this Court issued that decision almost a year and a half ago.

6

Motion to Remand, Doc. No. 14, p. 2; Morrison Decl., Doc No. 48, ¶¶ 2, 16), that argument fails for four reasons. First, any such waiver would be a defect in the removal procedure, not a lack of jurisdiction. While a district court may remand a case at any time on the ground that it lacks subject-matter jurisdiction, remand -- either on motion or *sua sponte* -- based on a "defect in removal procedure must be made within 30 days after" removal. 28 U.S.C. § 1447(c); *Hamilton v. Aetna Life and Cas. Co.*, 5 F.3d 642, 663-664 (2d Cir. 1993)(internal citations omitted); *In re Shell Oil Co.*, 932 F.2d 1523, 1527 n. 6 (5th Cir. 1991), *cert. denied*, 502 U.S. 1049 (1992); *Williams v. AC Spark Plugs Div. of Gen. Motors Corp.*, 985 F.3d 783, 786-787 (5th Cir. 1993); *Air-Shields, Inc. v. Fullam*, 891 F.2d 63, 65-66 (3d Cir. 1989).

This absolute bar to remand remains true even when removal would otherwise be prohibited, such as when the alleged defect is a waiver by agreement, *Proyecfin De Venezuela, S.A. v. Banco Industrial De Venezuela, S.A.*, 760 F.2d 390, 396-97 (2d Cir. 1985), a statutory proscription against bringing a certain action in federal court, *Hamilton*, 985 F3d at 787, or a proscription against a plaintiff removing his own action, *Hamilton*, 5 F.3d at 643-44. And even a district court's *sua sponte* remand based on procedural defect after 30 days would exceed that court's authority. *See Hamilton*, 5 F.3d at 643-44 (*citing Air-Shields, Inc.*, 891 F2d 63, 65 (3d Cir. 1989); 14A C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3739, at 166 (Supp. 1993)).

Defendants removed this action on May 28, 2013. *See* Notice of Removal, Doc. No. 1. Defendants served Plaintiff with the removal papers on that same date *via* both Email and Express Mail. *See* Notice of Removal, p. 9 (Certificate of Service). Plaintiff did not file her motion to remand until June 28, 2013 -- 31 days after Defendants removed the action. *See* Pl. Notice of Motion for Remand, Doc. No. 13; Pl. Br. Motion to Remand, Doc. No. 14. Moreover,

141864.00601/7387039v.1

it is now more than 11 months past Defendants' removal of this case. The Court "has no power to remand [this] case to state court" based on any claimed waiver or other procedural defect, and any remand based on that untimely ground is reviewable on appeal. *Concorde Financial Corp. v. Value Line, Inc.*, 2004 WL 287658, at *3 (S.D.N.Y. Feb. 11, 2004)(internal citations omitted); *Hamilton*, 5 F.3d at 643-44.

Second, contrary to waiving their right to litigate this action in federal court, Defendants have always maintained that the case belongs in this Court. As discussed above, both Plaintiff and Defendants understood that, if the Related Case survived the motion to dismiss filed by Plaintiff and her co-defendants, Plaintiff here would dismiss her state case and bring her claims as counterclaims in the Related Case. When Plaintiff failed to do that, Defendants demanded in writing that she do so. A copy of a January 31, 2013 P.B. Tufariello email to J. Mastriogiovanni is annexed to the Kenney Reply Decl. as Exhibit I. *See also* Defendants' motion to dismiss the state-court action. A copy of that motion is annexed to the Kenney Reply Decl. as Exhibit J at ¶¶ 31, 33-35. Instead, Plaintiff filed the initial Complaint in state court. Although Defendants moved to dismiss in state court, that motion was not based on the pleadings or the merits. That motion was based entirely on Plaintiff's prior statements that she would dismiss the state action and bring her claims in federal court, and her subsequent refusal to do so. Kenney Reply Decl. as Exhibit J. In other words, Defendants sought to preserve the *status quo* so that this case would be litigated in federal court as the parties had agreed. *See Novello v. Manor Oak Skilled Nursing Facilities, Inc.*, 2004 WL 2039800, at *2 (W.D.N.Y. Sept. 13, 2004).

Plaintiff can point to no "clear and unequivocal" intent by the Served Defendants to waive their right to remove this action to federal court as required for waiver. *See Unity Creations, Inc. v. Trafcon Industries, Inc.*, 137 F.Supp.2d 108, 110 (E.D.N.Y. 2001) ("It has

8

well-recognized that waiver of a party's statutory right to remove a case to federal court must be clear and unequivocal.") (citation omitted); *Cronin v. Family Educ. Co.*, 105 F.Supp.2d 136, 137-38 (E.D.N.Y. 2000) (citing *John's Insulation, Inc. v. Siska Constr. Co.*, Inc., 617 F.Sup 289, 294 (S.D.N.Y. 1987); *EIE Guam Corp. v. The Long Term Credit Bank of Japan, Ltd.*, 322 F.3d 635, 649 (9th Cir. 2003); *Regis Associates v. Rank Hotels (Mgmt.) Ltd.*, 894 F.2d 193, 195 (6th Cir. 1990). In fact, the Served Defendants' motion to dismiss is evidence of just the opposite -- Defendants' continued desire and intent to litigate this case in federal court. *Novello*, 2004 WL 2039800 at *2.

Third, the Served Defendants never moved to dismiss Plaintiff's Amended Complaint -- or her fourth claim -- in state court as Plaintiff claims. And the motion to dismiss Plaintiff's Initial Complaint was not fully briefed as Plaintiff also contends. *See* Morrison Decl. at ¶ 16. In response to the motion that the Served Defendants filed on May 3, 2013 (*See* Kenney Decl. Exhibit C (Docket No. 45-4)), Plaintiff filed her Amended Complaint three days later -- on May 6, 2013. The Amended Complaint added the fourth cause of action for declaratory judgment that, *inter alia*, Plaintiff did not infringe the Patents and that Defendants filed "false charges of patent infringement." *See* Kenney Decl. Exhibit B (Docket No. 45-3). The state court never decided the motion because Plaintiff had filed her Amended Complaint within her time to so as of right C.P.L.R. § 3025(a). That motion to dismiss became null at that time. C.P.L.R. 3025(d). The Served Defendants subsequently removed this case on May 28, 2012. Thus, the motion did not create a defect in the removal procedure. *See Johnson v. Medisys Health Network*, 2011 WL 5222917, at *5 (E.D.N.Y. June 1, 2011) (holding that service of a motion to dismiss in state court does not render removal defective); *Richstone v. Chubb Colonial Life Insurance*, 988 F.Supp. 401, 403 (S.D.N.Y. 1997) (same); *Markantonatos v. Maryland Drydock Co.*, 110

F.Supp. 862, 864 (S.D.N.Y. 1953) (holding that answering a complaint in state court does not render removal defective).

Fourth, Plaintiff's Amended Complaint added her fourth claim which contains two direct patent claims. These two new claims brought with them -- for the first time -- the federal courts' exclusive jurisdiction as opposed to the concurrent jurisdiction that the Court already had over the defamation claim -- the only patent-related claim in Plaintiff's Initial Complaint. These new direct patent claims changed the character of the litigation and provided a new basis for removal thus giving Defendants the opportunity to remove the case at that time under the "revival exception." *Tully v. American Federation of Government Employees Local 3148*, 2001 WL 255034, at *2 (E.D.N.Y Mar. 9, 2001) (holding the revival exception was not applicable because the amended complaint did not provide a new basis for removal); *MG Buildg. Materials, Ltd. v. Paychex, Inc.*, 841 F.Supp.2d 740, 744-45 (W.D.N.Y. 2012) (*citing Braud v. Transport Serv. Co. of Illinois.*, 445 F.3d 801, 806 (5th Cir. 2006)(internal citations omitted)). This action belongs in this Court.

## CONCLUSION

This Court has original and exclusive jurisdiction over Plaintiff's fourth claim because it seeks declaratory judgments that (i) Plaintiff did not infringe the Patents and (ii) that Defendants made "false charges of patent infringement" against her. Each of these direct patent claims requires this Court to determine whether Plaintiff infringed the Patents. This Court also has jurisdiction over Plaintiff's third claim for defamation because she seeks relief for an alleged "false claims of patent infringement." This claim also requires this Court to determine whether Plaintiff infringed the Patents because, if the alleged "claims" of patent infringement were true, then they cannot be the basis for defamation. Thus this Court has jurisdiction over this entire action. The Court should not remand it.

10
141864.00601/7387039v.1

WHEREFORE, the Served Defendants respectfully request that this Court determine that it properly retained jurisdiction in its prior Order and that it retain jurisdiction now.

Dated: New York, New York
May 6, 2014

          Respectfully submitted,
          **BLANK ROME LLP**

By: _____
Robert Kenney
Rither Alabre
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Telephone: (212) 885-5251
Facsimile: (917) 332-3796
Email: rkenney@blankrome.com

Panagiota Betty Tufariello
INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, New York 11766
Telephone: (631) 476-8734
Facsimile: (631) 476-8737
Email: betty@intellectulaw.com

Douglas Gross
Nicholas B. Malito
HOFHEIMER GARTLIR & GROSS, LLP
530 Fifth Avenue
New York, New York 10036
Telephone: (212) 818-9000
Facsimile: (212) 897-4980
Email: dgross@hgg.com
      nmalito@hgg.com

*Counsel for Defendants Invar Consulting Ltd., Genometrica Ltd., and Genometrica Research, Inc.*