UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

VERA GORFINKEL,

                Plaintiff,

                          **MEMORANDUM & ORDER**
      v.                      13-CV-3093 (PKC)

RALF VAYNTRUB, INVAR CONSULTING LTD.,    (Related Case: 11-CV-5802)
GENOMETRICA LTD., and GENOMETRICA
RESEARCH, INC.,

                Defendants.

------------------------------------------------------------x

PAMELA K. CHEN, United States District Judge:

      Before the Court is the motion of Defendants Ralf Vayntrub, Invar Consulting Ltd. ("Invar"), Genometrica Ltd. ("Genometrica Limited"), and Genometrica Research, Inc. ("Genometrica Research") (collectively, "Defendants") to dismiss Plaintiff Vera Gorfinkel's amended complaint pursuant to Federal Rule of Civil Procedure ("FRCP") 12(b)(6) for failure to state a claim upon which relief can be granted. For the reasons set forth below, the Court dismisses Plaintiff's claim for declaratory judgment, alleged in Count Four of the Amended Complaint, which is the only claim over which the Court has original jurisdiction, and declines to exercise supplemental jurisdiction over Plaintiff's remaining state-law claims. The Court also dismisses all claims against Defendants Invar and Genometrica Limited, on the basis of Plaintiff's failure to respond to Defendant's motion to dismiss regarding these defendants, and against Defendant Ralf Vayntrub, for failure to properly serve. Accordingly, this case is terminated, except as to Counts One through Three as they relate to Defendant Genometrica Research, Inc. Those claims are hereby remanded to State court.

*BACKGROUND*

I.  Procedural Background

Plaintiff filed an amended verified complaint in the New York Supreme Court, County of Suffolk, on or about May 3, 2013. (Dkt. 1-15 at 23.) On May 28, 2013, Defendants timely removed the action to this Court pursuant to 28 U.S.C. §§ 1441 and 1446, and FRCP 81(c). (Dkt. 1.) As discussed further herein, the Court has federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff's amended complaint seeks a declaration that she has not infringed upon certain of Defendants' patents, patents which are the subject of a related action pending before the Court. Additionally, the Court has authority to exercise supplemental jurisdiction over Plaintiff's state-law claims under 28 U.S.C. § 1367.

II.  Subject Matter Jurisdiction

On March 24, 2014, the Court *sua sponte* ordered Defendants to show cause why this action should not be dismissed for want of subject matter jurisdiction. (*See* Order to Show Cause, March 24, 2014.) Defendants responded thereto on April 14, 2014; Plaintiff responded on April 29, 2014; and Defendants submitted a reply on May 6, 2014. (Dkts. 45, 48–49.) The Court concludes that it has subject matter jurisdiction over this removal action based on Plaintiff's claim for a declaratory judgment of patent non-infringement.

The Court initially questioned subject matter jurisdiction because the thrust of Plaintiff's declaratory judgment claim was based on the alleged collateral estoppel effect of Plaintiff's employer's decision not to pursue a patent infringement claim against Plaintiff—collateral estoppel not being a federal cause of action. Upon further review of Plaintiff's complaint, the Court finds that Plaintiff asserts a cause of action arising under federal law, namely, the construal of a patent in connection with Plaintiff's declaratory judgment claim. *See, e.g.*, *Doukas v.*

2

*Ballard*, 825 F. Supp. 2d 377 (E.D.N.Y. 2011) (citing *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 809 (1988)) ("A court will have original jurisdiction pursuant to 28 U.S.C. § 1338(a) if the plaintiff's complaint, *properly construed*, 'establishes either that patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on a resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims.'"). Because Plaintiff's claim for a declaratory judgment of non-infringement necessarily calls upon the Court to construe federal patent law to determine whether the patent, indeed, is infringing, (*see* Dkt. 1-15 at 22 ¶ 2) ("Plaintiff requires a Declaratory Judgment [that] she acted properly and did not infringe the patents of [Stony Brook] . . . ."), it raises a substantial question of federal patent law, and the Court, therefore, has federal question subject matter jurisdiction over Plaintiff's declaratory judgment claim.

III. Plaintiff's Claims

Plaintiff's amended complaint alleges four causes of action: state-law claims for (1) intentional interference with contractual relations; (2) intentional interference with advantageous business relations; (3) defamation of character; and (4) a federal-law claim for a declaratory judgment that Plaintiff has not infringed upon any of Defendants' patents.[1]

According to the amended complaint, Plaintiff, at all relevant times, was an associate professor in the Department of Electrical & Computer Engineering at the State University of New York at Stony Brook ("Stony Brook"), and resided in New York. (Dkt. 1 ¶ 1.) Defendant Vayntrub is the founder and president of Defendant businesses Invar, Genometrica Limited, and

---

[1] It should be noted that the amended complaint—and, for that matter, Plaintiff's opposition to the motion—is not a paragon of clarity. However, as it must, the Court accepts as true the well-pleaded factual allegations contained therein for purposes of the present motion. *See Nielsen v. Rabin*, 746 F.3d 58, 62 (2d Cir. 2014) (citing *Rothstein v. UBS AG*, 708 F.3d 82, 94 (2d Cir. 2013)).

Genometrica Research. (Dkt. 1 ¶ 2.) Invar and Genometrica Limited are incorporated in Lichtenstein. (Dkt. 1 ¶ 3–4.) Genometrica Research is a domestic corporation organized under the laws of the State of New York. (Dkt. 1 ¶ 5.)

Plaintiff alleges that in August 2011, Defendants ended a business relationship with Boris Gorbovitski, Plaintiff's husband, for unspecified reasons. (Dkt. 1-15 ¶ 7.) Defendant Vayntrub then threatened Plaintiff with filing a lawsuit against Gorbovitski or initiating criminal proceedings against him unless Plaintiff continued to work for Vayntrub even while employed by Stony Brook.[2] (Dkt. 1-15 ¶¶ 8, 57.) Plaintiff refused Vayntrub's alleged offer, after which Defendants filed complaints with Stony Brook accusing Plaintiff of patent infringement. (Dkt. 1-15 ¶ 10–11.) In response to those complaints, Stony Brook suspended a grant under which Plaintiff was working, halting her research and depriving her of income. Stony Brook ultimately terminated that grant. (Dkt. 1-15 ¶¶ 12, 36, 69.) Stony Brook investigated and evaluated the infringement complaints against Plaintiff, ultimately concluding that, in its view, Plaintiff had not infringed on Defendants' patent(s) because "in the absence of any product, Plaintiff cannot infringe on a patent nor be in competition under US or NY law." (Dkt. 1-15 ¶ 13.) Stony Brook declined to pursue infringement charges against Plaintiff. (Dkt. 1-15 ¶ 13.)

Plaintiff alleges that from December 2011 to February 2012, Defendants' unidentified personnel intentionally spread defamatory comments to Plaintiff's employees in her lab, including that she was terminated, had been engaged in illegal activities, and that the employees would be better off working with Defendants. (Dkt. 1-15 ¶¶ 14–15.) Plaintiff also alleges that

---

[2] The amended complaint purports to allege an offer for a *quid pro quo* with respect to Plaintiff's continued work for Vayntrub, but the paragraph purporting to do so is incoherent. (Dkt. 1-15 ¶ 9.) Plaintiff elsewhere in the amended complaint states that Defendants threatened to file false charges against her unless she continued to conduct research projects on behalf of Defendants. (Dkt. 1-15 ¶ 35.)

4

Defendants induced Stony Brook to commence patent infringement proceedings against Plaintiff, which "was humiliating, harassing, and disparaging to her career at Stony Brook University." (Dkt. 1-15 ¶ 34.)[3]

In sum, the gravamen of Plaintiff's amended complaint appears to be that Defendants intentionally interfered with Plaintiff's employment relationship with Stony Brook by complaining to Stony Brook that Plaintiff had infringed upon certain of Defendants' patents.[4] Plaintiff seeks money damages, an injunction, and a declaration from the Court that Stony Brook's determination that she had not infringed on Defendants' patents is entitled to *res judicata* and/or collateral estoppel effect, or, alternatively, a separate declaration from the Court stating that she did not infringe on Defendants' patents. Plaintiff also seeks a declaration "that she followed proper legal course in immediately rejecting [Vayntrub]'s illegal and improper proposal." (Dkt. 1-15 ¶ 101.)

IV.     The Related Case

This case has been deemed related to another action, *Genometrica Research, Inc. v. Gorbovitski, et al.*, 11-CV-5802 (PKC)(AKT) (the "Related Case"), which has been pending in this district since 2011. In the Related Case, Genometrica Research has asserted patent infringement claims against Gorfinkel and her husband, Boris Gorbovitski. *See Gorbovitski*, 11-CV-5802, Dkt. 20 at 2–3. In sum, Genometrica alleges that Gorbovitski and Gorfinkel violated

---

[3] The amended complaint is unclear as to the forum in which these alleged proceedings occurred, but it is likely that this allegation refers to Stony Brook's internal investigation into the infringement claims, not any formal legal proceedings, as there is no evidence that any such proceedings have occurred.

[4] Plaintiff additionally alleges that Defendants defamed her. Plaintiff alleges that she was defamed when she was told by a Stony Brook Professor, Serge Luryi, that ". . . you robbed Ralf [Vayntrub]," and that the source of Luryi's statement was Vayntrub himself. (Dkt. 1-15 ¶ 62–63.)

an exclusive licensing deal agreed to by Genometrica and Stony Brook for the use of technologies relating to certain medical devices then under development and infringed upon Genometrica's patents by making and selling a certain medical device that Gorfinkel knows to be covered by Genometrica's patent. *Gorbovitski*, 11-CV-5802, Dkt. 20 at 21–22 & ¶¶ 241–48. Those claims remain pending.

*MOTION TO DISMISS STANDARD*

To withstand a motion to dismiss pursuant to FRCP 12(b)(6), a complaint must plead facts sufficient "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In evaluating a 12(b)(6) motion to dismiss, the district court must accept the factual allegations set forth in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *See Nielsen*, 746 F.3d at 62; *Cleveland v. Caplaw Enter.*, 448 F.3d 518, 521 (2d Cir. 2006). The liberal notice pleading standard of FRCP 8(a) only requires that a complaint set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." *Id.* Under FRCP 8(a)(2), the complaint need not set forth "detailed factual allegations," but the plaintiff must present "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555. "Factual allegations must be enough to raise a right to relief above the speculative level[.]" *Id.* A complaint should be dismissed where a plaintiff has not "nudged [its] claims across the line from conceivable to plausible[.]" *Twombly*, 550 U.S. at 570.

*DISCUSSION*

I.  Plaintiff's Submissions

As an initial matter, Plaintiff attached several affidavits to her opposition to Defendants' motion to dismiss. (Dkts. 23–24, 26–27.) Plaintiff also submitted multiple, procedurally

6

improper sur-replies under the guise of separate motions, containing additional argument and to which Plaintiff attached additional documents. (*See* Dkts. 39, 40, 42.) Generally, on a motion to dismiss, the Court is constrained to addressing the "four corners" of the complaint, but in certain instances the Court may consider outside documents. *Pani v. Empire Blue Cross Blue Shield*, 152 F.3d 67, 71 (2d Cir. 1998) (citing *Newman & Schwartz v. Asplundh Tree Expert Co.*, 102 F.3d 660, 662 (2d Cir. 1996) ("In considering a motion to dismiss for failure to state a claim . . . a district court must limit itself to facts stated in the complaint or in documents attached to the complaint as exhibits or incorporated in the complaint by reference.")). For example, a court may consider "undisputed documents, such as a written contract attached to, or incorporated by reference in, the complaint." *Chapman v. New York State Div. for Youth*, 546 F.3d 230, 234 (2d Cir. 2008). However, even if the documents are not attached to the complaint or incorporated by reference, "a document upon which the complaint *solely* relies and which *is integral to the complaint* may be considered." *Roth v. Jennings*, 489 F.3d 499, 510 (2d Cir. 2007).

Here, Plaintiff's reliance on the extraneous materials is procedurally improper. Plaintiff did not refer to any affidavits nor incorporate them into her amended complaint. Only in opposition to Defendants' motion did Plaintiff, for the first time, include these documents. The Court, therefore, declines to consider the material contained in Plaintiff's affidavits and in the thinly disguised and procedurally improper sur-replies.

II.     Dismissal of Claims against Invar and Genometrica Limited

Defendants move to dismiss Defendants Invar and Genometrica Limited from this action on the basis that they are not proper parties. With respect to Invar, Defendants maintain that Invar assigned all of its shares of Genometrica Research to Genometrica Limited nearly two years before Plaintiff's claim purportedly arose. (*See* Dkt. 36 at 4.) Defendants maintain that

7

Invar has no ownership interest in Genometrica Research and, therefore, it cannot be held liable for any of Plaintiff's claims. (Dkt. 35-1 at 8.) Plaintiff has waived any opposition with respect to this argument by failing to oppose the present motion on that basis.[5] Accordingly, Plaintiff has abandoned her claims against Invar, and Invar is dismissed from this action. *See, e.g.*, *Dineen v. Stramka*, 228 F. Supp. 2d 447, 454 (S.D.N.Y. 2002) (finding that plaintiff's failure to address claims in opposition papers "enable[es] the Court to conclude that [plaintiff] has abandoned them"); *cf. Taylor v. City of New York*, 269 F. Supp. 2d 68, 75 (E.D.N.Y. 2003) ("Federal courts may deem a claim abandoned when a party moves for summary judgment on one ground and the party opposing summary judgment fails to address the argument in any way.").

With respect to Genometrica Limited, Defendants argue that it is Genometrica Research's corporate parent and serves as a holding company, and therefore cannot be held liable absent piercing of the corporate veil, which is unwarranted here. (Dkt. 35-1 at 8–9; Dkt. 1-15 at 2–5, 25.) Under New York law, a corporate parent may not be held liable for the conduct of a subsidiary merely based upon ownership. *See Billy v. Consol. Mach. Tool Corp.*, 51 N.Y.2d 152, 163 (1980); *see also Yankee Gas Servs. Co. v. UGI Utils.*, 428 Fed. App'x 18, 20 (2d Cir. 2011) (summary order) (citing *United States v. Bestfoods*, 524 U.S. 51, 56 (1998)) ("It is a general principle of corporate law deeply ingrained in our economic and legal systems that a parent corporation . . . is not liable for the acts of its subsidiaries."). Defendants argue that Plaintiff has

---

[5] Notably, the Court is in receipt of a hard copy of Plaintiff's opposition papers, but those papers have not been filed on the Electronic Court Filing System ("ECF"). On February 7, 2014, the Court ordered Plaintiff to submit her opposition papers on ECF. (*See* February 7, 2014 Minute Entry.) Plaintiff has not complied with that order. Although this case is being terminated, Plaintiff should nonetheless file her opposition papers in order to complete the record in this case. Plaintiff is directed to do so within one week of the date of entry of this order, or face possible contempt sanctions.

set forth no basis for piercing the corporate veil to reach Genometrica Limited and that, accordingly, Genometrica Limited must be dismissed as a party. (Dkt. 35-1 at 8–10.) As with the argument regarding Invar, Plaintiff has not responded, and therefore has waived any argument with respect to Genometrica Limited. *See Dineen*, 228 F. Supp. 2d at 454. Accordingly, Plaintiff's claims with respect to Genometrica Limited are dismissed.

III. <u>Dismissal of Claims against Vayntrub</u>

Defendants contend that Vayntrub has not been served with proper process and therefore is not a proper defendant in this action. Plaintiff has not responded to Defendants' arguments regarding service of process upon Vayntrub and accordingly has waived any argument with respect to service of process. Moreover, there is no evidence in the record, such as an affidavit of service, demonstrating that Vayntrub has been served with process.[6] Accordingly, all claims against Vayntrub are dismissed pursuant to FRCP 12(b)(5) for insufficient service of process.

As a result of the dismissal of Defendants Invar, Genometrica Limited, and Vayntrub from this action, the only remaining claims are against Genometrica Research.

IV. <u>Dismissal of Declaratory Judgment Claim Against Genometrica Research</u>

---

[6] Although there is a declaration attached to the motion purporting to set forth the circumstances of service upon Vayntrub (Dkt. 26)—which Plaintiff notably does not reference in her opposition—this document, translated from Russian into English, does not sufficiently demonstrate service upon Vayntrub. Rather, it appears to be a "Legal Inquiry" from a Sergey Fomichev, a lawyer, inquiring of the postmaster as to whether certain materials had been delivered to Vayntrub. (Dkt. 23-4 at ECF 9.) The postmaster's response states that the shipment "[h]as not been delivered to the addressee due to the addressee's absence at this address." (Dkt. 23-4 at ECF 7.) The postmaster apparently later responds, stating that the shipment had been delivered to Vayntrub's address, but the response references different materials and does not clearly specify what materials were delivered. (Dkt. 23-4 at ECF 17.) Moreover, as it is Plaintiff's burden to demonstrate that service was proper, Plaintiff has failed to do so and Vayntrub properly may be dismissed from this action on that basis. *See Sikhs for Justice v. Nath*, 850 F. Supp. 2d 435, 439–40 (citing *Khan v. Khan*, 360 Fed. App'x 202, 203 (2d Cir. 2010) ("'the plaintiff bears the burden of establishing that service was sufficient'").

Plaintiff's final cause of action, and the only claim over which the Court has original jurisdiction, seeks a declaratory judgment of non-infringement by Plaintiff of Genometrica Research's patents, primarily on the basis that Stony Brook's decision not to pursue a patent infringement case against Plaintiff bars Genometrica Research's patent infringement action in the Related Case. (Dkt. 1-15 at 15.) The Court dismisses this claim because it fails to state a cause of action, and because the requested declaratory relief is unnecessary and inappropriate given the pendency of the Related Case.

    A.    <u>Stony Brook's Declaratory Judgment Claim Fails to State a Cause of Action</u>

Plaintiff argues that Stony Brook's determination that Plaintiff had not infringed upon any Genometrica patent, and its decision not to pursue an infringement action, precludes Defendants from suing Plaintiff for patent infringement, and bars all future litigation on that subject. (Dkt. 1-15 ¶ 87; Dkt. 25 at 9–11.) This argument is entirely meritless.

For a determination of an adjudicatory body to have preclusive effect, "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." *New York v. Julius Nasso Concrete Corp.*, 202 F.3d 82, 86 (2d Cir. 2000) (citing *Nat'l Labor Relations Bd. v. Thalbo Corp.*, 171 F.3d 102, 109 (2d Cir. 1999)). Here, Plaintiff has not alleged that Stony Brook's determination of non-infringement or its decision not to pursue an infringement action satisfies any of these elements. Indeed, there is no evidence or allegation

that Stony Brook was in any way acting in an adjudicatory capacity when it declined to pursue a patent infringement case against Plaintiff.[7]

In her rambling response to Defendants' motion to dismiss, Plaintiff makes no legal argument as to why Stony Brook's evaluation of Vayntrub's patent infringement complaint should be deemed preclusive. (*See* Dkt. 35-1 at 24–25.) Consequently, any argument with respect to the preclusive effect of Stony Brook's decision not to prosecute a patent infringement action is deemed waived. *See Moody v. Morris*, 608 F. Supp. 2d 575, 583 (S.D.N.Y. 2009) (deeming plaintiff's claim abandoned where plaintiff's motion papers did not respond to defendants' objections to the claim).[8]

Furthermore, as has already been decided by Judge Spatt in the Related Case, Stony Brook's determination regarding infringement and its decision not to file patent infringement claims against Plaintiff is not binding on this Court. *See Genometrica Research, Inc., et al. v. Gorbovitski, et al.*, 11-CV-05802(ADS) 2013 WL 394892, at *5 (E.D.N.Y. Jan. 31, 2013). In the Related Case, Judge Spatt rejected Gorfinkel and Gorbovitski's assertion that Stony Brook's decision not to prosecute a patent infringement case had *res judicata* or collateral estoppel effect: "[Stony Brook']s allege[d] determination that there was insufficient proof of infringement to prosecute an action against the Defendants does not preclude this case or warrant dismissal of the

---

[7] Plaintiff's only allegation regarding the nature of the Stony Brook decision is that it required a "formal hearing to determine if plaintiff was in violation of her employment Contract and had a conflict of interest." (Dkt. 1-15 ¶ 84.)

[8] Moreover, to the extent Plaintiff's amended complaint seeks a declaration that "defendant Ralf Vayntrub and his named defendant corporations have legal issues not with plaintiff but exclusively with plaintiff's husband and filed false charges of patent infringement against plaintiff with her employer," such a claim is not cognizable. Plaintiff's pleading is overly vague with respect to this request, and Plaintiff does not indicate what "legal issues" it wishes the Court to adjudicate.

complaint. Contrary to the Defendants' assertion, [Stony Brook's] analysis does not conclusively prove that there has been no patent infringement."[9] *Id.*

Accordingly, consistent with Judge Spatt's prior conclusion in the Related Case, there is no basis to conclude that Stony Brook's decision not to pursue litigation against Plaintiff is entitled to collateral estoppel or *res judicata* effect. Plaintiff's claim for a declaratory judgment barring Defendants from pursuing an infringement action, based on Stony Brook's decision not to do so, fails to state a claim, and must be dismissed.

    B.    <u>Plaintiff's Claim for a Declaratory Judgment of Non-Infringement is Duplicative of Claims in the Related Case</u>

In addition to seeking a declaratory judgment that she is not infringing on Genometrica's patents, Plaintiff more broadly seeks a declaratory judgment of non-infringement, but not based on collateral estoppel. (*See* Dkt. 1-15 at 22 ¶ 2.) As such, Plaintiff's claim is duplicative of the claims currently pending in the Related Case, and is dismissed.

The Court has discretion in asserting declaratory jurisdiction. "It is within the broad discretion of the trial court whether to exercise declaratory jurisdiction." *Camofi Master LDC v. Coll. P'ship, Inc.*, 452 F. Supp. 2d 462, 480 (S.D.N.Y. 2006) (citing *Muller v. Olin Mathieson Chem. Corp.*, 404 F.2d 501, 505 (2d Cir. 1968)). A district court must address a declaratory judgment claim where (1) "the judgment will serve a useful purpose in clarifying and settling the legal relations in issue," or (2) "when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." *Piven v. Wolf Haldensten Adler Freeman & Herz L.L.P.*, 08-CV-1057(RJS), 2010 WL 1257326, at *10 (S.D.N.Y. Mar. 12, 2010) (citing *Starter Corp. v. Converse, Inc.*, 84 F.3d 592, 597 (2d Cir. 1996)) (internal quotation

---

[9] In the Related case, of course, Gorfinkel is a defendant, and Genometrica is a plaintiff.

marks omitted); *Continental Casualty Co. v. Coastal Savings Bank*, 977 F.2d 734, 737 (2d Cir. 1992). However, where a declaratory judgment claim is redundant of a primary claim raised by a party to a lawsuit, it is properly dismissed as duplicative. Courts may deem as duplicative claims that simply mirror another party's claims. *See, e.g.*, *Wilton v. Seven Falls Co.*, 515 U.S. 277, 282–283 (1995) ("district courts possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites"); *Lee v. Park Lane Togs*, 81 F. Supp. 853, 853–54 (S.D.N.Y. 1948) (finding counterclaims duplicative where "[t]he allegations of defendant's counterclaims, as a defense, will be before the trial court under other allegations of the answer. No declaratory judgment is necessary for a determination of the controversy in this case."). One of the primary bases for a district court declining to exercise declaratory jurisdiction is where "the claims of all parties in interest can satisfactorily be adjudicated" in another, preexisting proceeding. *Wilton*, 515 U.S. at 283. That is the case here.

Although raised in a separate action, Plaintiff's declaratory judgment claim is simply a mirror image of Plaintiff's defense in the Related Case. In the Related Case, Plaintiff has denied infringing on Genometrica's patents. *See* 11-CV-5802, Dkt. 45 (E.D.N.Y. Apr. 24, 2014) (Plaintiff's answer in the Related Case, in which Plaintiff denies patent infringement). Given that the issue about which Plaintiff seeks a declaratory judgment in this case will necessarily be resolved in the Related Case, no "useful purpose in clarifying and settling the legal relations in issue" would be served by permitting Plaintiff's declaratory judgment claim to proceed separately in this case. *See Piven*, 2010 WL 1257326, at *10. The Court, therefore, declines to exercise declaratory jurisdiction over Plaintiff's complaint because none of the aims of declaratory jurisdiction would be served here. *See Fleisher v. Phoenix Life Ins. Co.*, 858 F.

Supp. 2d 290, 302 (S.D.N.Y. 2012) (noting that "[t]he fact that a lawsuit has been filed that will necessarily settle the issues for which declaratory judgment is sought suggests that the declaratory judgment will serve 'no useful purpose'" and dismissing claims that necessarily would be resolved in the pending, first-filed litigation). Accordingly, Plaintiff's declaratory judgment is dismissed.

V. Remand of Plaintiff's State-Law Claims

Having dismissed the only claim over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

District courts may "decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988); *see also United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well.").

Considering the factors set forth in *Cahill*, the Court finds no good cause for asserting supplemental jurisdiction over the remaining state-law claims against Genometrica Research. All four factors would be served by having the State court address Plaintiff's claims, as the State court is most familiar with Plaintiff's causes of action, and is the original forum of Plaintiff's choosing. Accordingly, for these reasons, Plaintiff's state-law claims against Genometrica Research are remanded to New York State Supreme Court.

*CONCLUSION*

For the reasons set forth above, Defendants' motion to dismiss the amended complaint is granted with respect to: (1) Count Four of the Amended Complaint, seeking a declaratory judgment of non-infringement; (2) all claims against Defendants Invar and Genometrica Limited; and (3) all claims against Defendant Vayntrub. The remaining state-law claims against Defendant Genometrica Research, Inc. are hereby remanded to State court. The Clerk of the Court respectfully is directed to terminate this matter.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: August 20, 2014
       Brooklyn, New York