UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
VERA GORFINKEL,

                      Plaintiff,

-against-                       Case No.: 13-cv-3093 (JFB) (AKT)

RALF VAYNTRUB, INVAR CONSULTING
LTD., GENOMETRICA LTD. and
GENOMETRICA RESEARCH, INC.

                      Defendants.

-------------------------------------------------------------x

## MEMORANDUM OF LAW BY DEFENDANTS IN OPPOSITION TO A MOTION TO DISMISS UNDER FED. R. CIV. P. 12(B) (6).

ARTHUR MORRISON (AM5678)
Attorney for Plaintiff
11 Skyline Drive Hawthorne,
New York 10532
(T) 914-980-7244
(F) 914-592-3482

WILLIAM V. RAPP, ESQ.
Attorney for Plaintiff
85 River Road Scarborough,
New York 10510
(T) 914-945-0630
(F) 914-923-1416

Table of Contents

Table of Authorities................................................................................... ii

Preliminary Statement................................................................................ 1

Statement of Facts..................................................................................... 4

LAW:

ARGUMENT

    Legal Standard for Defenses to a Rule 12(b) (6) Motion met ............................ 7

Point 1

Issue of non-infringement by Gorfinkel of SUNY"s 12 Patents
was decided favorably to her by the University based upon a
Complaint by Genometrica found without merit and a Fourth
Cause of Action in Complaint for Declaratory Judgment is Proper...................... 9

Point 2

Adding SUNY (RF) as a Party Plaintiff lacks support in law or in fact
And First and Second Causes of Action in Complaint seeking damages
For Interference with Contract and Prospective Business are proper
As Geometrical counsel admitted in Open court on 7/01/13
to Judge Tomlinson SUNY (RF) not a Party .................................................. 12

Point 3

Defamation per se established with Ralf Vanytrub Statement to a
Foundation Director (Evelyn Berezin) and Department Head
(Prof. Serge Luryi) of Stealing by Vera Gorfinkel............................................. 13

CONCLUSION............................................................................................ 14

## PRELIMINARY STATEMENT

This Memorandum of Law is submitted in opposition to the relief sought herein, to dismiss the earlier state court Vera Gorfinkel Amended Complaint of May 3, 2013 brought under Fed. R. Civ. P. 12(b)(6) a case originally commenced in the Supreme Court, Suffolk County and removed to this Court.

The original federal complaint brought by Genometrica Research Inc. as plaintiff was dated November 29, 2011 ("Original Complaint" and/or "11/29/11 Complaint") against Vera Gorfinkel, Boris Gorbovitski and Advanced Biomedical Machines Inc. ("ABMM") then replaced by an Amended Complaint dated April 2, 2012 adding State University of New York (SUNY (RF) as an additional party plaintiff (Doc.20 case # 11-cv-05802 (ADS) (AKT).

Defendants argued in its prior dismissal motion under Fed. R. Civ. P. 12(b)(6), that the centerpiece of the Original Complaint was not Federal Unfair Competition 15 U.S.C. (a)(1)(A) and (B) (Injunctive Relief) (first three claims for relief) but state law claims as contained in the 4th through 16th Claims for Relief.

Judge Spatt entered a decision and order on January 31, 2013 (Doc.43 case # 11-cv-05802 (ADS) (AKT) that the Defendants motion to dismiss the Plaintiffs federal unfair competition claims pursuant to 15 U.S.C. § 1125(a)(1)(A), Counts Three and Four in the Amended Complaint was granted; and it was further ordered, that the Plaintiffs Eighteenth Claim for Relief was dismissed, that the Plaintiffs may file and serve an amended complaint consistent with the Court's findings above, within 20 days of the date of this Order. No further Amended Pleading was filed by plaintiff.

1

Defendants (Doc.45 case # 11-cv-05802 (ADS) (AKT). On March 1, 2012 filed its Answer with detailed defenses.

Remaining as federal questions in the amended complaint are:

(a) Second Claim for Relief against ABMM for Patent Infringement and

(b) Fifth Claim for Relief wherein plaintiffs allege a single federal unfair competition claim pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B) which requires evidence that defendants all misrepresent the nature, characteristics, qualities or origin of Defendants' ABMM Sequencer.

A predicate for a finding of federal unfair competition (Fifth Claim) proof of violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a) (1) (B) is evidence of current use, marketing, offer to sell, and sale of the ABMM Sequencer.

Geometrical has submitted no evidence to this Honorable Court since this case was filed on November 29, 2011 (Doc. #1 case # 11-cv-05802 (ADS)(AKT) that its claimed medical device is operable or in commerce, that it has had at any time sale or any customers who purchased the same to date or that its claimed medical device has an established reputation in the market place as a known product in commercial use or that it has created goodwill in the marketplace for its claimed medical device..

As with the Original 11/29/11 Complaint, (Doc. #1case # 11-cv-05802 (ADS) (AKT) Counts Sixth through Nineteenth are all state based claims with Eighteenth having been dismissed on 1/31/12 by Judge Spatt.

Both Federal Claims, the Second and Fifth were earlier brought up (meaning before Amended Complaint filed on 4/02/12 as Doc.#2 case # 11-cv-05802) as a complaint by Genometrica for determination and enforcement by

SUNY(RF) against Vera Gorfinkel and ABBM in December, 2011, and January, 2012

In proceedings before SUNY(RF) in December, 2011 there was commenced by Geometrical a complaint of patent Infringement and conflict of interest against both Vera Gorfinkel and ABBM and then SUNY(RF) which resulted in a determination against Geometrical .SUNY determined ABMM had no product in commerce. What occurred at SUNY (RF's) Lab was technology research in progress still incomplete with no medical device. Absent an ABMM product in commence, there could be no unfair competition.

Independently, beginning in January, 2012 SUNY(RF) itself undertook an investigation to satisfy the University that no patent infringement had occurred in Vera Gorfinkel's Laboratory at the university of any of its 12 patents based upon the ABBM research with Vera Gorfinkel as the PI between mid-2008 until June, 2011 the period of the Genometrica's research project ; SUNY concluded its investigation (in which Genometrica participated actively) an opinion of non-infringement restoring Vera Gorfinkel to her laboratory. Notwithstanding a SUNY(RF) finding of non-infringement of its 12 patents by Gorfinekel and ABMM before April 2nd, Genometrica raised the same claims in the 2nd and 5th Counts of the Amended Complaint on April 2, 2012.(Doc.20 case # 11-cv-05802 (ADS) (AKT))

The State Court Amended Complaint of May 3, 2013, removed to this Honorable Court has a time frame for events after June 2011 when the Genometrica Research Project was over and fully paid for and no further SUNY (RF) research was contracted for. Vera Gorfinekl's responsibility was to prepare the final Report for delivery to SUNY (RF) which occurred on October 5, 2012.Ralf Vayntrub requested an extra copy which was provided on a separate CD. University records indicate it was provided by SUNY(RF) to his son Alexander Vayntrub as president of Genometrica Research, Inc.

3

## STATEMENT OF FACTS

Notwithstanding the SUNY (RF) decision non-infringement of its 12 patents by the patent holder, the Licensee continued to litigate the same determined non- patent infringement issue as the " 2nd Claim for Relief in the Amended Complaint" filed with Judge Spatt on 4/02/12 adding SUNY (RF) as a Party Plaintiff under Article 7 of the License Agreement.

Forgotten by Genometrica in its Amended Pleading (Doc.#20) is the fact it earler gave sole jurisdiction to SUNY (RF) in December, 2011 to make a determination of non-infringement or not by Vera Gorfinkel of its 12 patents by filing a complaint under the terms of the License Agreement and gave all of its patent infringement evidence to the University.

Also forgotten by Genometrica, is that in December, 2011 there could be no more evidence of patent infringement against Vera Gorfinkel as Genometrica Research Project ended at SUNY(RF) six month before at Suny on June1, 2011 with its last payment for research..

Stated another way, the research project was over in June, 2011 therefore no infringement could be claimed after that date. Whatever evidence was provided SUNY (RF) in December, 2011 by Genometrica counsel is the same evidence relied upon in the 2nd Claim for Relief.

Seeking a Declaratory Judgment in the State Court on May 3, 2013 (Fourth Cause of Action) that issue preclusion occurred in January, 2012 when Genomerica provided all of its evidence of patent infringement of the 12 patents to SUNY (RF) which University then determined non-infringement on the part of Gorfinkel had occurred of its own 12 patents.

Once facts exist demonstrating issue preclusion, it is submitted Genometrica is barred from litigating the issue again and a cause of actin seeking a declaration of rights and relations of the parties is appropriate when such a dispute exists.

It is not disputed that it was Genometrica which brought on the complaint to SUNY (RF)

4

in December 2011 seeking a decision from SUNY (RF) of patent infringement under the terms of the license agreement; if there was a favorable ruling Genometrica would have sought to enforce thast decision.

Once the issue of patent infringement was decided adversely to Genometrica by SUNY (RF) in or about January, 2012 (based upon Genometrica's complaint and evidence previously provided SUNY (RF) by Betty Tufariello in December, 2011) that written finding of non-infringement closed the issue of patent infringement of the 12 SUNY (RF) patents sufficient to bar its inclusion in the Amended Complaint a few months later in April 2, 2012.

It is significant that a Patent Infringement Claim for Relief was not alleged in the original complaint of November 29, 2011; the sole federal claims were three counts of Unfair Federal competition.

Genomerica opted to add a Patent Infringement Count as its 2nd Claim for relief against all defendants (Doc.#20) to buttress an otherwise weak federal complaint (Doc#1) limited to three (3) counts of federal unfair competition and 13 state court claims. As noted earlier, the 2nd Rule 12(b) (6) motion to dismiss resulted in two of the three Unfair Federal Competition Counts being stricken by Judge Spat on January 31, 2013.

It is a proper issue in he Fourth Cause of Action, for a Declaratory Judgment whether SUNY(RF) determined on the merits and rendered a judgment that no patent infringement had occurred involving its 12 patents -- by either Vera Gorfinkel or Boris Gorbovitski or ABMM based upon a full and final hearing in which Genometrica had filed a formal complaint seeking that very determination.

5

Unhappy with SUNY(RF"s) decision in January, 2011 of non-infringement, Genometrica wants a proverbial second bite at the apple, and added Patent infringement as the 2nd Claim for Relief in the Amended Complaint.(Doc.#20)

Interference with both contractual relations and prospective economic advantage has occurred to support the First and Second Causes of Action.

By Genometrica's strategy of litigating the issues alive of patent infringement and federal unfair competition (2nd and 5th Counts in the April 2, 2012 Amended Complaint) known by Genometrica to have been found to be without a basis in fact or law by the University, has resulted in extensive compensatory damages plus damage to deponent's name and reputation at the University from her teaching colleagues to wit: a six month shutdown of Vera Gorfinkel's Lab and termination of the ABMM project and cancellation of her summer teaching assignment causing a $41,000 loss of income, even after losing on the merits.

Other damages have resulted from the naming of SUNY (RF) as a plaintiff against Vera Gorfinkel.

Most recently a $3.0 million research technology agreement was agreed to, however not signed upon discovery of the Amended Complaint on April 2, 2012. (Doc.20 case # 11-cv-05802 (ADS) (AKT)).

In the eyes of the investor, SUNY (RF) is a named plaintiff against its own tenured professor Vera Garfunkel who is a defendant therefore that allegation alone was sufficient to bar the investor from undertaking the $3.0 Million technology research assignment at Vera Lab at SUNY(RF).

## ARGUMENT

### .LEGAL STANDARD FOR DEFENSES TO A RULE 12(b)(6) MOTION MET

Vera Gorfinkel provides this Memorandum of Law brought under Rule 12(b) (6) providing evidence supporting the sufficiency of Plaintiffs' Amended Complaint dated May 3, 2013 and its Four Causes of Action.

According to Rule 8(a), a well-pled complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief. In its 2007 decision, *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), leading up to the now-renowned *Ashcroft v. Iqbal,* 550U.S 544 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) decision, the Supreme Court held that a complaint must state enough facts to state a claim to relief that is plausible on its face. *See, Twombly,* 550 U.S. at 570 (emphasis added). In *Iqbal,* the Supreme Court revisited *Twombly* and elaborated on the facial plausibility requirement:

As the Court held in *Twombly,* the pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility

and plausibility of entitlement to relief.

The Supreme Court articulated a two-step process for determining whether a complaint meets this plausibility standard. First, the court identifies allegations that are not entitled to an assumption of truth, because they are no more than conclusions. *Ashcroft v. Iqbal, Id.,* 129 S.Ct. at 1951. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. Although the pleading requirements of Rule 8 mark a notable and generous departure from the hyper-technical, code-pleading regime of a prior era ... it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. *See, Id.,* 129 S.Ct. at 1950.

Second, where well-pled factual allegations are found, the court should assume their truth and then determine whether they plausibly give rise to an entitlement to relief. See, *Ashcroft v. Iqbal,* 556 U.S. 662 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009), 129 S.Ct. at 1951

## Law: Argument

### Point I

Issue of non-infringement by Gorfinkel of SUNY"'s 12 Patents
was decided favorably to her by the University based upon a
Complaint by Genometrica found without merit and a
Fourth Cause of Action in Complaint
for Declaratory Judgment is Proper

Plaintiffs May 3, 2013 Verified complaint does contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.

Plaintiff's complaint has facial plausibility because the plaintiff has pleaded factual content that allows the court to draw the reasonable inference that the defendants are liable for the misconduct alleged

Vera Gorfinkel submits Preclusion of the patent infringement issue by SUNY(RF) with a decision of non-infringement by Vera Gorfinkel or ABMM of the University's 12 patents in January, 2012 barred Genometrica from adding Patent Infringement against them as a 2nd Claim for Relief in the 4/02/12 Amended Complaint, (See Doc. #20, 4/02/12)

It is not disputed that the Patent Holder of the 12 patents SUNY (RF) upon complaint of defendant Genometrica made in December, 2011 in writing by its attorneys Betty Tuffariello and Hofheimer, Garlir and Hoffman, LLP providing all of its evidence to the university fully and finally closed the issue in January 2012 of infringement of its 12 patents by deciding non-infringement occurred by Vera Gorfinkel and ABMM had no product.

Nor is it disputed, going one step further, SUNY (RF) rejected executing a waiver proffered by Geometrical in January, 2012 under Article 7.2 of the Research Agreement to bypass SUNY (RF) and allow venue of patent infringement and unfair competition to be decided elsewhere than SUNY (RF)

Nancy Daneau acting for SUNY(RF) the University and Foundation rejected the waiver; therefore it is not disputed in January, 2012 instigated in own inquiry into Genometrica complaint alleging that Vera Gorfinkel "robbed Ralf" i.e. "stole the technology of Genometrica" being developed at her SUNY(RF) lab in the ABBM research under a NIH grant also ongoing at SUNY(RF).

Nor is it disputed that Genometrica participated in that second investigation all stemming from its December, 2011 complaint which resulted in a full and final determination of non-infringement on that issue also, as the Genometrica research was not infringed upon by Vera Gorfinkel in the ABMM research beginning in 2008 to date.

After six months the SUNY (RF) investigation of the Genometrica complaints and its own investigation were completed, Vera Gorfinkel had a clean bill of health and all of Genometrica charges were decided adverse to Genometrica with a finding of non-infringement

SUNY (RF) between mid-2008 and June 2011 when the contract with Genometrica ended reviewing all of the evidence presented by Genometrica is December, 2011 determined nn-intervention.

If non-infringement determined, that is a proper issue for Declaratory Judgment determination contained in the Fourth Cause of Action of the Amended Complaint of May 3, 2013.

Vera Gorfinkel submits Issue Preclusion has occurred.

SUNY (RF) determined in January, 2012 that ABMM research project in Vera Gorfinkel's Lab:

(a) to be in research stage lacking a product in commerce; and

(b) Unfair competition cannot occur if no marketable product tin commerce exists.

These are proper issues for Declaratory Judgment determination contained in the Fourth Cause of Action of the Amended Complaint of May 3, 2013 sufficient to defeat a Rule 12(b)(6) motion for Summary Judgment

Based on these facts, it is submitted that finds that Vera Gorfinkel's allegations in her May 3, 2013 Amended Complaint do provide Defendants with "fair notice" of what Plaintiffs claim or claims are and, therefore, satisfy Rule 8(a)(2). See Conley, 355U.S. at 47-48 (1957). 112 *Hewlett-Packard Co. v. Intergraph Corp., 2003U.S.* Dist. LEXIS 26092, 5-7 (N.D.Cal. Sept. 6, 2003)

Law: Argument

Point II

Adding SUNY (RF) as a Party Plaintiff lacks support in law or in fact
And First and Second Causes of Action in Complaint seeking damages
For Interference with Contract and Prospective Business are proper
As Geometrical counsel admitted in Open court on 7/01/13
To Judge Tomlinson SUNY (RF) not a Party

Also proper issues are contained in the First and Second Causes of Action demonstrating interference with both contractual relations and prospective business affairs.

Substantial evidence is provided in the opposition documents submitted herewith that support Vera Garfunkel's damage claim caused by the fact that SUNY (RF) was named and added as a party plaintiff under Article 7 of the License Agreement in the Amended Complaint (Doc#20 4/02/12) although the Hofheimer Law firm and Betty Tufariello contended in open Court on May 1, 2013 before Judge Tomlinson that SUNY (RF) is not a party to the Amended Complaint's proceedings.

Judge Spatt's decision and order entered 1/31/13 (Doc.#43) allowed SUNY(RF) to be added as a party plaintiff as a procedural matter, as the License Agreement allowed for the same, however he did not determine the substantive matters raised thereafter, issue preclusion and standing as those issues were not before him.

*Citing to Ashcroft v. Iqbal, Id.,* 129 S.Ct. at 1951. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.

SUNY(RF) should never have been brought into this case as a party plaintiff in April, 2012 by Geometrica especially after SUNY(RF) rules on a Patent Infringement Complaint initiated by Genometrica in December 2011 adversely to it in January 2012 clearly demonstrating SUNY(RF) deemed Vera Gorfinkel a non-infringer plus within the intervening

12

months, SUNY(RF) also ruled no conflict of interest by Vera Gorfinkel with Genometrica's earlier research in the operation of the ABMM Lab research as its PI.

Great monetary damage has been detailed in the May 3, 2013 Gorfinkel Amended Complaint and the annexed declarations and exhibits detail what damage resulted to plaintiff Vera Gorfinkel by its inclusion.

A $3.0 million investment in research technology is documented in the opposition papers as having been cancelled caused by the intentional interfering with prospective business of the plaintiff. (See Exhibit "M")

## Law: Argument

## Point III

Defamation per se established with Ralf Vanytrub Statement to a Foundation Director (Evelyn Berezin) and Department Head (Prof. Serge Luryi) of Stealing by Vera Gorfinkel

In the case of defamation *per se*, damages need not be alleged or proven because the law presumes damages. *Intellect Art Multimedia, Inc. v. Milewski*, 24 Misc. 3d 1248(A), 899 N.Y.S.2d60 (Sup. Ct., N.Y. Co. 2009).

Under New York law, a statement is defamatory *per se* in four categories of cases:

Two are appropriate to this case

1. Charging a plaintiff with a serious crime;

2. Stating false facts that tend to injure a plaintiff in his or her business trade or Profession;

Evelyn Berezin declaration of August 16, 2013 is annexed. She is a member of the Board of Directors of Stony Brook. Ralf Vaynrub told Serge Luryi, Chair of Vera Gorfinkel's Department that Vera Gorfinkel was not to be trusted deceitful and a thief. Thief means stealing which is an accusation of commission a serious crime.

## Conclusion

The within Amended Complaint of May 3, 2013 meets the Supreme Corut's standard and sets for where well-pled factual allegations, the court is respectfully asked should assume their truth and then determine whether they plausibly give rise to an entitlement to relief.

Respectfully submitted,

/s/ Arthur Morrison

Dated: Hawthorne, New York
August 22, 2013

Arthur Morrison

Arthur Morrison, Esq
11 Skyline Drive
Hawthorne, New York 10532
914-980-7244
am2126@nyu.edu

William V. Rapp
85 River Road
Scarborough, New York 10510
william.v.rapp@njit.edu
william.rapp@law.nyu.edu

## CERTIFICATE OF SERVICE

I, Arthur Morrison Esq., hereby certify that on the 22nd day of August 2013, I caused a true And correct copy of the foregoing *Memorandum of Law Declarations and Exhibits* to be served via the Court's electronic case filing system upon all parties who have entered an appearance, and via email upon the parties listed below.

| | |
|---|---|
| Dated: Hawthorne, New York | /s/ Arthur Morrison |
| August 22, 2013, | Arthur Morrison |

To:

*Counsel for Defendants Invar Consulting Ltd., Genometrica Ltd., and Genometrica Research, Inc*

Robert Kenney, Esq.,
HOFHEIMER GARTLIR & GROSS, LLP
530 Fifth Avenue
New York, New York 10036
Telephone: (212) 818-9000
Facsimile: (212) 897-6933
Email: rkenney@hgg.com


Panagiota Betty Tufariello ,Esq.
The Law Offices of P.B. Tufariello, P.C.
25 Little Harbor Road
Mt. Sinai, NY 11766
631-476-8734
Fax: 631-476-8737
Email: 24yellow@optonline.net