Robert J. Kenney, Jr.
Rachel Sims
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Telephone: 212-885-5251
Facsimile: 917-332-3796
Email: rkenney@blankrome.com

Panagiota Betty Tufariello
INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, New York 11766
Telephone: 631-476-8734
Facsimile: 631-476-8737
Email: betty@intellectulaw.com

*Counsel for Defendant Genometrica Research, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VERA GORFINKEL,

                Plaintiff,

      -against-

RALF VAYNTRUB, INVAR CONSULTING LTD., GENOMETRICA LTD. and GENOMETRICA RESEARCH, INC.

                Defendants.

---

Case No.: 13-cv-3093 (PKC) (AKT)

# MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT GENOMETRICA RESEARCH INC.'S MOTION FOR RECONSIDERATION OF THE MEMORANDUM & ORDER ON DEFENDANTS' MOTION TO DISMISS

# TABLE OF CONTENTS

PRELIMINARY STATEMENT .................................................................................................. 1

ARGUMENT .................................................................................................................................. 2

    I.    Legal Standard ................................................................................................... 2

    II.    The Court Has Jurisdiction to Reconsider the August 2014 Order ........................ 2

        A.    The Court's Remand to State Court Did Not Divest the Court of Jurisdiction ................................................................................................ 2

        B.    The Court Has Exclusive Jurisdiction Over Plaintiff's Defamation Claim ........................................................................................................ 3

    III.    The Court Should Reconsider its Order and Dismiss Plaintiff's Defamation Claim ............................................................................................... 4

CONCLUSION ............................................................................................................................... 5

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Ahmed v. Gelfand,*
  160 F. Supp. 2d 408 (E.D.N.Y. 2001) ..................................................................................4

*Babaev v. Grossman,*
  No. 03-cv-5076, 2007 WL 3197393 (E.D.N.Y. 2007) ..........................................................2

*Baez v. Jetblue Airways,*
  745 F. Supp. 2d 214 (E.D.N.Y. 2010) ................................................................................1, 4

*Camp Summit of Summitville, Inc. v. Visinski,*
  No. 7:06-cv-04994, 2007 WL 1152894 (S.D.N.Y. Apr. 16, 2007) .......................................5

*Carlsbad Technology, Inc. v. HIF Bio, Inc.,*
  556 U.S. 635 (2009) ..............................................................................................................3

*In re WTC Disaster Site,*
  414 F.2d 352 (2d Cir. 2005) ..................................................................................................3

*Lehmuller v. Incorporated Village of Sag Habor,*
  982 F. Supp. 132 (E.D.N.Y. 1997) .......................................................................................2

*Shapiro v. Logistex USA, Inc.,*
  412 F.3d 307 (E.D.N.Y. 2005) ..............................................................................................3

*Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,*
  956 F.2d 1245 (2d Cir. 1992) ...............................................................................................2

**STATUTES**

28 U.S.C. § 1331 ........................................................................................................................4

28 U.S.C. § 1338 ........................................................................................................................4

28 U.S.C. § 1338(a) ....................................................................................................................1

28 U.S.C. § 1447(d) ...................................................................................................................3

**OTHER AUTHORITIES**

Local Civil Rule 6.3 ...................................................................................................................2

Defendant Genometrica Research, Inc.[1] ("Genometrica") respectfully submits this Memorandum of Law in Support of its Motion for Reconsideration of the Court's Memorandum and Order dated August 20, 2014 (the "August 2014 Order").

## PRELIMINARY STATEMENT

Defendant believes that the Court inadvertently overlooked the fact that it still has original and exclusive jurisdiction over Plaintiff's third cause of action for defamation under 28 U.S.C. § 1338(a). That claim involves the question of whether Plaintiff infringed patents. Plaintiff claims that she was harmed when Ralf Vayntrub allegedly told the Research Foundation of the State University of New York (the "Foundation") that she had infringed Genometrica's licensed patents (paragraphs 68 and 69 of the Verified Amended Complaint). The Court therefore has jurisdiction on that claim.

Defendant also believes that the Court inadvertently overlooked the fact that by dismissing defendant Ralf Vayntrub ("Vayntrub") from this litigation because he was never properly served, the Court also should have dismissed Plaintiff's third cause of action for defamation of character because Vayntrub is the only person who Plaintiff identified in the Complaint that purportedly made defamatory statements. Because Vayntrub is no longer a defendant in this action, Plaintiff's defamation claim necessarily fails to state a cause of action.[2] The Court should thus reconsider the August 2014 Order and either retain the case or dismiss the defamation claim.

---

[1] Pursuant to the August 2014 Order of the Court, all claims were dismissed as against defendants Invar Consulting Ltd., Genometrica Ltd., and Ralf Vayntrub for abandonment, failure to pierce the corporate veil, and insufficient service of process, respectively. *See* August 2014 Order at 7-9. Accordingly, the only remaining defendant in the above-caption matter is Genometrica Research, Inc.

[2] To sustain a cause of action for defamation, Plaintiff must "allege: (1) the making of a false defamatory statement of fact; (2) that the statement was published to a third party; (3) that the statement concerned the plaintiff; (4) that the defendant was responsible for making the statement; and (5) that the statement was per se defamatory, or cause special damages." *Baez v. Jetblue Airways*, 745 F. Supp. 2d 214, 225 (E.D.N.Y. 2010). Without the alleged statements of Vayntrub, Plaintiff fails to meet any of the elements to survive Defendant's motion to dismiss.

## ARGUMENT

### I. Legal Standard

Motions for reconsideration or reargument are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the Court. *Lehmuller v. Incorporated Village of Sag Habor*, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Such motions are justified when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). "The moving party must demonstrate that the factual matters or controlling precedent overlooked by the court were presented to it on the underlying motion." *Babaev v. Grossman*, No. 03-cv-5076, 2007 WL 3197393, at *1 (E.D.N.Y. 2007). As discussed more fully below, Defendant meets the criteria required on a motion for reconsideration or reargument.

### II. The Court Has Jurisdiction to Reconsider the August 2014 Order

Although the Court remanded this case to the state court, it still has jurisdiction to reconsider the August 2014 Order because the remand was based on the Court's decision not to exercise supplemental jurisdiction over state law claims. In the August 2014 Order, the Court explained that "having dismissed the only claim over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims." *See* August 2014 Order at 14. The Court, however, also has exclusive jurisdiction over Plaintiff's third claim because it rests on whether Plaintiff infringed on patents. In other words, the Court would need to determine whether Plaintiff infringed the patents in order to decide if Plaintiff was defamed.

#### A. The Court's Remand to State Court Did Not Divest the Court of Jurisdiction

A remand to state court based on a court's decision not to exercise supplemental

jurisdiction over state law claims is not based on a lack of subject matter jurisdiction. They thus are not barred from review by 28 U.S.C. § 1447(d).[3] *Carlsbad Technology, Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 640-41 (2009) ("when a district court remands claims to a state court after declining to exercise supplemental jurisdiction, the remand order is not based on a lack of subject-matter jurisdiction for purposes of §§ 1447(c) and (d).").

In addition, the Second Circuit has held that "review of remands not based on a defect in the procedure used for removal or in the absence of subject matter jurisdiction is not barred by § 1447(d)." *In re WTC Disaster Site*, 414 F.2d 352, 364 (2d Cir. 2005); *see also Shapiro v. Logistex USA, Inc.*, 412 F.3d 307, 313 (E.D.N.Y. 2005). It follows then that this Court still has jurisdiction over this case and can issue a decision on this motion for reconsideration despite the fact that it remanded the case to state court.

In the August 2014 Order, the Court made clear that the above-captioned matter was properly removed because Plaintiff asserted patent non-infringement, a cause of action arising under federal law. *See* August 2014 Order at 2. Additionally, the Court acknowledged that it had authority to exercise supplemental jurisdiction over Plaintiff's state-law claims. *Id.* However, the Court declined to exercise its supplemental jurisdiction after dismissing Plaintiff's patent non-infringement claim. As a result, the Court has the ability to reconsider the August 2014 Order to remand because it is not based on either defective removal or absence of subject matter jurisdiction, and therefore not barred from review by § 1447(d).

B. The Court Has Exclusive Jurisdiction Over Plaintiff's Defamation Claim

Like Plaintiff's declaratory judgment claim, Plaintiff's defamation claim is based on allegations that Plaintiff was wrongfully accused of patent infringement. Amended Complaint at

---

[3] 28 U.S.C. § 1447(d) provides: "An order remanding a case to the State court from which it was removed is not reviewing on appeal or otherwise, except that an order remanding a case to the State court from which it was removed pursuant to section 1442 or 1443 of this title shall be reviewable by appeal or otherwise."

3

¶¶ 49 - 79. The Court acknowledged that:

> "[b]ecause Plaintiff's claim for a declaratory judgment of non-infringement necessarily calls upon the Court to construe federal patent law to determine whether the patent, indeed, is infringing, it raises a substantial question of federal patent law, and the Court, therefore has federal question subject matter jurisdiction over Plaintiff's declaratory judgment claim."

August 2014 Order at 3. In order to succeed on her defamation claim, Plaintiff must prove "the making of a false defamatory statement of fact," alongside the remaining defamation elements. *Baez v. Jet Blue Airways*, 745 F. Supp. 214, 225 (E.D.N.Y. 2010). As such, the Court will be called to determine whether the patents in question were in fact infringed by Plaintiff -- giving rise to exclusive federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338. It appears that the Court overlooked the fact that it has exclusive federal-question subject-matter jurisdiction over Plaintiff's defamation claim. Accordingly, Defendant requests that the Court reconsider the August 2014 Order, and either retain the defamation and other remaining claims or dismiss Plaintiff's defamation claim outright for the reasons set forth below.

### III. The Court Should Reconsider its Order and Dismiss Plaintiff's Defamation Claim

To successfully plead a defamation claim, Plaintiff must plead a concise statement of the basis of the claim, including the substance of the purported communication, who made it, when it was made, and to whom it was communicated. *Ahmed v. Gelfand*, 160 F. Supp. 2d 408, 416 (E.D.N.Y. 2001). Plaintiff's defamation claim is based solely on alleged statements made by Vayntrub. *See* Amended Complaint at ¶¶ 60, 62, 64, 65, 68, 70, 71. Plaintiff makes no allegations of any statements made by anyone other than Vayntrub.[4] *Id.*, at ¶¶ 49-79.

---

[4] Genometrica respectfully refers the Court to Point III.C of its Memorandum of Law in Support of the Served Defendants' Motion to Dismiss the Amended Complaint dated August 1, 2013 for further discussion of Plaintiff's failure to state any facts sufficient to survive a motion to dismiss. Genometrica hereby incorporates the arguments contained in that section of the opening brief on the motion to dismiss as part of this motion and asks that the Court dismiss the defamation claim for all the reasons stated therein as well.

Because defendant Vayntrub has been dismissed from this case, Plaintiff's defamation claim fails. There are no specific allegations of false statements made by Genometrica, the only defendant left in this case. "Mere conclusory statements that the claimant was disparaged by false statements are insufficient to state a defamation claim." *Camp Summit of Summitville, Inc. v. Visinski*, No. 7:06-cv-04994, 2007 WL 1152894, at *10 (S.D.N.Y. Apr. 16, 2007) (internal citations omitted). As explained in Defendants' Motion to Dismiss, Plaintiff's failure to identify who made the alleged statements and to whom they were made is fatal to her claim. Accordingly, the Court should dismiss Plaintiff's defamation claim for failure to state a cause of action.

## CONCLUSION

WHEREFORE, Defendant Genometrica respectfully requests that the Court grant its motion in its entirety and either retain this case or dismiss Plaintiff's third cause of action for defamation of character and for such other and further relief as the Court deems to be just and proper.

Dated: New York, New York
September 3, 2014

                              Respectfully submitted,

                              **BLANK ROME LLP**

By:             /s             
     Robert J. Kenney, Jr.
     Rachel Sims
     The Chrysler Building
     405 Lexington Avenue
     New York, New York 10174-0208
     Telephone: (212) 885-5251
     Facsimile: (917) 332-3796
     Email: rkenney@blankrome.com

Panagiota Betty Tufariello
INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, New York 11766
Telephone: (631) 476-8734
Facsimile: (631) 476-8737
Email: betty@intellectulaw.com

*Counsel for Defendant Genometrica Research, Inc.*