Robert J. Kenney, Jr.
BLANK ROME LLP
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Telephone: 212-885-5251
Facsimile: 917-332-3796
Email: rkenney@blankrome.com

Panagiota Betty Tufariello
INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, New York 11766
Telephone: 631-476-8734
Facsimile: 631-476-8737
Email: betty@intellectulaw.com

*Counsel for Defendant Genometrica Research, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

VERA GORFINKEL,

    Plaintiff,

-against-

VAYNTRUB, INVAR CONSULTING LTD.,
GENOMETRICA LTD. and
GENOMETRICA RESEARCH, INC.

    Defendants.

---

Case No.: 13-cv-3093 (PKC) (AKT)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT
GENOMETRICA RESEARCH INC.'S MOTION FOR RECONSIDERATION
OF THIS COURT'S MEMORANDUM & ORDER ON DEFENDANTS' MOTION TO
DISMISS**

# TABLE OF CONTENTS

**PRELIMINARY STATEMENT** ................................................................................................. 1

**ARGUMENT** ................................................................................................................................ 1

I. GENOMETRICA'S MOTION TO RECONSIDER IS PROPER ........................................ 1

II. PLAINTIFF HAS FAILED TO ESTABLISH JUDICIAL ESTOPPEL ............................. 2

    A. Judicial Estoppel does not Apply Because the Alleged Inconsistencies by Genometrica Arise from the Same, Rather than from Separate Proceedings. ................................................................................................... 3

    B. Genometrica Did Not Take "Clearly Inconsistent" Positions in this Proceeding ..................................................................................................... 4

III. THE DEFAMATION CLAIM DOES NOT STATE A CAUSE OF ACTION AGAINST GENOMETRICA .................................................................................. 6

    A. Plaintiff's Defamation Claim Does Not Sufficiently Allege Agency ....................... 6

    B. Plaintiff's Defamation Claim Does not Allege Defamatory Statements by any Other Person with the Requisite Specificity ...................................................... 7

IV. GENOMETRICA WOULD SUFFER UNDUE PREJUDICE IF PLAINTIFF IS GIVEN LEAVE TO AMEND THIRTEEN MONTHS AFTER GENOMETRICA FILED ITS MOTION TO DISMISS .................................................................................. 8

V. PLAINTIFF'S DEFAMATION CLAIM IS BASED ON ALLEGED STATEMENTS OF PATENT INFRINGEMENT AND IS THUS WITHIN THE EXCLUSIVE JURISDICTION OF THIS COURT ............................................................. 10

**CONCLUSION** ......................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Ahmed v. Bank of America*,
　No. 09-cv-2550, 2010 WL 3824168 (E.D.N.Y. Sept. 24, 2010) ............................................. 6

*Ahmed v. Gelfand*,
　160 F. Supp. 2d 408 (E.D.N.Y. 2001) ...................................................................................... 6

*Albin v. Cosmetics Plus N.Y. Ltd.*,
　No. 97 Civ. 2670, 1997 WL 615494 (S.D.N.Y. Oct. 6, 1997) ................................................. 8

*Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*,
　704 F. Supp. 2d 177 (E.D.N.Y. 2010) .................................................................................. 2, 5

*Amusement Industry, Inc. v. Stern*,
　693 F. Supp. 2d 327 (S.D.N.Y. 2010) ...................................................................................... 6

*Bridgeway Corp. v. Citibank*,
　201 F.3d 134 (2d Cir. 2000) .......................................................................................... 3, 4, 5, 6

*Davison v. Goodwill Industries of Greater New York and Northern New Jersey, Inc.*,
　No. 10-CV-2180, 2012 WL 1067955 (E.D.N.Y. Mar. 28, 2012) ............................................. 8

*Gunn v. Minton*,
　133 S. Ct. 1059 (2013) ....................................................................................................... 10, 11

*In re Adelphia Recovery Trust*,
　634 F.3d 678 (2d Cir. 2011) ...................................................................................................... 3

*In re Ciprofloxacin Hydrochloride Antitrust Litig.*,
　166 F. Supp. 2d 740 (E.D.N.Y. 2001) .................................................................................... 10

*In re Initial Pub. Offering Secs. Litig.*,
　383 F. Supp. 2d 566 (S.D.N.Y. 2005) ...................................................................................... 2

*Itel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd.*,
　909 F.2d 698 (2d Cir. 1990) ...................................................................................................... 7

*Liguori v. Alexander*,
　495 F. Supp. 641 (S.D.N.Y. 1980) ........................................................................................... 8

*M+J Savitt, Inc. v. Savitt*,
　No. 08 Civ. 8535, 2009 WL 691278 (S.D.N.Y. Mar. 17, 2009) .............................................. 8

*Maharaj v. Bankamerica Corp.*,
   128 F.3d 94 (2d Cir. 1997)...........................................................................................3, 4, 6

*Maung Ng We v. Merrill Lynch & Co., Inc.*,
   No. 99 CIV. 9687, 2000 WL 1159835 (S.D.N.Y. Aug. 15, 2000) ............................................7

*McCarthy v. Dun & Bradstreet Corp.*,
   482 F.3d 184, 200 (2d Cir. 2007)..............................................................................................9

*OSRecovery, Inc. v. One Groupe Intern., Inc.*,
   462 F.3d 87 (2d Cir. 2006)........................................................................................................3

*Precision Assocs., Inc. v. Panalpina World Transport Ltd.*,
   No. 08-cv-42, 2011 WL 7053807 (E.D.N.Y. Jan. 4, 2011) ......................................................7

*Simon v. Safelite Glass Corp.*,
   128 F.3d 68 (2d Cir. 1997).............................................................................................3, 4, 5

*Smith v. Manhattan Club Timeshare Ass'n, Inc.*,
   944 F. Supp. 2d 244 (S.D.N.Y. 2013).......................................................................................9

*TechnoMarine SA v. Giftports, Inc.*,
   758 F.3d 493 (2d Cir. 2014)......................................................................................................9

## PRELIMINARY STATEMENT

In its Memorandum and Order dated August 20, 2014 (the "August 2014 Order"), this Court overlooked the fact that Plaintiff's defamation claim, premised on alleged false allegations of patent infringement, necessarily requires a determination on whether Plaintiff infringed the patents exclusively licensed to Defendant Genometrica Research, Inc. ("Genometrica") (the "Patents"). In other words, if Plaintiff infringed the Patents, a determination that is within the exclusive jurisdiction of the federal courts, then her defamation claim fails as a matter of law.

Similarly, after this Court dismissed Ralf Vayntrub ("Vayntrub") from this action, it also overlooked the fact that Plaintiff made her defamation allegations against Vayntrub only -- not Genometrica, the sole remaining defendant in this case. As a result, the Court should have also dismissed the defamation claim.

The Amended Complaint: (a) provides this Court with jurisdiction over the defamation claim; (b) contains allegations of defamation only against Vayntrub, who is no longer a defendant; and (c) does not support an agency relationship between Vayntrub and Genometrica. Recognizing these deficiencies Plaintiff, at this very late juncture, now asks this Court for permission to amend. The Court should not allow Plaintiff to re-draft its defective Amended Complaint nearly 13 months after Defendant filed its motion to dismiss and 16 months after Plaintiff filed the Amended Complaint. Alternatively, if this Court allows Plaintiff to amend her defamation claim, the Court should maintain its exclusive jurisdiction over it, and supplemental jurisdiction over the remaining claims.

## ARGUMENT

### I. <u>GENOMETRICA'S MOTION TO RECONSIDER IS PROPER</u>

Plaintiff claims that Genometrica "asserts new theories" in its motion for reconsideration without identifying "the need to correct a clear error." Plaintiff plainly misrepresents

141864.00601/7445789v.1

Genometrica's motion. In its August 2014 Order, this Court dismissed all claims against Vayntrub, Invar Consulting Ltd., and Genometrica Ltd., leaving only the claims against Genometrica. The Court also determined that Plaintiff's declaratory judgment claim was within the exclusive jurisdiction of the federal court, and then dismissed the claim "because it fail[ed] to state a cause of action and because the requested declaratory relief [was] unnecessary and inappropriate given the pendency of the Related Case." [See Doc. No. 54, at 10]. This Court then declined to exercise supplemental jurisdiction over the remaining three claims without fully examining them -- in particular Plaintiff's defamation claim.

But the Court overlooked that it has exclusive jurisdiction over Plaintiff's defamation claim because it requires the Court to determine whether Plaintiff infringed the Patents. This argument is not a new theory, as Plaintiff claims. Instead, it is the same argument that Genometrica raised in response to this Court's March 24, 2014 Order to Show Cause. In that response, Genometrica argued that this Court had exclusive jurisdiction over the defamation claim. [See Doc. No. 45, at 21-23].

This Court also overlooked that once it dismissed Vayntrub, Plaintiff's allegations were too vague to sustain its defamation claim against Genometrica -- an argument that Genometrica raised in its motion to dismiss papers. The Court did not address this argument in the August 2014 Order. Genometrica's request for reconsideration from this Court is proper.

## II. PLAINTIFF HAS FAILED TO ESTABLISH JUDICIAL ESTOPPEL

Judicial estoppel is a "rare remedy" that is used to "avoid inconsistent outcomes and to prevent litigants from abusing the power of this Court." *In re Initial Pub. Offering Secs. Litig.*, 383 F. Supp. 2d 566, 574 (S.D.N.Y. 2005); *see also Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, CV 05-5155, 2010 WL 985201, at *6 (E.D.N.Y. Mar. 15, 2010) (courts "must apply" judicial estoppel "with caution" and the "'determinative factor'" is whether the

2

litigant 'intentionally misled this Court to gain an unfair advantage'").

The party invoking judicial estoppel must establish that: (1) the "party against whom the estoppel is asserted took an inconsistent position in a prior proceeding;" (2) "that position was adopted by the first tribunal in some manner" (*Bridgeway Corp. v. Citibank*, 201 F.3d 134, 141 (2d Cir. 2000)); and (3) "the party asserting the two positions would derive an unfair advantage against the party seeking estoppel" (*In re Adelphia Recovery Trust*, 634 F.3d 678, 696 (2d Cir. 2011)) (citations omitted).

### A. Judicial Estoppel does not Apply Because the Alleged Inconsistencies by Genometrica Arise from the Same, Rather than from Separate Proceedings.

Judicial estoppel is "inapplicable" where "any inconsistencies appear limited to the same proceeding." *OSRecovery, Inc. v. One Groupe Intern., Inc.*, 462 F.3d 87, 93, fn.3 (2d Cir. 2006); *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 72 (2d Cir. 1997) (judicial estoppel "only applies when a tribunal in a *prior* proceeding has accepted the claim at issue . . . "); *Maharaj v. Bankamerica Corp.*, 128 F.3d 94, 98 (2d Cir. 1997) (the purpose of judicial estoppel is "to preclude the risk of inconsistent results in *separate* legal proceedings") (emphasis added); *Bridgeway*, 201 F.3d at 141 (the movant must establish that the alleged inconsistent position was adopted by "the first tribunal").

Plaintiff alleges that Genometrica has taken inconsistent positions in the same proceeding before this Court, rather than in "separate" proceedings as required by Second Circuit precedent (*see* Plaintiff' Memorandum of Law in Opposition "Pl. Opp.", at 5-8). Accordingly, Plaintiff's judicial estoppel argument fails as a matter of law. *See OSRecovery*, 462 F.3d at 93, fn.3 (judicial estoppel is "inapplicable" where "any inconsistencies appear limited to the same proceeding"); *see also Simon*, 128 F.3d at 72; *Maharaj*, 128 F.3d at 98; *Bridgeway*, 201 F.3d at 141 (all noting that the alleged inconsistencies must arise from separate proceedings). This

3

Court need not decide the alleged inconsistencies by Genometrica because they cannot form the basis of judicial estoppel. *See Maharaj*, 128 F.3d at 98 ("When any of the[] elements are missing, judicial estoppel does not apply").

### B. Genometrica Did Not Take "Clearly Inconsistent" Positions in this Proceeding.

Nevertheless, Plaintiff's argument that Genometrica has taken inconsistent positions is baseless. Judicial estoppel requires "clear inconsistency" between the party's "present and former positions." That element is absent here. *Bridgeway*, 201 F.3d at 141. If the alleged inconsistent "statements can be reconciled," judicial estoppel does not apply. *Simon*, 128 F.3d at 72-73.

Fully aware of that fact, Plaintiff has misrepresented Genometrica's arguments on its motion to dismiss. In its motion to dismiss, Genometrica argued, *inter alia*, that the claims against Invar Consulting Ltd. and Genometrica Ltd. should be dismissed because Plaintiff had not alleged sufficient facts to pierce the corporate veil against those entities [see Doc. No. 35]. Genometrica also mentioned Plaintiff's claims against Vayntrub and incorporated the same veil-piercing argument by reference in footnote 3 in the event that the Court found that he was properly served. Genometrica did not fully address all of the claims against him because Plaintiff had not served Vayntrub [see Doc. No. 35, at 15]. Those arguments are not "clearly inconsistent" with Genometrica's current argument that the defamation claim should be dismissed because Plaintiff has alleged acts of defamation against Vayntrub, who was recently dismissed from this case. *See Bridgeway*, 201 F.3d at 141 (the Second Circuit declined to apply judicial estoppel because there was no "clear inconsistency"); *Simon*, 128 F.3d at 72-73 (if the alleged inconsistent "statements can be reconciled," judicial estoppel does not apply); *Am. Mfrs. Mut. Ins. Co. v. Payton Lane Nursing Home, Inc.*, 704 F. Supp. 2d 177, 194 (E.D.N.Y. 2010)

4

(judicial estoppel does not apply "if the statements or positions in question can be reconciled in *some way* . . . ") (citations omitted) (emphasis added). As discussed more fully below, she has not sufficiently alleged any defamatory acts against any other person or entity.

Plaintiff argues that in its July 2, 2013 Order denying Gorfinkel's motion to remand this action, this Court held that Gorfinkel's defamation claim does not give rise to federal question jurisdiction. According to Plaintiff, since Genometrica previously argued that the July 2, 2013 Order constitutes the law of the case, Genometrica is somehow now precluded from arguing that Gorfinkel's defamation claim gives rise to exclusive jurisdiction. Plaintiff's arguments could not be further from the truth. Plaintiff fails to note the fact that this Court *sua sponte* denied her motion to remand. Genometrica never took a position on the motion at all -- let alone a "clearly inconsistent" position. *See Bridgeway*, 201 F.3d at 141 (there must be a "clear inconsistency" between the party's "present and former positions"). The reason is simple: Genometrica did not have an opportunity to take a position on the motion. Genometrica can hardly have argued inconsistently when it did not argue at all.

Moreover, Plaintiff fails to note that in responding to this Court's March 24, 2014 Order to Show Cause, Genometrica specifically argued, *inter alia*, that the defamation claim was one of several bases for this Court to exercise original and exclusive jurisdiction [see Doc. No. 45, at 10, Point II]. Genometrica argued that "[b]oth the Initial Complaint and the Amended Complaint set forth multiple bases for this Court's subject matter jurisdiction" and "a required element of Plaintiff's [defamation] claim . . . necessarily depends on a substantial question of federal patent law." [Doc. No. 45, at 2, 10-18]. In other words, the first time that Genometrica had an opportunity to specifically and fully address this Court's jurisdiction, it argued that the defamation claim provided this Court with original and exclusive jurisdiction. Genometrica's

5

current argument that this Court has exclusive jurisdiction over the defamation claim is exactly the same as its prior arguments. *See Maharaj*, 128 F.3d at 99 (judicial estoppel did not apply because plaintiff's prior position was not "clearly inconsistent" with later position).[1] Plaintiff's judicial estoppel argument easily fails.

### III. THE DEFAMATION CLAIM DOES NOT STATE A CAUSE OF ACTION AGAINST GENOMETRICA

While a plaintiff may not be required to plead defamation in considerable detail, the law still requires a plaintiff to state the substance of the purported communication, who made the communication, when it was made, and to whom it was communicated. *See Ahmed v. Gelfand*, 160 F.Supp.2d 408, 416 (E.D.N.Y. 2001) (dismissing plaintiff's defamation claims because plaintiff did not identify which defendant made the supposedly defamatory statements, when the statements were made, or to which other employees the statements were communicated). "Mere conclusory statements that the claimant was disparaged by false statements are insufficient to state a defamation claim." *Ahmed v. Bank of America*, No. 09-cv-2550, 2010 WL 3824168, at *4 (E.D.N.Y. Sept. 24, 2010). As discussed below, Plaintiff does not state any facts sufficient to state a claim against Genometrica.

#### A. Plaintiff's Defamation Claim Does Not Sufficiently Allege Agency

An agency relationship is formed on "the actual interaction between the putative principal and agent, not on any perception a third party may have of the relationship." *Amusement Industry, Inc. v. Stern*, 693 F. Supp. 2d 327, 344 (S.D.N.Y. 2010) (citing *Itel Containers Int'l Corp. v. Atlanttrafik Express Serv. Ltd.*, 909 F.2d 698, 702 (2d Cir. 1990)). While in the appropriate case, a plaintiff may survive a motion to dismiss by raising a sufficient inference of an agency relationship, "conclusory and generic statements that do not even provide the barest

---

[1] Plaintiff's judicial estoppel claim also fails because Plaintiff has not established that an alleged prior inconsistent position by Genometrica "was adopted by the first tribunal in some manner." *Bridgeway*, 201 F.3d at 141.

6

allegations as to the elements of the agency relationship" do not give rise to such a sufficient inference in this case. *Precision Assocs., Inc. v. Panalpina World Transport Ltd.*, No. 08-cv-42, 2011 WL 7053807, at *18 (E.D.N.Y. Jan. 4, 2011).

In her Amended Complaint, Plaintiff has failed to plead any facts or make any allegations about the interactions between Genometrica and Vayntrub.[2] Instead, Plaintiff concludes that Vayntrub acted "on behalf of the other named defendants" -- and did not even name which ones. (Pl. Opp., at 18 citing to Amended Complaint ¶¶ 83, 84, 89.) Plaintiff's mere legal conclusions do not allege an agency relationship sufficient to survive a motion to dismiss. *See Precision Assocs.*, 2011 WL 7053807, at *18 (allegation that defendants' conduct was "authorized, ordered, or done by their officers, agents, employees, or representatives" was conclusory and not sufficient to survive motion to dismiss); *Maung Ng We v. Merrill Lynch & Co., Inc.*, No. 99 CIV. 9687, 2000 WL 1159835, at *5 (S.D.N.Y. Aug. 15, 2000) ("Plaintiffs must do more than state the legal conclusion that MLIB was the defendants' agent, it must plead facts to support a finding that such agency existed."). Plaintiff's defamation cannot withstand legal scrutiny for that reason.

### B. Plaintiff's Defamation Claim Does not Allege Defamatory Statements by any Other Person with the Requisite Specificity

Plaintiff argues that her Amended Complaint contains sufficient allegations of defamation by individuals other than Vayntrub. This argument is unsubstantiated and unsupported by the law. Outside of Plaintiff's defamation claim (see Amended Complaint ¶¶ 49-79), which refers only to alleged statements by Vayntrub, only four paragraphs make any reference to defamation. Paragraphs 4, 16, 17, and 43 of the Amended Complaint allege that

---

[2] Additionally, Plaintiff argues that Genometrica's agents accused her of stealing and being liar and a thief, which supposedly amount to defamation *per se*. Even assuming, without conceding, that the cases cited stand for that proposition, Plaintiff's argument fails because the Amended Complaint does not allege that Genometrica's agents made p statements.

7

"defendants' personnel" and "defendants" "spread false information," "rumors, lies, and innuendo." In fact, she has not named a single additional person or entity that might be held responsible for defamation. Her broad allegations about employees or other defendants are too vague to survive a motion to dismiss. Those allegations may very well have been pointed at Invar or Genometrica Ltd., who are no longer parties to this case. The allegations are insufficient.

As a result, these allegations fail to "afford defendant [Genometrica] sufficient notice of the communications complained of to enable him to defend himself" because they fail to give notice as to which of the four defendants were responsible for the alleged acts. *Liguori v. Alexander*, 495 F. Supp. 641, 647 (S.D.N.Y. 1980). Moreover, the accusation of spreading false information, rumors, lies, and innuendo are conclusory at best. *See Davison v. Goodwill Industries of Greater New York and Northern New Jersey, Inc.*, No. 10-CV-2180, 2012 WL 1067955, at *3 (E.D.N.Y. Mar. 28, 2012) ("a claimant's mere conclusory statement that he or she was disparaged by false statements is insufficient to state a defamation claim."). The Court should dismiss the defamation claim for that reason as well.

And the cases[3] Plaintiff cited are factually distinguishable. They address situations where the courts found that the plaintiffs had sufficiently pleaded who the recipients of the alleged defamatory statements were. That is quite different from this case where Plaintiff has failed to sufficiently identify the speaker(s) and the nature of the alleged defamatory statements.

### IV. GENOMETRICA WOULD SUFFER UNDUE PREJUDICE IF PLAINTIFF IS GIVEN LEAVE TO AMEND THIRTEEN MONTHS AFTER GENOMETRICA FILED ITS MOTION TO DISMISS

Realizing the meritless nature of her arguments, Plaintiff requests leave to amend her

---

[3] *Albin v. Cosmetics Plus N.Y. Ltd.*, No. 97 Civ. 2670, 1997 WL 615494 (S.D.N.Y. Oct. 6, 1997) and *M+J Savitt, Inc. v. Savitt*, No. 08 Civ. 8535, 2009 WL 691278 (S.D.N.Y. Mar. 17, 2009).

8

Amended Complaint. A motion to amend may be denied for good reason, including "bad faith, undue delay, or undue prejudice to the opposing party." *TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) *(citing McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007)). A court "plainly has discretion to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F.Supp.2d 244, 256 (S.D.N.Y. 2013) (citations omitted).

Plaintiff has made her request to amend 13 months after Genometrica's Motion to Dismiss, 16 months after she filed its Amended Complaint, and 34 months after she first initiated this action. From the inception of this action, Defendant's attorneys made Plaintiff aware that Vayntrub had not been properly served in this action. [See Doc. No. 35 - 8 (requests made by defendants' counsel for proof service of the Summons and Amended Complaint)]. Despite being aware of this deficiency, Plaintiff did not attempt either to serve Vayntrub or to amend her complaint to allege sufficient allegations of defamation against any of the other named defendants. Plaintiff should not now be allowed to amend her defamation claim when she was fully aware of the deficiency, did not correct the deficiency, and offers no justification for this belated request. To allow Plaintiff to amend under these circumstances would only encourage dilatory practices. *See Smith*, 944 F.Supp.2d at 257-58 (denying plaintiff's request to amend because plaintiff failed to offer a satisfactory explanation for failure to recognize the deficiencies of her filing or her subsequent delay in leave seeking to amend, despite the fact that defendants placed plaintiff on notice of the deficiency.) Plaintiff's request to amend is tacit evidence that the Amended Complaint, in its current state, fails to state a defamation claim. The Court should dismiss it.

9

## V. PLAINTIFF'S DEFAMATION CLAIM IS BASED ON ALLEGED STATEMENTS OF PATENT INFRINGEMENT AND IS THUS WITHIN THE EXCLUSIVE JURISDICTION OF THIS COURT

Plaintiff argues that this Court does not have exclusive jurisdiction over her defamation claim because the claim does not "necessarily give rise to a patent issue" because it has additional grounds upon which it can claim defamation. Plaintiff is incorrect because her defamation claim as it currently stands is based on the alleged statements of Vayntrub that Plaintiff infringed upon the Patents. Plaintiff fails to note that any alternate theories of defamation against Genometrica are not contained in the Amended Complaint, but rather are included for the first time in her opposition papers to Genometrica's motion to reconsider. Accordingly, Plaintiff's argument of alternate theories is meritless and the case[4] she relies upon to support that argument are inapplicable.

*Gunn v. Minton*, 133 S. Ct. 1059 (2013), a legal malpractice case upon which Plaintiff heavily relies to argue that the patent issue in this case is "not substantial enough for the purposes of § 1338," is also distinguishable. In *Gunn*, the Federal Circuit had already decided the patent infringement issue. 133 S.Ct. at 1062-63, 1066-67. The state court only had to determine whether failing to raise a defense can constitute malpractice. The Supreme Court found that the malpractice issue was not substantial -- especially since the Federal Circuit had determined the defense was waived. Unlike *Gunn*, no court has determined infringement issue. The Related Case that carries the infringement claim is still ongoing. And the state court does not have jurisdiction to decide that infringement issue. The *Gunn* case did not present the danger of inconsistent findings on patent-infringement like this one would if the defamation claim was decided in state court. This Court has exclusive and original jurisdiction of the defamation claim.

---

[4] *In re Ciprofloxacin Hydrochloride Antitrust Litig.*, 166 F. Supp. 2d 740, 747 (E.D.N.Y. 2001)

## CONCLUSION

WHEREFORE, Defendant Genometrica respectfully requests that this Court grant its motion in its entirety and dismiss Plaintiff's third cause of action for defamation of character. In the event that this Court declines to dismiss Plaintiff's defamation claim, Defendant Genometrica respectfully requests that this Court exercise its exclusive and supplemental jurisdiction over Plaintiff's remaining three claims. Defendants also respectfully requests for such other and further relief as this Court deems to be just and proper.

Dated: New York, New York
October 9, 2014

Respectfully submitted,

**BLANK ROME LLP**

By: _____ *RK*
Robert J. Kenney, Jr.
The Chrysler Building
405 Lexington Avenue
New York, New York 10174-0208
Telephone: (212) 885-5251
Facsimile: (917) 332-3796
Email: rkenney@blankrome.com

Panagiota Betty Tufariello
INTELLECTULAW
THE LAW OFFICES OF P.B. TUFARIELLO, P.C.
25 Little Harbor Road
Mount Sinai, New York 11766
Telephone: (631) 476-8734
Facsimile: (631) 476-8737
Email: betty@intellectulaw.com

*Counsel for Defendant Genometrica Research, Inc.*