UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x

VERA GORFINKEL,

                        Plaintiff,

-against-

RALF VAYNTRUB, INVAR CONSULTING
LTD., GENOMETRICA LTD., and
GENOMETRICA RESEARCH, INC.,

                        Defendants.

----------------------------------------------------------------x

**MEMORANDUM & ORDER ON DEFENDANT'S MOTION FOR RECONSIDERATION**

13-CV-3093 (PKC)

PAMELA K. CHEN, United States District Judge:

This Court presumes the parties' familiarity with the facts in this case, as well as its decision *granting* Defendants' motion to dismiss with respect to (1) Count Four of the Amended Complaint, seeking a declaratory judgment of non-infringement; (2) all claims against Defendants Invar and Genometrica Limited; and (3) all claims against Defendant Vayntrub. (Dkt. 54 at 15.) In that decision, the Court also declined to exercise supplemental jurisdiction over the remaining state law claims against Defendant Genometrica Research, Inc. ("Genometrica"), which were *remanded* to State court. (*Id.*) On September 3, 2014, Genometrica moved for reconsideration of the Court's decision, arguing, in part, that the Court should have retained jurisdiction over Plaintiff's state law defamation claim against Genometrica. (Dkt. 56-1 ("Def. Rec. Mem.") at 3-4.)[1] For the reasons set forth below, Genometrica's motion is DENIED.

---

[1] Genometrica's request, in its entirety, is that "the Court reconsider the August 2014 Order, and either retain the defamation and other remaining [state law] claims or dismiss Plaintiff's

**DISCUSSION**

As an initial matter, Genometrica's motion is timely. Under Local Rule 6.3, motions for reconsideration and memoranda of law in support of such motions must be served "*within fourteen (14) days* after the entry of the Court's determination of the original motion." Local Rule 6.3 (emphasis added). The Order to which Genometrica now objects was issued on August 20, 2014, and Genometrica made the instant motion on September 3, 2014, less than 14 days after the underlying Order. (Dkt. 56.)

Motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Local Rule 6.3 must be narrowly construed and strictly applied so as to avoid duplicative rulings on previously considered issues, and may not be used as a substitute for appealing a final judgment. *Lopez v. Comm'r of Soc. Sec.,* No. 01 Civ. 0183, 2002 WL 465298, at *1 (S.D.N.Y. Mar. 27, 2002). The decision to grant or deny the motion rests in the discretion of the district court. *AT&T Corp. v. Cmty. Network Servs. Inc.,* No. 97 Civ. 316, 2000 WL 1174992, at *1 (S.D.N.Y. Aug. 18, 2000).

In support of its motion, Genometrica argues that the Court "inadvertently overlooked the fact that it still retains original and exclusive jurisdiction over Plaintiff's third cause of action for defamation under 28 U.S.C. §1338(a)" because "[t]hat claim involves the question of whether Plaintiff infringed patents."[2] (Def. Rec. Mem. at 1). Genometrica reasons that in order to

---

defamation claim outright[.]" (Def. Rec. Mem. at 4.) Because the Court declines to reconsider its decision remanding Plaintiff's defamation and other state law claims, Genometrica's request to dismiss the defamation claim is moot.

[2] Plaintiff's defamation claim is based on (1) Vayntrub's alleged statement to Professor Serge Luryi that Plaintiff had "robbed" him; and (2) alleged statements by Genometrica personnel to

succeed on her defamation claim, Plaintiff must prove "the making of a false defamatory statement of fact," which requires a determination of whether Plaintiff infringed Genometrica's patents, an issue over which this Court has exclusive federal-question subject matter jurisdiction. (*Id.*) That the resolution of Plaintiff's defamation claim *may* require a determination of whether Plaintiff infringed Genometrica's patents, however, is insufficient to establish federal jurisdiction.

Federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress. *Gunn v. Minton*, 133 S. Ct. 1059, 1065, 185 L. Ed. 2d 72 (2013). Where all four of these requirements are met, jurisdiction is proper because there is a "serious federal interest in claiming the advantages thought to be inherent in a federal forum." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 313 (2005).

Under the test set forth in *Gunn,* the Court does not have federal jurisdiction over Plaintiff's defamation claim because the claim does not "necessarily" raise the federal patent issue. A district court's federal-question jurisdiction exists if a case "arises under" patent law, such that a well-pleaded complaint establishes either (1) "federal patent law creates the cause of action;" or (2) "the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *In re DDAVP Direct Purchaser Antitrust Litig.,* 585 F.3d 677, 684-85 (2d Cir. 2009) (quoting *Christianson v. Colt Indus. Operating Corp.,* 486 U.S. 800, 808-09, (1988)). The *Christianson* Court articulated that, if patent law is not an essential element of the plaintiff's

---

employees in Plaintiff's lab that Plaintiff "was to be terminated from SUNY" and that she was "engaged in illegal activities." (Dkt. 1-15 ¶¶ 14, 62.)

theory of recovery, those claims do not "arise under" federal patent law. *Christianson*, 486 U.S. at 810.

Plaintiff's defamation claim does not rely solely or substantially on Vayntrub's allegedly false statement that Plaintiff infringed on Genometrica's patents. The claim is broader, including allegations of corporate theft, misappropriation, lying and dishonesty. *See supra* footnote 2.[3] Patent law is not essential to assessing the falsity of these statements for purposes of a defamation claim. Therefore, Plaintiff's defamation claim does not necessarily raise a patent law issue under *Gunn*, such that the Court has federal jurisdiction over that state law claim.

## CONCLUSION

Accordingly, Genometrica's motion for reconsideration is DENIED.

SO ORDERED:

/s/ Pamela K. Chen
PAMELA K. CHEN
United States District Judge

Dated: October 17, 2014
　　　　Brooklyn, New York

---

[3] Although moot, Genometrica's argument that Plaintiff's defamation claim should be dismissed because the now-dismissed Defendant Vayntrub was the only person who made defamatory statements about Plaintiff, is similarly based on an inaccurate characterization of Plaintiff's claim. In the Complaint, Plaintiff alleged that, in addition to Vayntrub, Genometrica personnel made defamatory remarks, *e.g.*, that Plaintiff was going to be terminated from SUNY and that she was engaging in "illegal activities." *See supra* footnote 2. Furthermore, Vayntrub's dismissal as a defendant based on defective service of process would not necessarily preclude Plaintiff from offering evidence of Vayntrub's statements in support of her defamation claim against Genometrica, given that Vayntrub was its founder and president. (Dkt. 1 ¶ 2.)

4